IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Case No. _____

| | | |
|---|---|---|
| Baronius Press, Ltd. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **VERIFIED** |
| Saint Benedict Press LLC, | ) | **COMPLAINT** |
| | ) | |
|     Defendant. | ) | |
| | ) | |

Plaintiff Baronius Press, Ltd. (the "**Plaintiff**"), by and through the undersigned counsel, allege upon personal knowledge as to themselves and their own acts, and upon information and belief with respect as to all other matters, as follows:

## THE PARTIES

1. Baronius Press, Ltd. ("**Plaintiff**" or "**Baronius Press**") is a corporation organized and existing under and by virtue of the laws of the Isle of Man, British Isles.

2. Plaintiff is informed and believes and therefore alleges that Saint Benedict Press, LLC ("**Defendant**" or "**Saint Benedict**") is a limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, doing business as TAN Books and possibly other names, with a principal place of business at 615 E. Westinghouse Boulevard, Charlotte, North Carolina 28273, and doing business throughout the state of North Carolina, including in counties located within the Western District of North Carolina.

## PRELIMINARY STATEMENT

3. After obtaining exclusive licensing rights to publish an English translation of the German original work *Grundriß der katholischen Dogmatik*, and purchasing the copyright to the

1

English translation entitled *Fundamentals of Catholic Dogma*, on April 26, 2013, Plaintiff served upon Defendant a Notice of Intent to Enforce (NIE) a Copyright Restored Under the Uruguay Round Agreements Act (Public Law No.103-465, 108 Stat. 4809).

4. When Defendant received the Notice of Intent to Enforce, it did not have any stock of *Fundamentals of Catholic Dogma,* yet continued to advertise that it would soon be releasing a new edition of *Fundamentals of Catholic Dogma* under its own name.

5. Thereafter, Plaintiff made multiple unsuccessful attempts to resolve this dispute with Defendant.

6. In March 2014, almost a year after receiving the Notice of Intent to Enforce, Defendant advertised, published and sold *Fundamentals of Catholic Dogma* under its own name.

7. Defendant's conduct as alleged herein has been intentional and knowingly committed since receiving Plaintiff's Notice of Intent to Enforce resulting in Defendant's willful infringement of Plaintiff's copyright.

8. Plaintiff has exhausted dispute resolution means and now seeks damages to address Defendant's willful acts of copyright infringement.

## JURISDICTION AND VENUE

9. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

10. The complained of actions set out below took place in, among other places, the Western District of North Carolina, at Defendant's principal place of business in Charlotte, North Carolina.

2

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendant because, among other things, Defendant is located and doing business in this State and judicial district, committed infringing acts in this State and judicial district, and caused and continues to cause harm to Plaintiff in this State and judicial district.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a) since some, or all, of the conduct which is the subject of this Complaint occurred within the counties of the Western District of North Carolina.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiff's Background

14. Plaintiff Baronius Press is a publisher of traditional Catholic books and Bibles and was established in 2002.

15. Plaintiff Baronius Press is well known for updating and republishing a number of titles that were previously out of print for many decades.

16. Currently, Plaintiff Baronius Press has published over forty-five (45) titles.

### Obtaining and Registering Rights to *Fundamentals of Catholic Dogma*

17. In 2009, Plaintiff Baronius Press signed an agreement with Nova et Vetera and obtained exclusive rights to publish the English translation entitled *Fundamentals of Catholic Dogma* of the German original work entitled *Grundriß der katholischen Dogmatik*.

18. Seminary of the diocese of Eichstätt ("**Seminary**") in Germany is the owner of the copyright of the underlying work entitled *Grundriß der katholischen Dogmatik*.

3

19. Seminary granted exclusive controlling rights for both the German original work and the right to publish an English translation of the original German text to Nova et Vetera for the remaining duration of the copyright.

20. In 2009, Nova et Vetera granted Plaintiff Baronius Press exclusive rights to publish the English version of *Grundriß der katholischen Dogmatik*, which continue today.

21. Plaintiff Baronius Press knew that its exclusive rights to publish the English version of *Grundriß der katholischen Dogmatik* was valuable to its business, and efforts were made to protect it.

22. Prior to any publication of the English version of *Grundriß der katholischen Dogmatik,* Plaintiff Baronius Press registered the original German work entitled *Grundriß der katholischen Dogmatik* with the United States Copyright Office, and received Copyright Certificate TX-6-484-646, which was issued on February 21, 2014. A copy of that Certificate of Registration is attached hereto as **Exhibit 1** and incorporated herein by reference.

23. In 2010, Plaintiff Baronius Press purchased the copyright to the English language translation by Dr. Patrick Lynch (edited by James Canon Bastible, D.D.) of *Fundamentals of Catholic Dogma* from Mercier Press of Ireland.

24. Prior to any publication of the English language translation by Dr. Patrick Lynch (edited by James Canon Bastible, D.D.) of *Fundamentals of Catholic Dogma*, Plaintiff Baronius Press registered its English language translation with the United States Copyright Office, and received Copyright Certificate TX-6-484-647, which was issued on February 21, 2014. A copy of that Certificate of Registration is attached hereto as **Exhibit 2** and incorporated herein by reference.

### Saint Benedict Press' Appreciation and Infringement of *Fundamentals of Catholic Dogma*

25. *Fundamentals of Catholic Dogma* was in the public domain in the USA from 1954, until its copyright was restored on January 1, 1996 under the Uruguay Round Agreements Act (Public Law No.103-465, 108 Stat. 4809).

26. Defendant began publishing *Fundamentals of Catholic Dogma* in 1974.

27. Upon information and belief, Defendant stopped publishing *Fundamentals of Catholic Dogma* for extended periods after 1996.

28. Upon information and belief, Defendant stopped publishing and selling *Fundamentals of Catholic Dogma* in early 2011 because it sold its entire existing stock of *Fundamentals of Catholic Dogma*.

29. On April 26, 2013, Plaintiff served upon Defendant a Notice of Intent to Enforce on *Fundamentals of Catholic Dogma*. A copy of the Notice of Intent to Enforce is attached and incorporated hereto as **Exhibit 3**.

30. As a result, on receipt of the Notice of Intent to Enforce, Defendant automatically lost, forfeited and surrendered any rights it may have had as a reliance party under 104A(d)(3) of Title 17 of the US Code.

31. After losing, forfeiting and surrendering such rights, Defendant realized the commercial value of *Fundamentals of Catholic Dogma*, and despite knowing that all exclusive rights were with the Plaintiff, Defendant unsuccessfully attempted to acquire such rights to publish the *Fundamentals of Catholic Dogma* from whomever it thought might give them.

5

Case 3:16-cv-00695-GCM   Document 1   Filed 09/29/16   Page 5 of 10

32. Upon information and belief, Defendant made a calculated decision that it would nevertheless publish *Fundamentals of Catholic Dogma* despite not having the necessary rights to do so.

## Baronius Press Discovery of the Infringement

33. Defendant and Plaintiff are competitors in the traditional Catholic books and Bibles publishing industry.

34. Just like in any industry, from time to time Plaintiff analyzes the current and potential competitors and their products.

35. Upon information and belief, at some point in early 2011, Defendant was out of stock of *Fundamentals of Catholic Dogma*.

36. When visiting Defendant's website in March 2013, Plaintiff discovered that Defendant was advertising to others that it was currently out of stock of *Fundamentals of Catholic Dogma* and that it would soon be releasing a new edition of *Fundamentals of Catholic Dogma* under its own name.

37. After making such discovery of Defendant's conduct, Plaintiff contacted Defendant and provided notices to it that Defendant did not have any rights to publish *Fundamentals of Catholic Dogma* in the United States. A copy of Plaintiff's notice of copyright infringement and demand letters to Defendant are attached and incorporated hereto collectively as **Exhibit 4**.

38. On or about March 17, 2014, Plaintiff discovered that Defendant advertised that it was selling a reprint of *Fundamentals of Catholic Dogma* under its own name.

6

Case 3:16-cv-00695-GCM   Document 1   Filed 09/29/16   Page 6 of 10

39. At the time Defendant was advertising and selling a reprint of *Fundamentals of Catholic Dogma* under its own name, Defendant had been in receipt of the Notice of Intent to Enforce for almost a year.

40. Despite receiving actual and constructive notices of Plaintiff's exclusive United States rights to publish *Fundamentals of Catholic Dogma,* Defendant began publishing *Fundamentals of Catholic Dogma* on or about March 17, 2014.

41. Plaintiff's investigation into Defendant's activities regarding other potential breaches of Plaintiff's copyright(s) is ongoing, and upon information and belief, there may be additional acts of infringement or unlawful activity by the Defendant. Plaintiff reserves its right to amend its Verified Complaint upon completion of its investigation.

### *Defendant's Continued Infringement After Notice*

42. After being notified by Plaintiff of its infringement (see **Exhibit 4**), Defendant continued, and continues as of the filing of this complaint, to knowingly and willfully infringe Plaintiff's copyright by advertising, and selling copies of, *Fundamentals of Catholic Dogma* under its own name in the United States. A copy of Defendant's advertisement is attached and incorporated hereto as **Exhibit 5**.

43. Defendant has also been knowingly and intentionally advertising and selling unauthorized copies of *Fundamentals of Catholic Dogma* in other jurisdictions, including but not limited to the United Kingdom, Australia, Philippines and Canada, despite Defendant's own claim on its website that "The title is available for US Distribution only".

(The remaining portion of this page is intentionally left blank.)

## COUNT I - WILLFUL COPYRIGHT INFRINGEMENT

44. Each allegation of this Complaint is incorporated herein by reference as though fully set forth herein.

45. Plaintiff is the owner of the English translation copyright in *Fundamentals of Catholic Dogma* and licensee of the right to publish an English translation of the German original work *Grundriß der katholischen Dogmatik*, which literary work is the subject of two (2) existing copyright registrations that are in full force and effect, and both were obtained prior to the date when the infringements alleged herein commenced.

46. Defendant copied *Fundamentals of Catholic Dogma* without the consent and authorization from Plaintiff.

47. Defendant is advertising and selling its copies of *Fundamentals of Catholic Dogma* in the United States and elsewhere under its own name.

48. Defendant's conduct as alleged herein is an infringement of Plaintiff's exclusive United States rights to *Fundamentals of Catholic Dogma*.

49. Through its conduct set out herein, Defendant has infringed Plaintiff's copyright in the exclusive United States publication rights to *Fundamentals of Catholic Dogma* in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

50. Through its choice to advertise, publish and sell infringing copies of *Fundamentals of Catholic Dogma* in the United States through sources other than Plaintiff, Defendant has damaged and harmed the financial interests of Plaintiff, and has itself profited.

51. Through the conduct set out herein, Defendant has contributed to the infringements of third parties including the entity that created the copies of *Fundamentals of*
8

*Catholic Dogma* and the entity that printed the copies of *Fundamentals of Catholic Dogma* and the entities that advertised *Fundamentals of Catholic Dogma*; and Defendant benefited therefrom and is vicariously liable therefor.

52. The acts of infringement complained of herein were willful, intentional and purposeful, in disregard of Plaintiff's rights.

53. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

54. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting with respect to such profits.

55. Plaintiff further is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

56. Defendant's continuance of the infringing conduct after notice gives rise to substantial, and irreparable injury, for which there is no adequate remedy at law. In the absence of an injunction, Defendant is likely to persist in or return to its infringing conduct. Plaintiff is entitled to permanent injunctive relief to restrain and enjoin Defendant's infringing conduct.

## PRAYER FOR RELIEF; JURY DEMAND

WHEREFORE, Plaintiff demands trial by jury as to all issues so triable and the following relief:

a. That Defendant be required to account for Defendant's profits, and for all third-party profits to which Defendant contributed, and to pay over to Plaintiff all such profits;

b. That Defendant be required to pay to Plaintiff all monies lost by Plaintiff on account of the infringements complained of herein;

c. That Plaintiff be awarded all other damages to which they are entitled;

d. That in the alternative Plaintiff be awarded statutory damages;

e. That Defendant, its officers and agents, and all those acting in concert with it be enjoined from infringing Plaintiff's works;

f. That Plaintiff be awarded its attorneys' fees, and costs, together with interest on the award; and

g. That Plaintiff receives such other and further relief as to the Court may seem just.

Respectfully submitted this 29th day of September, 2016.

                        Attorneys for Plaintiff

                        /s/ Mark W. Ishman
                        Mark W. Ishman
                        NC Bar No. 27908
                        ISHMAN LAW FIRM, P.C.
                        9660 Falls of Neuse Road, Box 138-350
                        Raleigh, North Carolina 27615
                        Telephone: (919) 468-3266
                        mishman@ishmanlaw.com