**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:16-cv-00695-GCM**

| | | |
|---|---|---|
| BARONIUS PRESS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT SAINT BENEDICT PRESS, LLC'S ANSWER TO THE FIRST AMENDED VERIFIED COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| SAINT BENEDICT PRESS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Saint Benedict Press, LLC ("Saint Benedict Press"), answering the First Amended Verified Complaint, alleges and says:

**FIRST DEFENSE**

Answering the correspondingly numbered allegations of Plaintiff's First Amended Verified Complaint, Defendant states as follows:

1. Paragraph 1 is admitted upon information and belief.

2. Answering paragraph 2, it is admitted that Defendant Saint Benedict Press, LLC is a North Carolina limited liability company with its principal place of business located at 13315 Carowinds Blvd., Suite Q, Charlotte, North Carolina 28273 and that it does business as TAN Books. It is further admitted that Defendant provides goods to customers throughout North Carolina, including counties located within the Western District of North Carolina and that, like other publishers, it has used and uses various imprints. Except as admitted, paragraph 2 is denied.

3. Answering paragraph 3, it is admitted that in 2013 Defendant received two documents titled "Notice of Intent to Enforce (NIE) a Copyright Restored Under the Uruguay Round Agreements Act (URAA)." Defendant does not have knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of paragraph 3, and those allegations are therefore denied.

4. Answering paragraph 4, it is admitted that in April of 2013 Defendant advertised on its website that the book titled *Fundamentals of Catholic Dogma* by Dr. Ludwig Ott was "temporarily out of stock" and that a new "HARDBOUND EDITION" would be available for shipment by "Summer 2013." Defendant denies the allegation that it did not have any "stock of *Fundamentals of Catholic Dogma,"* when it received the two documents titled "Notice of Intent to Enforce (NIE) a Copyright Restored Under the Uruguay Round Agreements Act (URAA)." Except as admitted, paragraph 4 is denied.

5. Answering paragraph 5, it is admitted that Plaintiff and Defendant exchanged correspondence regarding this dispute on more than one occasion prior to Plaintiff filing the First Amended Verified Complaint. Except as admitted, paragraph 5 is denied.

6. Answering paragraph 6, it is admitted that Defendant through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since August of 1974. Except as admitted, paragraph 6 is denied.

7. Answering paragraph 7, it is admitted that Defendant through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has had the legal and/or contractual right to advertise, publish, distribute or sell *Fundamentals of Catholic Dogma* since August of 1974. Except as admitted, paragraph 7 is denied.

8. Answering paragraph 8, it is admitted that Plaintiff and Defendant were unable to resolve this dispute prior to Plaintiff filing the First Amended Verified Complaint. It is further admitted that Plaintiff has filed a First Amended Verified Complaint alleging that Defendant has

committed willful acts of copyright infringement and seeking damages for the same, which Defendant denies. Except as admitted, paragraph 8 is denied.

9. Paragraph 9 is admitted.

10. Answering paragraph 10, it is admitted that Defendant's principal place of business is in Charlotte, North Carolina, which is in the jurisdiction of the Western District of North Carolina. It is further admitted that Defendant has advertised, sold and distributed *Fundamentals of Catholic Dogma* from its principal place of business. Except as admitted, paragraph 10 is denied.

11. Paragraph 11 is admitted.

12. Answering paragraph 12, it is admitted that Defendant's principal place of business is in Charlotte, North Carolina, which is in the jurisdiction of the Western District of North Carolina. Except as admitted, paragraph 12 is denied.

13. Answering paragraph 13, it is admitted that Defendant's principal place of business is in Charlotte, North Carolina, which is in the jurisdiction of the Western District of North Carolina. It is further admitted that Defendant has advertised, sold and distributed *Fundamentals of Catholic Dogma* from its principal place of business. The remainder of paragraph 13 is a legal conclusion for which no response is required. To the extent that the remainder of paragraph 13 requires a response, paragraph 13 is denied.

14. Paragraph 14 is admitted upon Defendant's information and belief.

15. Answering paragraph 15, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15, and those allegations are therefore denied.

16. Answering paragraph 16, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16, and those allegations are therefore denied.

17. Answering paragraph 17, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17, and those allegations are therefore denied.

18. Answering paragraph 18, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18, and those allegations are therefore denied.

19. Answering paragraph 19, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19, and those allegations are therefore denied.

20. Answering paragraph 20, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20, and those allegations are therefore denied.

21. Answering paragraph 21, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21, and those allegations are therefore denied.

22. Answering paragraph 22, it is denied that Plaintiff applied for, or received, a registration from the United States Copyright Office for work titled *Grundriß der katholischen Dogmatick*, prior to "any publication of the English version." It is admitted that Exhibit 1 to the First Amended Verified Complaint is in writing and speaks for itself. Defendant does not have

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22, and those allegations are therefore denied.

23. Answering paragraph 23, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 23, and those allegations are therefore denied.

24. Answering paragraph 24, it is denied that Plaintiff applied for, or received, a registration from the United States Copyright Office for the English translation by Dr. Patrick Lynch (edited by James Canon Bastible, D.D.) of *Fundamentals of Catholic Dogma* “prior to any publication” of the work. It is admitted that Exhibit 2 to the First Amended Verified Complaint is in writing and speaks for itself. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24, and those allegations are therefore denied.

25. Answering paragraph 25, it is admitted that *Fundamentals of Catholic Dogma* entered the public domain in the United States of America. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25, and those allegations are therefore denied.

26. Paragraph 26 is admitted.

27. Answering paragraph 27, it is admitted that for a trivial period of time Defendant stated on its website and in its catalog that *Fundamentals of Catholic Dogma* was temporarily out of stock, but during that period of time Defendant continued to advertise, distribute and take orders for the work. Except as admitted, paragraph 27 is denied.

28. Answering paragraph 28, it is admitted that for a trivial period of time Defendant stated on its website and in its catalog that *Fundamentals of Catholic Dogma* was temporarily out

of stock, but during that period of time Defendant continued to advertise, distribute and take orders for the work. Except as admitted, paragraph 28 is denied.

29. Answering paragraph 29, it is admitted that in April of 2013 Defendant received two documents titled "Notice of Intent to Enforce (NIE) a Copyright Restored Under the Uruguay Round Agreements Act (URAA)." It is further admitted that Exhibit 3 to the First Amended Verified Complaint is in writing and speaks for itself. Except as admitted, paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Answering paragraph 32, it is admitted that Defendant through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since August of 1974. Except as admitted, paragraph 32 is denied.

33. Paragraph 33 is admitted.

34. Answering paragraph 34, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34, and those allegations are therefore denied.

35. Paragraph 35 is denied.

36. Answering paragraph 36, it is admitted that in 2013 Defendant advertised on its website that the book titled *Fundamentals of Catholic Dogma* by Dr. Ludwig Ott was "temporarily out of stock" and that a new "HARDBOUND EDITION" would be available for shipment by "Summer 2013." It is further admitted that during that period of time, Defendant continued to advertise, distribute and accept orders for the work. Defendant does not have knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36, and those allegations are therefore denied.

37. Answering paragraph 37, it is admitted that Plaintiff and Defendant exchanged correspondence regarding *Fundamentals of Catholic Dogma* prior to Plaintiff filing the First Amended Verified Complaint. It is further admitted that Exhibit 4 to the First Amended Verified Complaint is in writing and speaks for itself. Except as admitted, paragraph 37 is denied.

38. Answering paragraph 38, it is admitted that Defendant through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since August of 1974. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 38, and those allegations are therefore denied.

39. Answering paragraph 39, it is admitted that Defendant through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since August of 1974. It is further admitted that in April of 2013 Defendant received two documents titled "Notice of Intent to Enforce (NIE) a Copyright Restored Under the Uruguay Round Agreements Act (URAA)." Except as admitted, paragraph 39 is denied.

40. Answering paragraph 40, it is admitted that Defendant has had the contractual and/or legal rights to publish *Fundamentals of Catholic Dogma* since August of 1974. It is further admitted that Defendant, through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since August of 1974. Except as admitted, paragraph 40 is denied.

41. Answering paragraph 41, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 41, and those allegations are therefore denied.

42. Answering paragraph 42, it is admitted that Defendant has had the contractual and/or legal rights to publish *Fundamentals of Catholic Dogma* since August of 1974. It is further admitted that Defendant, through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, distributed, published or sold *Fundamentals of Catholic Dogma* since August of 1974. It is further admitted that Exhibits 4 and 5 to the First Amended Verified Complaint are in writing and speak for themselves. Except as admitted, paragraph 42 is denied.

43. Answering paragraph 43, it is admitted that Defendant has had the contractual and/or legal rights to publish *Fundamentals of Catholic Dogma* since August of 1974. It is further admitted that Defendant, through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since 1974, and may have on some occasions sold or distributed copies to customers located outside of the United States. It is further admitted that Defendant's website states that "The title is available for US Distribution only." Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and those allegations are therefore denied.

44. Answering paragraph 44, Defendant re-pleads and incorporates herein by reference its preceding responses to paragraphs 1 through 43 of the First Amended Verified Complaint. Except as admitted, paragraph 44 is denied.

45. Answering paragraph 45, Defendant denies that copyright registrations for the works were obtained prior to the date when the alleged infringements took place. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45, and those allegations are therefore denied.

46. Answering paragraph 46, it is admitted that Defendant has advertised, published, distributed, and sold *Fundamentals of Catholic Dogma* and taken other similar acts since August of 1974, without Plaintiff's consent or authorization, but with the belief that Defendant was acting within its legal rights to do so. Except as admitted, paragraph 46 is denied.

47. Answering paragraph 47, it is admitted that Defendant has had the contractual and/or legal rights to publish *Fundamentals of Catholic Dogma* since August of 1974. It is further admitted that Defendant, through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since 1974, and may have on some occasions, sold or distributed copies to customers located outside of the United States. Except as admitted, paragraph 47 is denied.

48. Paragraph 48 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 48 is denied.

49. Paragraph 49 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 49 is denied.

50. Answering paragraph 50, it is admitted that Defendant, through its own acts and the acts of its predecessor in interest, TAN Books and Publishers, Inc., has advertised, published, distributed or sold *Fundamentals of Catholic Dogma* since 1974. Defendant denies that its actions infringed on any copyright belonging to Plaintiff. Defendant does not have knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50, and those allegations are therefore denied.

51. Paragraph 51 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied

55. Paragraph 55 is denied.

56. Paragraph 56 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 56 is denied.

57. Answering paragraph 57, Defendant re-pleads and incorporates herein by reference its preceding responses to paragraphs 1 through 56 of the First Amended Verified Complaint. Except as admitted, paragraph 57 is denied.

58. Paragraph 58 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 58 is denied.

59. Paragraph 59 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 59 is denied.

60. Answering paragraph 60, it is admitted that Plaintiff and Defendant are competitors in the book publishing business. Except as admitted, paragraph 60 is denied.

61. Answering paragraph 61, Defendant re-pleads and incorporates herein by reference its responses to paragraphs 14 through 56 of the First Amended Verified Complaint. Except as admitted, paragraph 61, including all subparts, is denied.

62. Paragraph 62 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 62 is denied.

63. Paragraph 63, including all subparts, is denied.

64. Paragraph 64, including all subparts, is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is a legal conclusion for which no response is required. To the extent a response is required, paragraph 66 is denied.

67. Paragraph 67 is denied.

**SECOND DEFENSE**

Count II of the First Amended Verified Complaint asserting a claim for unfair and deceptive trade practices under N.C. Gen. Stat. §75.1 *et. seq.*, North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), fails to state a claim for which relief may be granted and should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff's UDTPA claim is not qualitatively different from its copyright infringement claim, and Plaintiff's UDTPA claim is therefore preempted by the United States Copyright Act, 17 U.S.C. §301. Pursuant to LCvR 7.1(C)(1), Defendant hereby preserves its right to file a separate Fed.R.Civ.P. 12(b)(6) motion to dismiss and a supporting brief, and will do so at a later time.

**THIRD DEFENSE**

Plaintiff filed the Verified Complaint and First Amended Verified Complaint, more than three years after Plaintiff's claims accrued, and some or all of Plaintiff's claims and/or damages are therefore barred by the statute of limitations.

**FOURTH DEFENSE**

If it is found that Plaintiff is the rightful owner of a restored copyright of the work at issue, then Defendant is entitled to a mandatory license under 17 U.S.C. §104A(d)(3)(B) as Defendant is a reliance party under 17 U.S.C. §104A(d)(3) and has been exploiting an existing derivative of the restored work since before the enactment of the Uruguay Round Agreements Act. Defendant has offered reasonable compensation to Plaintiff for use of the work pursuant to 17 U.S.C. §104A(d)(3)(A)(ii), which Plaintiff has rejected; therefore, Defendant asks the court to set the reasonable compensation for Defendant's use of the work.

**FIFTH DEFENSE**

If Defendant is not found to be a reliance party under 17 U.S.C. §104A(d)(3) then Defendant is a reliance party under 17 U.S.C. §104A(d)(2)(B)(ii) and Defendant's damages, if any, are limited to those acts which took place more than 12 months after Defendant received the notice of intent to enforce a restored copyright.

**SIXTH DEFENSE**

*Fundamentals of Catholic Dogma* does not qualify for restoration under 17 U.S.C. §104A because, Defendant is informed and believes, it was published in the United States within 30 days of its publication in Ireland and therefore does not meet the definition of a restored work under 17 U.S.C. §104A(h)(6) and its copyright has not restored. Because *Fundamentals of Catholic Dogma* does not meet the definition of a restored work under 17 U.S.C. §104A(h)(6), it remains in the public domain.

**SEVENTH DEFENSE**

17 U.S.C. §104A(d)(4) and 17 U.S.C. §412 bar Plaintiff from recovering statutory damages or attorney's fees. Plaintiff is not entitled to statutory damages or attorney's fees because the acts

that Plaintiff claims are infringing on its allegedly restored copyright are part of an ongoing series of acts that Defendant, through its predecessor, commenced before the alleged date of restoration.

**EIGHT DEFENSE**

The Defendant is informed and believes that the alleged copyrights identified in the First Amended Verified Complaint are invalid, void and unenforceable.

**NINTH DEFENSE**

Defendant denies any infringement of any valid, enforceable copyrighted works identified in the First Amended Verified Complaint.

**TENTH DEFENSE**

Defendant specifically denies infringing upon any valid copyright held by the Plaintiff, but states in the alternative that if there was an infringement Defendant was not aware that its actions constituted an infringement, such infringement was not willful, Defendant acted in good faith with innocent intent and any award of damages should be reduced to reflect the same.

**ELEVENTH DEFENSE**

Should it be found that the copyright in *Fundamentals of Catholic Dogma* did restore, which is again denied, then Defendant is informed and believes that Plaintiff is not the author or the initial rightholder of *Fundamentals of Catholic Dogma*, nor does Plaintiff own any exclusive rights therein and therefore Plaintiff cannot enforce the restored copyright.

**TWELFTH DEFENSE**

Upon information and belief Defendant, not Plaintiff, is the rightful owner of the rights in *Fundamentals of Catholic Dogma*.

## THIRTEENTH DEFENSE

Should Defendant be found to be infringing, which is again denied, then Plaintiff is not entitled to, and should not be granted, injunctive relief because of Plaintiff's undue delay in bringing its claims as Plaintiff waited more than three years after allegedly discovering Defendant's alleged actions before filing its Verified Complaint, or First Amended Verified Complaint.

Defendant reserves the right to assert additional defenses as discovery continues in this action.

WHEREFORE, having moved to dismiss Plaintiff's UDTPA claim, and fully answered the First Amended Verified Complaint, Defendant Saint Benedict Press, LLC prays that:

1. Defendant's Motion to Dismiss be granted;

2. Plaintiff's claims and action be dismissed, with prejudice;

3. The Court set the reasonable compensation Defendant should pay, if any, pursuant to 17 U.S.C. §104A(d)(3)(A)(ii);

4. The Court find the copyright registrations filed by Plaintiff invalid and order the Plaintiff to request their cancellation;

5. All issues be tried by a jury;

6. Defendant have and recover its costs, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

7. Defendant have and recover such other and further relief as the Court deems just and proper.

This the 4th day of January, 2017.


/s/ Jonathan E. Buchan
Jonathan E. Buchan, N.C. State Bar No. 8205
Natalie D. Potter, N.C. State Bar No. 34574
Attorneys for Defendant
Essex Richards, PA
1701 South Blvd.
Charlotte, NC 28203
Telephone: (704) 377-4300
Fax: (704) 372-1357
Email: jbuchan@essexrichards.com
Email: npotter@essexrichard.com

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed this document through the CM/ECF system, which will send a notice of electronic filing to:

Mark W. Ishman
Ishman Law Firm, P.C.
mishman@ishmanlaw.com
*Attorney for Plaintiff*

This the 4th day of January 2017.

/s/ Jonathan E. Buchan

Jonathan E. Buchan, N.C. State Bar No. 8205
Natalie D. Potter, N.C. State Bar No. 34574
Attorneys for Defendant
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203
Telephone: (704) 377-4300
Fax: (704) 372-1357
Email: jbuchan@essexrichards.com
Email: npotter@essexrichards.com