**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:16-cv-00695-GCM**

| | | |
|---|---|---|
| BARONIUS PRESS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| SAINT BENEDICT PRESS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Saint Benedict Press, LLC ("Saint Benedict"), by and through its undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss Count II of Plaintiff Baronius Press, LTD.'s ("Baronius") First Amended Verified Complaint.

## STATEMENT OF THE CASE

Baronius filed its First Amended Verified Complaint (ECF 16) on December 21, 2016, purporting to state two claims for relief, one for willful violation of the United States Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §101 (2017), and one for violation of N.C. Gen. Stat. §75.1 *et. seq.*, often referred to as North Carolina Unfair and Deceptive Trade Practices Act ("UDTP"). The claims are identified in the First Amended Verified Complaint as Count I and Count II, respectively. (ECF 16, ¶¶ 44-56, 57-67). Saint Benedict has filed its Answer denying all allegations that could give rise to liability. (ECF 17). Saint Benedict has also filed a Rule 12(b)(6) Motion to Dismiss Count II of Baronius' First Amended Verified Complaint on the basis that Count II is preempted by the Copyright Act. Saint Benedict submits this brief in support of its Motion to Dismiss Count II of the First Amended Verified Complaint.

## **STATEMENT OF THE FACTS**

Baronius is a corporation organized and existing under the laws of the Isle of Man, British Isles, and is a publisher of Catholic books and Bibles. (ECF 16, ¶¶ 1, 14). Baronius alleges it has acquired the exclusive right to publish the English translation of a book titled *Fundamentals of Catholic Dogma* of the German original book titled *Grundriβ der katholischen Dogmatick.* (ECF 16, ¶¶ 17, 20, 23). Baronius also alleges that in 2014 it obtained valid United States copyright registrations for both the English translation (the "Work") and the original German work. (ECF 16, ¶¶ 22, 24, Exhibits 1 and 2).

Saint Benedict is a North Carolina Limited Liability Company with its principal place of business in Charlotte, North Carolina. (ECF 16, ¶ 2). Like Baronius, Saint Benedict is a publisher of traditional Catholic books. (ECF 16, ¶ 33). Saint Benedict, through its predecessor, began publishing the Work in 1974. (ECF 16, ¶ 26).

Baronius alleges that Saint Benedict has violated the Copyright Act and infringed upon Baronius' copyrights by the unauthorized copying, publishing, advertising, and selling of the Work. (ECF 16, ¶¶ 6, 7, 9, 30, 32, 36-56). In its Count II, Baronius further alleges that Saint Benedict's unauthorized copying and selling of the Work was done "in order to deceptively gain something of value from Plaintiff and unfairly compete against Plaintiff" in violation of N.C. Gen. Stat. §75.1 *et. seq*., which makes unfair methods of competition and unfair and deceptive acts or practices unlawful. (ECF 16, ¶¶ 57-67). Saint Benedict has moved to dismiss the state UDTP claim on the grounds that it is preempted by the Copyright Act.

## SUMMARY OF THE ARGUMENT

Baronius' state law UDTP claim is preempted by the federal Copyright Act for the simple reason that Baronius has failed to allege in support of its UDTP claim any elements or facts above and beyond those necessary to establish a prima facie case for copyright infringement. Its UDTP claim is not qualitatively different from its claim for copyright infringement and is, therefore, preempted by the Copyright Act. Plaintiff's UDTP claim asserted in Count II of the First Amended Verified Complaint should, therefore, be dismissed.

## MOTION TO DISMISS STANDARD

The purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the sufficiency of the complaint and is "not to resolve contests surrounding the facts, the merits of a claim or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *United Healthcare Servs. v. Richards*, No. 3:09-CV-215, 2010 U.S. Dist. LEXIS 104318, at *6 (W.D.N.C. July 2, 2010); *Rutledge v. High Point Reg'l Health Sys.*, 558 F. Supp. 2d 611, 616 (M.D.N.C. 2008). While the non-movant's factual allegations are presumed true for purposes of the motion, legal conclusions disguised as factual allegations are not entitled to the same presumption, and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements' of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1948-49 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)); *United Healthcare Servs.*, 2010 U.S. Dist. LEXIS 104318, at *7; *Rutledge*, 558 F. Supp. 2d at 616.

## ARGUMENT

Count II of Baronius' complaint for relief for violation of North Carolina's UDTP statute fails to state a claim for which relief can be granted because (1) Count II is based on conclusory

allegations which merely present a formulaic recitation of the elements of that claim, and (2) the UDTP claim is preempted by the Copyright Act.

The Copyright Act, 17 U.S.C. § 301(a), states in part:

> On and after January 1, 1978, all legal or equitable rights that are the equivalent to any of the exclusive rights within the general scope of copyright…in works of authorship that are fixed in tangible medium of expression and come within the subject matter of copyright… are governed exclusively by this title. Thereafter, no person is entitled to any such rights or equivalent right in any such work under the common law or statutes of any State.

The Copyright Act is one of the few federal statutes with enough force to completely preempt a state law claim. *Rosciszewski v. Arete Assocs*., 1 F.3d 225, 232 (4th Cir. 1993) (holding that the Virginia Computer Crimes Act was preempted by the Copyright Act where the core of both causes of action was the unauthorized copying of a computer program). When deciding if a state law claim is preempted by the Copyright Act, the court determines whether: (1) the work is "within the scope of the subject-matter of copyright…" and (2) whether "the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright…."*Id.* at 229 (internal citations omitted).

Baronius alleges that it applied for and has obtained a valid copyright registration for the Work[1] and contends that Saint Benedict has committed willful copyright infringement by publishing, advertising, copying, and selling the Work without Baronius' authorization. (ECF 16, ¶¶ 24, 44-56, Exhibit 2). A work is within the scope of the subject-matter of copyright if it is an

[1] Baronius alleges in its First Amended Verified Complaint that it has obtained valid U.S. Copyright registrations for both the German work entitled *Grundriβ der katholischen Dogmatick* and the English translation of the German work entitled *Fundamentals of Catholic Dogma* (referred to as the "Work" in this Memorandum in Support of Defendant's Motion to Dismiss) (ECF 16, ¶¶ 22, 24, Exhibits 1 and 2). Because Plaintiff has not alleged that Defendant has infringed on its rights to the German work, it is not addressed in this memorandum.

original work of authorship fixed in a tangible medium of expression, such as a literary work. 17 U.S.C. §102(a). Although Saint Benedict denies that Baronius has a valid copyright in the Work (Answer, ¶¶ 3, 17, 19, 20, 23, 22, 24), for the purpose of this Motion to Dismiss, Baronius' allegations must be taken as true. *Ashcroft*, 556 U.S. at 678.

Because Baronius claims to have a valid copyright, and the Work is a literary work, the Work falls "within the subject matter of copyright" and the first prong of the preemption test is satisfied. 17 U.S.C. §102(a)(1); *Rutledge*, 558 F. Supp. 2d at 617.

To determine if the remaining prong of the preemption test is met, the Fourth Circuit applies the "extra element" test:

> State-law claims that infringe one of the exclusive rights contained in [17 U.S.C.] §106 are preempted by [17 U.S.C.] §301(a) if the right defined by state law may be abridged by an act which, in and of itself, would infringe one of the exclusive rights…. However, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action,… there is no preemption, provided that the extra element changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim.

*Rosciszewski*, 1 F.3d at 229-30 (emphasis in original) (internal citations omitted); *Rutledge,* 558 F. Supp. 2d at 617. Pursuant to 17 U.S.C. § 106, an owner of a copyright has the exclusive right to (1) reproduce the work, (2) prepare derivative works based on the work, (3) distribute copies of the work, (4) perform the work publicly, (5) display the work publicly and (6) in the case of sound recordings, perform the work publicly by means of digital audio transmission. *Id*.

Therefore, state law claims that assert infringement of one of the exclusive rights outlined in 17 U.S.C. §106 are preempted by the Copyright Act if the rights granted by state law are equivalent to any of the exclusive rights granted by 17 U.S.C. §106. *Bell v. E. Davis Int'l, Inc.,* 197 F. Supp. 2d 449, 463 (W.D.N.C. 2002) (holding that plaintiff's UDTP claim was preempted by the Copyright Act because plaintiff was not "required to prove any 'extra element' under the

North Carolina law."), *aff'd*, 45 Fed. Appx. 253 (4th Cir. 2002); *Rutledge*, 558 F. Supp. 2d at 621 (holding that plaintiff's North Carolina UDTP claim was preempted by the Copyright Act because the UDTP claim rested on nothing more than "the unauthorized reproduction, display and distribution of the allegedly protected materials.").

In applying the "extra element" test, the Fourth Circuit compares the "required" or "necessary" elements of the state law claim to the Copyright Act. *Rosciszewski*, 1 F.3d at 229-30; *Rutledge*, 558 F. Supp. 2d at 618. To avoid preemption, the extra element must be such that it causes the state law claim to stand apart from the copyright infringement claim, and the state law claim must incorporate elements <u>beyond</u> those necessary to prove copyright infringement. *Rosciszewski*, 1 F.3d at 230; *Bell*, 197 F. Supp. 2d at 463. In cases "[w]here courts have found an extra element sufficient to avoid preemption, the record often, but not always, reflects a separate cause of action alleging the additional claim." *Rutledge*, 558 F. Supp. 2d at 617-18. It is noteworthy that no such separate cause of action is alleged here.

To establish a <u>copyright infringement claim</u>, a plaintiff must show that plaintiff holds a valid copyright and "encroachment on one of the exclusive section 106 rights conferred by the copyright." *Id.* at 619. To establish an <u>unfair and deceptive trade practices claim</u>, a plaintiff must show that: (1) the defendant engaged in conduct that was unfair or deceptive; (2) the complained of act were in and affecting commerce; and (3) the act injured the plaintiff. N.C. Gen. Stat. §75.1 (2016); *Dalton v. Camp*, 353 N.C. 647, 655-56, 548 S.E.2d 704, 710 (2001).

Baronius' UDTP claim fails because Baronius has not alleged any elements sufficient to establish that its UDTP claim is *qualitatively* different from its copyright infringement claim. *Rosciszewski*, 1 F.3d at 229-30 (finding plaintiff's Virginia Computer Crimes Act claim preempted by the Copyright Act where the core of the claim is the unauthorized copying of a

computer program); *Iconbazaar, L.L.C. v. Am. Online, Inc*., 308 F. Supp. 2d 630, 637 (M.D.N.C. 2004) (dismissing plaintiff's North Carolina UDTP claim and finding it preempted by the Copyright Act because "there are no additional elements *required* in order to state an unfair trade practices claim than there are required to state a copyright claim.") (emphasis in original); *Bell*, 197 F. Supp. 2d. at 463 (finding that plaintiff's North Carolina UDTP claim was preempted by the Copyright Act because plaintiff was not required to prove any extra element to establish the UDTP claim); *Blood v. Titan Sports, Inc.*, No. 3:94-CV-307, 1997 U.S. Dist. LEXIS 24485 (W.D.N.C. May 13, 1997) (finding that all of plaintiff's state law claims, including plaintiff's UDTP claim, were preempted by the Copyright Act because the claims did not require elements beyond those necessary to prove copyright infringement).

Here, Baronius has not alleged any elements in support of its UDTP claim other than those necessary to establish a copyright infringement claim. In fact, Baronius has essentially conceded that this case is nothing more than a copyright infringement case. In its First Amended Verified Complaint, Baronius states, "Plaintiff…now seeks damages to address Defendant's willful acts of copyright infringement" and "This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States…." (ECF 16, ¶¶ 8-9). Baronius' UDTP claim requires nothing more than the same elements required to establish a copyright infringement claim because all copyright infringement claims require that the plaintiff allege that the defendant committed an act that was unfair or deceptive or misrepresentative, was in and affecting commerce, and that resulted in an injury to the plaintiff. *See Bell,* 197 F. Supp. 2d. at 463 (finding that plaintiff's North Carolina UDTP claim was preempted by the Copyright Act because plaintiff was not required to prove any extra element to establish a UDTP claim); *Rutledge*, 558 F. Supp. 2d at 620 (finding that North Carolina UDTP

claim does not require an element in addition to those necessary to constitute a prima facie claim of copyright infringement).

Even those courts that appear to have looked beyond the "elements" of the claims and considered the underlying factual allegations of the state law claims have consistently found that the UDTP claim is preempted by the Copyright Act unless the plaintiff makes a factual allegation that makes the UDTP claim *qualitatively* different from the copyright claim. *Rutledge*, 558 F. Supp. 2d at 620. Such "extra elements" in an unfair competition claim that might avoid preemption include allegations of a "breach of fiduciary duty, breach of a confidential relationship, [or] palming off of the defendant's products as those of the plaintiff's," none of which are alleged here. [2] *Id*. at 617; *Old S. Home Co. v. Keystone Realty Grp*., 233 F. Supp. 2d 734, 737-39 (M.D.N.C. 2002) (dismissing plaintiff's North Carolina UDTP claim and finding it preempted by the Copyright Act because plaintiff did not allege that defendants "violated any right other than the exclusive rights guaranteed under Section 106 of Copyright Act."); *Blood,* 1997 U.S. Dist. LEXIS 24485, at *32 (finding that plaintiff failed to show -- as a legal or factual matter -- why his state law claims [including his UDTP claim] were not preempted by the Copyright Act). *Cf. Innovative Med. Prods. v. Felmet*, 472 F. Supp. 2d 678, 683-84 (M.D.N.C. 2006) (denying copyright preemption where plaintiff alleged more than the "unfair copying and

[2] "Palming off" or "passing off" occurs when the defendant misrepresents to the public that a work created by the defendant was created by the plaintiff – as when an infringer sells a lookalike of a name brand product and advertises it as being manufactured by the owner of the name brand. "Reverse palming off" or "reverse passing off" occurs when the defendant represents to the public that the alleged copyrighted work is his own. *Rutledge*, 558 F. Supp. 2d at 620-21; 1.1 *Nimmer on Copyright* §1.01 (2015). An allegation of palming off or passing off may avoid the preemption of a UDTP claim, but an allegation of reverse palming off or reverse passing off will not avoid preemption, since these allegations are common to a copyright claim. *Rutledge*, 558 F. Supp. 2d at 621.

distribution of copies" inherent in a copyright claim, and, in addition, alleged that defendant "passed off" its goods as those of the plaintiff).

Baronius' UDTP claim is preempted regardless of whether the court analyzes solely the elements of the UDTP claim or, in addition, considers the "facts" Baronius has alleged to support them. Should the court look only to the necessary and required elements of the claim – as in *Rosciszewski*, *Iconbazaar,* and *Bell,* Baronius' UDTP claim should be dismissed because the UDTP claim does not require any extra element so as to make the claim qualitatively different from the copyright infringement claim. Likewise, Baronius has not alleged any facts sufficient to save the UDTP claim from preemption. Baronius' UDTP claim rests entirely on Defendant's alleged copying, advertising, publishing, and selling of Baronius' work, which is the crux of a copyright infringement claim. *Old S. Home Co.*, 233 F. Supp. 2d at 737 (holding that allegations that defendant infringed plaintiff's copyrights in order to unfairly compete were insufficient to overcome preemption by the Copyright Act); *Rutledge*, 558 F. 2d at 620 (holding that plaintiff's UDTP claim was preempted because no free-standing cause of action for misrepresentation asserted, and the acts upon which the UDTP claim was predicated are not different from those giving rise to the Copyright Act); 1-1 *Nimmer on Copyright* § 1.01 (2015).

In Count II of Plaintiff's First Amended Verified Complaint, Baronius does not allege any additional facts to support its UDTP claim but instead merely references the allegations contained in its claim for copyright infringement. (ECF 16, ¶¶ 59, 61). Paragraph 61 of the First Amended Verified Complaint states:

> The actions of Defendant as described in this Complaint were unfair in that Defendant used Plaintiff's copyrights in order to deceptively gain something of value from Plaintiff, and unfairly compete against Plaintiff …[b]y participating in the unauthorized copying and selling of Plaintiff's copyrights to unfairly and deceptively compete with Plaintiff…[b]y participating in the allegations alleged in the

> First Claim For Relief[3] of this Complaint, as alleged in paragraphs 14 through 56; and [i]n other respects not known currently to Plaintiff.

(ECF 16, ¶ 61).

Baronius' allegation that Saint Benedict committed the alleged infringement knowingly and willfully (ECF 16, ¶ 62) gives it no traction. Allegations of "awareness or intent" will not save a claim from preemption because such allegations do not qualitatively change the claim. *Rosciszewski*, 1 F. 3d at 230; *Old S. Home Co.*, 233 F. Supp. 2d at 737 (dismissing North Carolina UDTP claim because awareness, intent, or commercial immorality are not qualitatively different so as to prevent preemption by the Copyright Act).

In summary, Baronius has alleged in support of its UDTP claim nothing more than harm arising from Saint Benedict's alleged copying, reproducing and distributing Baronius' alleged copyrighted work. In short, Baronius has alleged in Count II the identical elements of a copyright infringement claim. The UDTP claim asserted by Baronius is, therefore, not qualitatively different from its copyright infringement claim. Plaintiff's UDTP claim is thus preempted by the Copyright Act and should be dismissed.

## CONCLUSION

For the foregoing reasons Defendant, Saint Benedict Press, LLC, requests that: (1) its Motion to Dismiss be GRANTED, (2) that Count II of Plaintiff's First Amended Verified Complaint asserting a state law claim for violation of N.C. Gen. Stat. §75.1, North Carolina's Unfair and Deceptive Trade Practices Act, be DISMISSED with prejudice, and (3) that it be

[3] Paragraph 61 of Plaintiff's First Amended Verified Complaint refers to a "First Claim For Relief;" however, no section of the First Amended Verified Complaint is characterized as Plaintiff's "First Claim For Relief." Defendant believes that Plaintiff is referring to Count I of the Complaint alleging copyright infringement.

awarded its attorney fees incurred in connection with this motion in accordance with N.C. Gen. Stat. §75-16.1(2)

Respectfully submitted this 3rd day of February, 2017.

/s/ Jonathan E. Buchan
Jonathan E. Buchan, N.C. State Bar No. 8205
Natalie D. Potter, N.C. State Bar No. 34574
Attorneys for Defendant
Essex Richards, PA
1701 South Blvd.
Charlotte, NC 28203
Telephone: (704) 377-4300
Fax: (704) 372-1357
Email: jbuchan@essexrichards.com
Email: npotter@essexrichard.com

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed this document through the CM/ECF system, which will send a notice of electronic filing to:

Mark W. Ishman
Ishman Law Firm, P.C.
mishman@ishmanlaw.com
*Attorney for Plaintiff*

This the 3rd day of February, 2017.

/s/ Jonathan E. Buchan

Jonathan E. Buchan, N.C. State Bar No. 8205
Natalie D. Potter, N.C. State Bar No. 34574
Attorneys for Defendant
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203
Telephone: (704) 377-4300
Fax: (704) 372-1357
Email: jbuchan@essexrichards.com
Email: npotter@essexrichards.com