IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-cv-00695-GCM

| | |
|---|---|
| BARONIUS PRESS, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CONSENT PROTECTIVE ORDER** |
| v. | ) |
| | ) |
| SAINT BENEDICT PRESS LLC, | ) |
| | ) |
| Defendant. | ) |

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential commercial, financial or business information, which should be protected from unauthorized disclosure. Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions, restrictions and procedures of this confidentiality agreement and protective order (the "Protective Order"):

1. Documents and written information, whether stored electronically or otherwise, or oral or recorded information produced by any party or non-party in the course of the defense or prosecution of this action that are confidential in nature and that contain confidential business information, customer lists, profits and losses, acquisition costs, production expenses, or other proprietary information may be designated as such by the person producing the material. All such designations shall be made in good faith and for a legitimate purpose. Such designations shall be made by placing on the face of the material or by otherwise conspicuously labeling the material

1

with the following designation or a substantially similar designation: CONFIDENTIAL. Duplicate copies of such material shall also be deemed CONFIDENTIAL. The use of information that has been designated as CONFIDENTIAL may be further restricted by the additional designation of such information as ATTORNEY'S EYES ONLY. Notwithstanding the foregoing, information that is public record or in the public domain, or that has been lawfully obtained from any non-party, shall not be considered CONFIDENTIAL. In the event that a party voluntarily discloses its own information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, such disclosure shall not be deemed a waiver of the party's right to preserve the confidentiality of any other information on any basis whatsoever.

2. Counsel for any party or any witness may designate the transcript or exhibits (or any portion thereof) of any deposition or testimony as CONFIDENTIAL by so stating on the record of the deposition or by doing so within seven (7) days of receipt of the transcript of the deposition or within seven (7) days of the entry of this Protective Order by the Court. Until such seven (7) day period following the receipt of the deposition transcript expires, each transcript shall be treated as CONFIDENTIAL.

3. Except as otherwise provided herein, documents, depositions, transcripts, and any other information designated as CONFIDENTIAL pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than to the following: the parties to this Protective Order (including their present and former agents directly involved in the prosecution or defense of this action), their respective outside or in-house counsel, including legal assistants or other regular law firm or in-house employees working under counsel's supervision who are involved in the prosecution or defense of this action, any mediator or other person presiding over

formal alternative dispute resolution sessions, and persons employed by or assisting counsel in preparation for, or at the trial of this action, including experts or consultants whom counsel may consult. All such CONFIDENTIAL information shall be used solely for the prosecution or defense of this action. Disclosure to all such persons identified in this paragraph shall be in accordance with the provisions of paragraphs 8 and 9 below.

4. The only persons who shall have access to CONFIDENTIAL information designated ATTORNEY'S EYES ONLY shall be outside or in-house counsel and any of their associates, secretaries, legal assistants, support staff employees, and independent experts to whom it is necessary that the information or documents be disclosed for the purposes of this litigation. Such designations shall be made by placing on the face of the material or by otherwise conspicuously labeling the material with the following designation or a substantially similar designation: CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY. Disclosure to all such persons identified in this paragraph shall be in accordance with the provisions of paragraphs 8 and 9 below.

5. In the event that information or documents designated CONFIDENTIAL are later desired by a party to come within the ATTORNEY'S EYES ONLY category, such information or documents can be added to that category if mutually agreed upon by the parties or upon Order of this Court after appropriate motion. During the pendency of any such motion or request by a party, the information or documents at issue shall be treated as coming within the ATTORNEY'S EYES ONLY category until the request or motion is resolved.

6. In the event that counsel for any party determines that the defense or prosecution of this action requires material that has been designated as CONFIDENTIAL pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise

authorized herein, written notice that such party intends to seek permission of the Court to make such disclosure, identifying the otherwise unauthorized person and designating the information desired to be disclosed, must be made to the party who submitted the documents or information not less than five (5) days prior to the intended disclosure. If within five (5) days after the receipt of notice, the party who submitted the documents or information makes a written objection to the party giving the notice, the CONFIDENTIAL material shall not be disclosed unless the Court so orders. If timely written objection is not made, the party who submitted the documents or information shall be deemed to have waived any objection to the disclosure of the designated information to the identified person only, and such disclosure may proceed without further order of the Court. Before disclosure of any CONFIDENTIAL materials may be made to persons not otherwise authorized herein, whether by Court order or otherwise, the persons to whom such disclosure is to be made must comply with the conditions set forth in paragraphs 8 and 9 below.

7. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation or ATTORNEY'S EYES ONLY designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point with the designation by the producing party of any information as CONFIDENTIAL or ATTORNEY'S EYES ONLY, the parties shall try first to resolve the dispute informally and in good faith. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. During the pendency of any such Court intervention, the information at issue shall be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, as the case may be, until the Court has resolved the issue.

8. Each person to whom disclosure of any CONFIDENTIAL information is made in accordance with this Protective Order is hereby prohibited from divulging any such information

without first obtaining authorization from the party that produced the information or from the Court, or from exploiting in any way such information for his or her own benefit, or from using such information for any purpose or in any manner not directly related to the prosecution or defense of this action.

9. Each person to whom disclosure of any CONFIDENTIAL information is made in accordance with this Protective Order, including the parties hereto and their attorneys, agents and representatives, must consent to be bound by the terms of this Protective Order. Prior to any such disclosure, each such person (excluding the parties' full-time employees, outside or in-house counsel and their respective employees engaged in the prosecution or defense of this action) shall execute the undertaking attached hereto as Exhibit A, a copy of which shall be delivered to the attorneys for all other parties prior to such disclosure; provided, however, that as to any expert or consultant who is to receive CONFIDENTIAL information, such expert or consultant shall be required to deliver an executed copy only to the outside counsel with whom the expert or consultant has been retained or is working.

10. In the event a deponent in this action refuses to execute a copy of Exhibit A, said deponent shall be advised, on the deposition record, as to the effect of this Protective Order and the record shall reflect the deponent's refusal to execute the consent form.

11. Unless counsel for all parties agree otherwise, or until an Order of this Court otherwise directs, all CONFIDENTIAL information and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of information that has been designated as CONFIDENTIAL pursuant to this Protective Order and is presented to the Court shall be filed under seal, and marked with the legend "CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER—NOT TO BE OPENED EXCEPT BY COURT AUTHORITY OR BY AGREEMENT OF ALL COUNSEL."

12. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or resolve the restrictions of this Protective Order, when convenience or necessity requires. In the event that either party considers information subject to production to require a greater degree of confidentiality or protection than that conferred by this Protective Order, the parties may mutually agree to alternative means of production, including without limitation more stringent designation or access provisions. Alternatively, either party may seek relief with respect to production of such information from the Court.

13. For purposes of the use at trial or other proceeding of any of the material designated as CONFIDENTIAL pursuant to this Protective Order, the ultimate determination of the confidentiality of any such material shall be made by the Court upon application by any party, and the designation of material as CONFIDENTIAL shall not otherwise affect the Court's determination as to whether it shall be received into evidence at trial or other proceeding; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material.

14. Although both parties have initiated adequate procedures to insure that legally privileged information is not produced, it is possible that legally privileged information will be produced inadvertently. If any legally privileged information is inadvertently produced, counsel for the party that produced them may request, in writing, that such materials be returned. Upon request, all persons who received such materials shall return the documents and all copies in the person's possession within five (5) days of the date the return is requested. The inadvertent

production of any privileged information shall not be deemed a waiver of any privilege applicable to that information or any other.

15. Within sixty (60) days of the final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be either: (i) returned to the person producing the material, or (ii) destroyed with certification under oath made to the person producing the material confirming the destruction thereof; provided, however, that outside counsel for each party, and only said counsel may, if they so elect, retain one copy of each deposition transcript, one copy of each deposition or trial exhibits, one copy of each item containing CONFIDENTIAL or ATTORNEY'S EYES ONLY materials filed with the Court pursuant to this Protective Order, and one archived set of produced documents, which may be retained by said counsel if such CONFIDENTIAL or ATTORNEY'S EYES ONLY materials are kept in an appropriately secured manner.

16. Any violation of the terms of this Protective Order shall be deemed grounds for a contempt order against the offending person.

17. The provisions of this Protective Order shall survive the settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Protective Order.

18. Final disposition of protected materials is subject to final order of the Court upon completion of the litigation.

All of the foregoing is so ORDERED, this ___ day of _____, 2017.

Signed: March 21, 2017

Graham C. Mullen
United States District Judge

WE CONSENT:

/s/ Mark W. Ishman
Mark W. Ishman (N.C. Bar No. 27908)
Ishman Law Firm, P.C.
9660 Falls of Neuse Road
Suite 138-350
Raleigh, NC  27615
Telephone:  919-468-3266
Facsimile:  919-882-1466
Email: mishman@ishmanlaw.com
Attorney for Plaintiff
Baronius Press, Ltd.

/s/ Jonathan E. Buchan
Jonathan E. Buchan (N.C. Bar No. 8205)

/s/ Natalie D. Potter
Natalie D. Potter (N.C. Bar No. 34574
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC  28203
Telephone:  704-377-4300
Facsimile:  704-372-1357
Email: jbuchan@essexrichards.com
Email: npotter@essexrichards.com
Attorneys for Defendant
Saint Benedict Press, LLC

| | |
|---|---|
| BARONIUS PRESS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAINT BENEDICT PRESS LLC, ) <br> ) <br> Defendant. ) | **EXHIBIT A TO<br>CONSENT PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he/she has read the Protective Order entered by the Court in this action on _____, 2017, a copy of which is attached hereto, and does hereby agree to comply with and to be bound by the terms of the Protective Order. The undersigned specifically acknowledges and agrees that except as necessary for the prosecution or defense of this action, he/she is prohibited from disclosing or divulging any of the materials designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY in this action, from exploiting in any way such materials for his/her own benefit, or from using such materials for any purpose or in any manner not connected with the prosecution or defense of this action. The undersigned hereby submits to the jurisdiction of this Court for the purpose of enforcement of the Protective Order. The terms of the Protective Order are incorporated herein by reference.

Dated: _____       _____
                                Printed Name: _____

Sworn to and subscribed before me
this _____ day of _____, 2017.

_____
Notary Public
My Commission Expires: _____