# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00695-GCM

| | |
|---|---|
| BARONIUS PRESS, LTD., | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER**<br>) |
| SAINT BENEDICT PRESS LLC, | )<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Verified Complaint (Doc. No. 16), alleging that Defendant violated the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA").

**I.  Background**

Plaintiff, Baronius Press, Ltd., is a corporation organized and existing under the laws of the Isle of Man, British Isles and is a publisher of Catholic books and Bibles. Defendant, Saint Benedict Press, LLC is also a publisher of traditional Catholic books with its principal place of business in Charlotte, North Carolina. Plaintiff alleges it acquired the exclusive rights to publish the English translation of a German book titled the *Fundamentals of Catholic Dogma* ("the Work") in 2009 and obtained valid United States copyright registrations in 2014. (Doc. No. 16 at ¶¶ 17-24). Prior to Plaintiff's acquisition of publishing rights, the Work was in the public domain and Defendant sporadically published the Work between the years of 1974 and 2011. (*Id*. at ¶¶ 25-27). In March 2013, Plaintiff discovered that Defendant was advertising release of the Work under its own name. (*Id*. at ¶ 36). On April 26, 2013, Plaintiff served upon Defendant a Notice of Intent to Enforce its exclusive publishing rights. (*Id*. at ¶ 29) After receipt of the Notice, Defendant

1

continued to advertise sales of the Work and began publishing it on March 17, 2014. (*Id*. at ¶¶ 38, 40).

This civil action was filed on September 29, 2016. Plaintiff alleges two claims, a willful violation of the United States Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §101 (Count I) and a violation of the North Carolina UDTPA, N.C. Gen. Stat. §75.1 (Count II). Defendant has filed a Motion to Dismiss Plaintiff's UDTPA claim on the basis that it is preempted by the Copyright Act. (Doc. No. 19).

**II.     Discussion**

Under the Copyright Act, 17 U.S.C. § 301(a),

> All legal or equitable rights that are the equivalent to any of the exclusive rights within the general scope of copyright… are governed exclusively by this title. Thereafter, no person is entitled to any such rights or equivalent right in any such work under the common law or statutes of any State.

Therefore, the Copyright Act has the power to completely preempt a state law claim. *Rosciszewski v. Arete Assoc.*, 1 F.3d 225, 232 (4th Cir. 1993). When deciding if a state law claim is preempted by the Copyright Act, the court determines whether: (1) the work is "within the scope of the subject-matter of copyright…" and (2) whether "the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright…."*Id.* at 229 (internal citations omitted). In this case, the first prong is clearly met considering the case arises out of a copyright infringement dispute over a literary work (i.e., "a work of authorship fixed in a tangible medium of expression"). U.S.C. 17 § 102(a). Thus, Defendant's Motion to Dismiss turns on whether the rights protected by Plaintiff's UDTPA claim are equivalent to any of the exclusive rights protected by the Copyright Act. *See Bell v. E. Davis Int'l, Inc.*, 197 F. Supp. 2d 449, 463 (W.D.N.C. 2002).

Under the Copyright Act, an owner of a copyright has the exclusive right to (1) reproduce the work, (2) prepare derivative works based on the work, (3) distribute copies of the work, (4) perform the work publicly, (5) display the work publicly and (6) in the case of sound recordings, perform the work publicly by means of digital audio transmission. *Rutledge v. High Point Reg'l Health Sys.*, 558 F. Supp. 2d 611, 617 (M.D.N.C. 2008). These specified protected rights define the scope of the second prong of the pre-emption test. In contrast, the UDTPA's protected rights are less clearly defined, requiring only that a Plaintiff demonstrate: (1) the defendant engaged in conduct that was unfair or deceptive; (2) the complained of acts were in and affecting commerce; and (3) the acts injured the plaintiff. N.C. Gen. Stat. §75.1 (2016).

The broad scope of the UDTPA often allows for claims that seek protection of rights exclusively protected by the Copyright Act. In such cases, to avoid preemption the Fourth Circuit requires that the Plaintiff allege an "extra element" beyond those required of a copyright infringement claim such that the "extra element" makes the UDTPA claim qualitatively different. *Rosciszewski*, 1 F.3d at 229-30. Because the UDTPA does not explicitly require elements beyond those required of a copyright infringement claim, but rather is intended to include a broad range of deceptive and unfair conduct, North Carolina courts will often look to the facts underlying the UDTPA claim to determine whether it is qualitatively different. *Pan-American Prods. & Holdings, LLC v. R.T.G. Furniture Corp*., 825 F. Supp. 2d 664, 698 (M.D.N.C. 2011). Specifically, the UDTPA claim must be supported by allegations that demonstrate "misconduct separate from, and not controlled by, the Copyright Act," including "misrepresentation, deception, abuse of a confidential relationship, or palming off." *Id*. at 698; *Innovative Med. Prods. v. Felmet*, 472 F. Supp. 2d 678, 683 (M.D.N.C. 2006).

Plaintiff's UDTPA claim rests entirely on Defendant's alleged copying, advertising, publishing, and selling of Plaintiff's work, which is the crux of a copyright infringement claim and does not sufficiently allege an "extra element." *Old S. Home Co. v. Keystone Realty Grp.*, 233 F. Supp. 2d 734, 737 (M.D.N.C 2002) (holding that allegations that defendant infringed plaintiff's copyrights in order to unfairly compete were insufficient to overcome preemption by the Copyright Act); *Rutledge*, 558 F. 2d at 620 (holding that plaintiff's UDTPA claim was preempted because no free-standing cause of action for misrepresentation was asserted, and the acts upon which the UDTPA claim was predicated are not different from those giving rise to the Copyright Act); 1-1 *Nimmer on Copyright* § 1.01 (2015).

In Count II of Plaintiff's First Amended Verified Complaint, Baronius does not allege any additional facts to support its UDTPA claim but instead merely references the allegations contained in its claim for copyright infringement. (Doc. No. 16 at ¶¶ 59, 61). Paragraph 61 of the First Amended Verified Complaint states:

> The actions of Defendant as described in this Complaint were unfair in that Defendant used Plaintiff's copyrights in order to deceptively gain something of value from Plaintiff, and unfairly compete against Plaintiff …[b]y participating in the unauthorized copying and selling of Plaintiff's copyrights to unfairly and deceptively compete with Plaintiff…[b]y participating in the allegations alleged in the First Claim For Relief of this Complaint, as alleged in paragraphs 14 through 56; and [i]n other respects not known currently to Plaintiff.

(*Id.* at ¶ 61). Baronius contends for the first time in its opposition brief that "Defendant obtained *Fundamentals* by deceiving Plaintiff with misrepresentations as to its rights to publish *Fundamentals*…." (Doc. No. 21 at p. 9). Baronius further states for the first time in its opposition that Saint Benedict "obtained Plaintiff's copyrighted material via false misrepresentations." *Id*. Neither of these allegations appears anywhere in Baronius' Amended Complaint.

4

Plaintiff's argument against preemption based on Defendant's misconduct essentially relies on two cases: *Pan-American*, 825 F. Supp. 2d 664, and *Baldine v. Furniture Comfort Co.*, 956 F. Supp. 580 (M.D.N.C. 1996). In both cases, the court found no preemption of plaintiff's UDTPA claim where defendant's fraudulent behavior, not copyright infringement, was the gravamen of the claim. In *Pan-American*, the defendant obtained the plaintiff's copyrighted designs by falsely promising to use plaintiff as a broker and then misappropriated the copyrighted material. *Pan-American*, 825 F. Supp. 2d at 698-700. Similarly in *Baldine*, defendant gained access to plaintiff's copyrighted material through false representations with intent to use it without paying for it. *Baldine*, 956 F. Supp. at 587.

*Pan-American* and *Baldine* are completely distinguishable from this case. First, Baronius has not alleged in its Amended Complaint that Saint Benedict committed any fraud, made any misrepresentations, or otherwise acted unfairly in order to gain access to the Work at issue. Baronius concedes that the Work was in the public domain for decades during which Saint Benedict was publishing and selling the Work. (Doc. No. 16 at ¶¶ 25-29). Moreover, at no point in its Amended Complaint does Baronius allege that Saint Benedict and Baronius had a pre-existing relationship of any sort. Baronius has not alleged that any misrepresentations took place until <u>after</u> it accused Saint Benedict of copyright infringement. Furthermore, Baronius' allegation that Saint Benedict committed the alleged infringement knowingly and willfully (Doc. No. 16 at ¶ 62) gives it no traction. Allegations of "awareness or intent" will not save a claim from preemption because such allegations do not qualitatively change the claim. *Rosciszewski*, 1 F. 3d at 230; *Old S. Home Co.*, 233 F. Supp. 2d at 737 (dismissing North Carolina UDTPA claim because awareness, intent, or commercial immorality are not qualitatively different so as to prevent preemption by the Copyright Act). Therefore, the gravamen of Baronius' UDTPA claim

is the alleged copyright violation, meaning it is not qualitatively different from Baronius' copyright claim.

In summary, Baronius has alleged in support of its UDTPA claim nothing more than harm arising from Saint Benedict's alleged copying, reproducing and distributing Baronius' copyrighted work. The UDTPA claim asserted by Baronius is, therefore, not qualitatively different from its copyright infringement claim. Plaintiff's UDTPA claim is thus preempted by the Copyright Act and will be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Verified Complaint is hereby **GRANTED.**

Signed: August 8, 2017

Graham C. Mullen
United States District Judge