IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-cv-00695-GCM

BARONIUS PRESS, LTD.,   )
                        )
    Plaintiff,          )
                        )
v.                      )
                        )
SAINT BENEDICT PRESS LLC, )
                        )
    Defendant.          )

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED VERIFIED COMPLAINT AND SUPPLEMENT PLEADING
AND INCORPORATED SUPPORTING MEMORANDUM OF LAW**

    Plaintiff Baronius Press, Ltd. ("Plaintiff"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 15(a), 15(c), 15(d), respectfully requests and moves that the Court grant Plaintiff leave to file the attached Second Amended Verified Complaint and Supplement Pleading, so that:

    (a) Plaintiff may add additional, recently discovered, recently investigated facts to its above-captioned pending copyright infringement lawsuit against Defendant Saint Benedict Press ("Defendant"),

    (b) Plaintiff may add related claims for twelve (12) additional violations by Defendant of the U.S. Copyright Act ("Copyright Act"),

    (c) Plaintiff may add related claims for three (3) violations of the Digital Millennium Copyright Act ("DMCA"),

    (d) Plaintiff may add three (3) claims of violation of the North Carolina Unfair and Deceptive Trade Practices Act based on new factual allegations, and

(e) the parties and the Court may, in the interest of judicial efficiency and justice, avoid having the same two parties be involved in this District in a separate, new lawsuit that concerns the same issues, the same type of misconduct, and some of the same facts and allegations that are the basis for Plaintiff's original claims.

In support of Plaintiff's Motion for Leave to File a Second Amended Verified Complaint and Supplemental Pleading, Plaintiff shows unto the Court the following:

**I. PROCEDURAL BACKGROUND**

**A. Copyright Infringement Litigation**

1. Plaintiff initiated this action by filing a Complaint on September 29, 2016. (ECF No. 1) The action concerns complex copyright infringement matter with little case law on point involving a restored religious work where discovery is taking the Parties back more than half a century in time.

2. Prior to Defendant's filing of a responsive pleading, Plaintiff filed its First Amended Complaint on December 21, 2016. (ECF No. 16). The First Amended Complaint added one violation of the North Carolina Unfair and Deceptive Trade Practices Act.

3. Defendant answered the First Amended Complaint on January 4, 2017. (ECF No. 17).

4. On August 8, 2017, Count II of Plaintiff's First Amended Verified Complaint was dismissed by this Court with prejudice. (ECF No. 27).

5. On September 1, 2017, the parties filed jointly an Amended Certification and Report of FRCP 26(f) Conference and Discovery Plan. (ECF No. 28).

6. On April 23, 2018, Plaintiff filed its motion to extend the scheduling order. (ECF No. 31).

7. On April 24, 2018, the Court issued its order granting Plaintiff's motion to extend the scheduling order. (ECF No. 33).

8. On May 7, 2018, Defendant filed its motion for relief from the Court's order extending the Scheduling Order in this lawsuit or in the alternative motion for reconsideration, to vacate or modify it. (ECF No. 35).

9. On July 16, 2018, the Court issued an order denying Defendant's motion and stating that, if dispositive motions are filed by October 31, 2018, the Court will extend the trial date as well to alleviate Defendant's concerns. (ECF No. 50).

**B. Facts Arising in 2018, Learned in 2018, and/or Investigated and Supported in 2018**

10. Plaintiff learned new information during the discovery period of the present action. Plaintiff investigated such information and considered whether additional claims should be added to the present litigation, or whether a separate lawsuit should be filed that would overlap with the present action.

11. Plaintiff restates the First Amended Verified Complaint in its entirety and seeks to add claims as set out in the attached Second Amended Verified Complaint (ECF No. 51-1) under the Copyright Act, 17 U.S.C. § 101 *et seq.*, including violations of the DMCA, 17 U.S.C. § 1202 *et seq.*, and new factual violations of the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75 - 1.1).

12. Upon information and belief, Defendant unlawfully made, advertised, distributed, and sold hundreds or even thousands of copies of twelve (12) additional copyright-protected literary works in which Defendant held no copyright rights and/or no publication rights, over and beyond the work *Fundamentals of Catholic Dogma* that is the subject of the First Amended Verified Complaint.

13. Upon information and belief, Defendant knowingly, and with an intent to induce, enable, facilitate, or conceal its infringement, provided, distributed, and/or imported for distribution false copyright management information ("CMI") in hundreds, if not thousands, of copies of three (3) of the literary works for which Plaintiff holds copyright rights, inserting and displaying false CMI that indicated, falsely, that Defendant held certain copyright rights or had the right or authorization to publish those three (3) works.

14. In 2018, Plaintiff expanded its rights and purchased all copyright rights in and to *This Tremendous Lover* from Mount St. Joseph Abbey. Plaintiff is the exclusive owner of the copyright rights in *This Tremendous Lover*.

15. Upon information and belief, Defendant added to *This Tremendous Lover* without authorization two (2) pages of advertising to promote Defendant's own brands (imprints) and products to readers and purchasers of the book. Upon information and belief, such pages of advertisements and promotion of Defendant reinforces the false assertion by Defendant that it holds certain copyright rights or has the right or authorization to publish *This Tremendous Lover*. Upon information and belief, such pages of advertisements and promotion contribute to the false impression that Defendant has rights in and to *This Tremendous Lover*.

16. Upon information and belief, Defendant's added to *The Curé d'Ars* without authorization at least three (3) pages of advertising material promoting Defendant's products and Defendant's brand to readers and purchasers of the book. Upon information and belief, such pages of advertisements and promotion of Defendant reinforces the false assertion by Defendant that it holds certain copyright rights or has the right or authorization to publish *The Curé d'Ars*. Upon information and belief, such pages of advertisements and promotion contribute to the false impression that Defendant has rights in and to *The Curé d'Ars*.

17. Upon information and belief, Defendant continued after November 2017 to offer for sale and sell, without authorization from Plaintiff and through various channels, including multiple e-commerce websites such as www.kobo.com and www.barnesandnoble.com, multiple works in which Plaintiff had exclusive rights and Defendant had no valid rights.

18. On April 26, 2018, Plaintiff's counsel sent to Defendant's counsel a list of additional titles for which Plaintiff believed Defendant was violating Plaintiff's exclusive rights. Such list was part of the follow up information sent to Defendant's counsel after the deposition of Paul Kejik.

19. Plaintiff seeks to amend its First Amended Verified Complaint in order (a) to assert claims that arise from actions that occurred after Plaintiff filed its First Amended Verified Complaint, (b) to assert claims that could not have been brought earlier due to newly discovered facts and/or newly investigated facts and/or medical hardships that delayed Plaintiff, and (c) to address ongoing and egregious infringements and additional violations and unlawful conduct by Defendant.

## II. ADDITIONAL CLAIMS

20. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "The court should freely give leave [to amend the complaint] when justice so requires." Under Rule 15, whether a court should allow or deny a proposed amendment to a complaint is within the court's discretion "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal rule reflects the policy that cases should be resolved on their merits rather than disposing of them on technicalities. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999).

21. Here, Plaintiff contends that new facts discovered and investigated in the past six months, and the fact that Defendant's infringing activities continue to this day, necessitate a Second Amended Verified Complaint.

22. Given the new facts, Plaintiff considered whether to bring a separate lawsuit, perhaps with additional defendants, or to request that the pending litigation expand to include the additional, related claims. The proposed Second Amended Verified Complaint retains the claim of willful copyright infringement set out in the First Amended Verified Complaint. The proposed Second Amended Verified Complaint will allow the parties and the Court to be more efficient with the claims that are related to the infringement claim in the First Amended Verified Complaint.

23. The United States Court of Appeals for the Fourth Circuit has explained that "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *see also Nourison Rug Corporation v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (same).

24. Here, there has been no undue delay or bad faith on the part of the Plaintiff in requesting leave to file a second amended complaint. Events outside Plaintiff's control have not only necessitated an amended complaint with additional facts, but necessitated the time necessary over the past few months to investigate facts and gather evidence.

25. The amendments to the complaint will result in <u>no</u> prejudice to Defendant. In facts, Defendant has been aware since April 26, 2018 that Plaintiff believes Defendant has infringed multiple works in which Plaintiff holds rights. There is no conceivable prejudice to Defendant in

6
Case 3:16-cv-00695-FDW-DCK   Document 51   Filed 07/23/18   Page 6 of 11

the Second Amended Verified Complaint copyright infringement claims that (a) arise from or are related to the underlying factual allegations in Plaintiff's current claim concerning one title, (b) raise no new legal issues from those that have already been considered or that Defendant surely had prior notice given the list of infringing titles sent to Defendant in April 2018.  There also is no conceivable prejudice to Defendant from the three (3) proposed new claims of DMCA violations in the Second Amended Verified Complaint, which claims (a) are related to the underlying issues, (b) raise no unexpected legal issues for which Defendant surely had prior notice given the list of infringing titles sent to Defendant in April 2018.

26. Good causes exist for granting leave to file the Second Amended Verified Complaint. *See In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429, 1994 WL 118475, *11 (4th Cir. Apr. 7, 1994) (finding "good cause" exists when the evidence needed by a plaintiff to prove his or her amended claim "did not surface until after the amendment deadline").  Plaintiff learned during discovery of previously unknown facts that would support additional causes of action, and Plaintiff devoted time necessary to verify such facts.  The complexity of the new allegations and claims asserted called for due diligence and extensive research by Plaintiff.  Plaintiff also had to consider whether to add additional defendants.  Plaintiff has proceeded as diligently as possible under the circumstances, and the amended complaint will result in no prejudice to Defendant, particularly given the Court's statement on July 16, 2018 that, if dispositive motions are filed by October 31, 2018, the Court will extend the trial date as well to alleviate Defendant's concerns.  (ECF No. 50)

27. New claims in the proposed Second Amended Verified Complaint are not futile. Whether a proposed amended pleading is futile or not "turns on whether the amendment would survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Wolfenden v. Long*, No.

5:09-CV-00536-BR, 2010 WL 2998804, at *7 (E.D.N.C. July 26, 2010). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510-11 (citations omitted) (finding no futility where the resolution required complex arguments and factual inquiries). A claim is stated, however, if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim has been stated, a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," without considering "legal conclusion, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). In this case, Plaintiff has stated claims sufficiently.

28. Plaintiff's Second Amended Verified Complaint includes additional facts related to the initial infringement claim, as well as numerous additional facts concerning other misconduct by Defendant. The new causes of action are not merely restatements of allegations already made in the First Amended Verified Complaint.

29. Rule 15(d) of the Federal Rules of Civil Procedure also allows parties to supplement their pleadings to include "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Supplemental pleadings "enabl[e] a court to award complete relief . . . in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason

for disallowing them appears . . . ." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963).

30. Here, Plaintiff became aware that Defendant was adding pages of advertisements (promotional material) to books in order, upon information and belief, to reinforce to readers and consumers and the trade the false idea that Defendant had rights in certain publications.

31. Plaintiff for counsel has conferred with counsel for Defendant, and Defendant does not consent to this motion.

**WHEREFORE**, for the foregoing reasons, and in the interests of justice, judicial economy, and an effort to address related issues in one case, Plaintiff respectfully requests and moves that the Court grant Plaintiff's Motion for Leave to File a Second Amended Verified Complaint and Supplemental Pleading as set forth herein, and extend the current Scheduling Order as it deems necessary based on the new factual allegations and causes of action alleged in Plaintiff's Second Amended Verified Complaint.

This the 23rd day of July, 2018.

Respectfully submitted,

/s/ Mark W. Ishman
Mark W. Ishman
N.C. State Bar No. 27908
ISHMAN LAW FIRM, P.C.
9660 Falls of Neuse Road, Box 138-350
Raleigh, North Carolina 27615
Telephone: (919) 468-3266
Email: mishman@ishmanlaw.com

Kristin G. Garris
N.C. State Bar No.38767
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP
900 Third Avenue

New York, New York 10022
Tel: (212) 508-6783
Email: garris@thsh.com

**CERTIFICATE OF SERVICE**

I hereby certify I electronically filed this document through the CM/ECF system, which will send a notice of electronic filing to:

Jonathan E. Buchan, Jr, Esq.
jbuchan@essexrichards.com
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203

Natalie Dawn Potter, Esq.
npotter@essexrichards.com, hbadger@essexrichards.com
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203

This the 23rd day of July, 2018.

*Attorneys for Plaintiff*

/s/ Mark W. Ishman
Mark W. Ishman
N.C. State Bar No. 27908
ISHMAN LAW FIRM, P.C.
9660 Falls of Neuse Road, Box 138-350
Raleigh, North Carolina 27615
Telephone: (919) 468-3266
Email: mishman@ishmanlaw.com

Kristin G. Garris
N.C. State Bar No.38767
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Tel: (212) 508-6783
Email: garris@thsh.com