IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No. 3:16-cv-00695

| | |
|---|---|
| Baronius Press, Ltd. <br> Plaintiff, <br> v. <br> Saint Benedict Press LLC, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO CORRECT
DESIGNATION OF NON-SENSITIVE, NON-TRADE SECRET DOCUMENTS
FROM ATTORNEYS' EYES ONLY TO CONFIDENTIAL**

Pursuant to Federal Rules of Civil Procedure 26(g) and Rule 37, the Plaintiff Baronius Press, Ltd. ("**Plaintiff**") moves this Court to compel the Defendant Saint Benedict Press LLC ("**Defendant**" or, "**TAN**") to correct its improper wholesale designation of certain documents as "ATTORNEYS' EYES ONLY" ("**AEO**") when such documents, under any applicable standard and common sense, should be designated properly as "CONFIDENTIAL," and any sensitive business information or trade secrets, if any exists in such documents, should be redacted appropriately by Defendant.

I.  **NATURE OF THE CASE**

Plaintiff has commenced a copyright infringement lawsuit for willful copyright infringement by Defendant, in violation of the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* concerning its restored literally work *Fundamentals of Catholic Dogma* (*"Fundamentals"*).

II.  **BACKGROUND**

1

On October 10, 2017, Plaintiff served on Defendant its First Set of Written Discovery Request. In its responses, Defendant disclosed over one thousand pages of documents designated as Attorney's Eyes Only ("**AEO**"), many of which only were produced after Plaintiff filed its first motion to compel Defendant to cure its discovery deficiencies.

Plaintiff wrote to Defendant on August 8, 2018, (Attached and incorporated hereto as **Exhibit 1**) regarding the incorrect designation of disclosed documents as AEO and suggested a meet and confer on either August 14th or 15th, 2018. On August 20, 2018, Plaintiff reminded Defendant via email that Defendant still had not provided an alternative meet and confer date.

Defendant finally responded on August 29, 2018, (Attached and incorporated hereto as **Exhibit 2**) and agreed to meet and confer on Friday, August 31, 2018 in which Defendant reiterated its position that it would not change the designation of the AEO documents Plaintiff is disputing, arguing that Plaintiff should be the party redacting its designated AEO documents. In other words, Defendant has taken the position that Plaintiff should be the party protecting its alleged trade secrets and not Defendant, who is the party who made the AEO designation.

Defendant caused unnecessary delay in resolving the AEO designation of the disclosed documents and as a result, Plaintiff was not able to cite to certain documents in its Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File A Second Amended Verified Complaint and Supplemental Pleading (Dkt. No. 60).

### III. AEO – Documents Bates No. SBPP-00650 to SBPP-1379 and SBPP-02318 to SBPP-03047

In Defendant's disclosure of documents on November 26, 2018, Defendant disclosed documents bates stamped SBPP-00650 to SBPP-1379, without any designation. These documents represent a 730 pages long draft of a typeset edition of *Fundamentals of Catholic Dogma*

prepared by Defendant.

On March 9, 2018 Defendant disclosed documents bates stamped SBPP-02318 to SBPP-03047 with the following description:

> These documents comprise St. Benedict Press draft of the version of the English translation that they were working on during various times and has not been published. Therefore, these documents have been marked Confidential – For Attorney's Eyes Only pursuant to the Protective Order filed in this case and should not be shared with your client.

After receiving detailed guidelines from its client – to compare the beginning and end of the text on each page and beginning/ending of random paragraphs on the page, Plaintiff's attorney spent numerous hours examining the documents by comparing side-by-side every page of each draft edition. It appeared that the editions were one and the same, however, it was not in the power and abilities of Plaintiff's attorney to possibly compare the two editions word by word to confirm whether they were identical. Plaintiff stated this fact to Defendant in its letter of May 10, 2018 (Pages 8-9, Req. No. 42) and requested Defendant ("**TAN**") to

> After our review, we note that TAN initially disclosed a draft edition of the new updated edition of Fundamentals as documents SBPP-00650 – SBPP-1379. Thereafter, TAN then produced documents SBPP-02318 – SBPP-3047 under "attorney's eyes only." After our review, it appears that SBPP-02318 – SBPP-3047 are identical to SBPP-00650 – SBPP-1379.
> …
> Produce the latest copy of TAN's new hard cover revised edition of *Fundamentals*, including Patrick Madrid's introduction, or confirm Documents SBPP-00650 – SBPP-1379 is the final file by responding to this Request that no other documents exists.

Defendant did not answer Plaintiff's request in its response on June 26, 2018 (Page 14) and instead re-designated the previously released documents to AEO, **seven (7) months** after the initial disclosure of those documents.

> Defendant incorporates its prior responses to Plaintiff's request for supplementation and adds that Defendant has produced both the draft version of Defendant's typesetting

3

> (see SBPP-00650 to SBPP-01379 and SBPP-02318 to SBPP-03047 (SBPP-00650 to SBPP-01379 should have been produced with the "Attorney Eyes Only- Confidential" designation and hereby designates it as such)) and the version that Defendant is currently selling. … Defendant did not print a version of the work with an introduction from Patrick Madrid.

Plaintiff therefore wrote to Defendant on August 8, 2018 asking Defendant to remove the AEO designation, to which Defendant responded on August 29, 2018 that it would not comply.

> DEFENNDANT'S RESPONSE: You contend that "[t]here is no reason to mark [these documents]" as they are "not even confidential." As SBPP-02318 to SBPP-03047 is a DRAFT of the re-typesetting completed by Saint Benedict but never published, they are confidential. Given that Saint Benedict and Baronius Press are competitors, Saint Benedict does not want Baronius Press to have access to its unpublished work. Therefore, we will not remove the "Attorneys Eyes Only" designation assigned to these documents.

Plaintiff owns the complete copyright in the work (*Fundamentals)* and has the exclusive licence from the underlying German copyright holder to publish the work. Defendant's claim that it does not want Plaintiff to have access to "its unpublished work" is fundamentally flawed.

Further, the parties' Protective Order (Dkt. No. 26) provides in Paragraph 5 that "[i]n the event that information or documents designated CONFIDENTIAL are later desired by a party to come within the ATTORNEY'S EYES ONLY category, such information or documents can be added to that category if mutually agreed upon by the parties or upon Order of this Court after appropriate consideration." Neither has occurred in this situation.

Defendant's designation of these documents as AEO is evidence of Defendant's misuse of this privilege and documents SBPP-00650 to SBPP-01379 and SBPP-02318 to SBPP-03047 should therefore be re-designated as CONFIDENTIAL. Moreover, it is Plaintiff's work, and Defendant was never authorized by Plaintiff to create a derivative of it. If Defendant disagrees, then it should be compelled to produce SBPP-00650 to SBPP-01379 and SBPP-02318 to SBPP-

03047 that it has designated as AEO to the Court under seal for its consideration. Otherwise, Defendant must de-designate these AEO documents on its own as requested by Plaintiff.

IV.  **AEO – Documents Bates No. SBPP-03386 to SBPP-03392**

On May 10, 2018, Plaintiff in its Supplemental Requests for Production asked Defendant the following:

> Since TAN has been asked to produce it, please produce all correspondence with Patrick Madrid related to the *Fundamentals of Catholic Dogma* and also provide the copy of the Preface itself.

The disclosed documents contain various documents between Defendant and Patrick Madrid and certain information had already been redacted by the Defendant. While *Fundamentals* is mentioned in one of the emails (SBPP-03389), it is not relevant to this case. The released documents do not relate to the current case and are of no use to Plaintiff.

Defendant in their response on August 29, 2018 stated:

> SBPP-03386 to SBPP-03392: You contend that these documents "do not relate to the current case," and, any confidential information has been redacted and therefore the designation should be removed. Clearly, the method and substance of our client's negotiations with someone it was working on a project with would be a trade secret. As you are well aware, our clients are direct competitors with great distrust of one another. Saint Benedict is not comfortable with your client having access to information regarding its negotiations with one of its consultants. Therefore, we will not remove the designations.

Defendant released documents that Plaintiff did not request, were already redacted and are unrelated to the current case and designated those documents as AEO in order to put burden on Plaintiff's attorney and as such to increase Plaintiff's cost. Documents SBPP-03386 to SBPP-03392 should therefore be re-designated as CONFIDENTIAL. If Defendant disagrees, then it should be compelled to produce SBPP-03386 to SBPP-03392 that it has designated as AEO to the Court under seal for its consideration. Otherwise, Defendant must de-designate these AEO

5

documents on its own as requested by Plaintiff.

### V. AEO – Documents Bates No. SBPP-03084 to SBPP-03385

On October 20, 2017, Plaintiff in its First Set of Written Discovery Request made the following request No 8 ("Request")

> Provide all email correspondence of any sales prospect or customer (*i.e.*, an inquirer) enquiring about *Fundamentals* and asking/seeking when *Fundamentals* will be back in stock/for sale. This Request also seeks TAN's responses to those inquirers for the period March 2011 - March 2014.

Defendant only responded to Plaintiff's Request on June 26, 2018 as a result of Plaintiff's Motion to Compel Discovery Responses and Production from Defendant filed on May 30, 2018 (Dkt. No. 39) and disclosed **302 pages** of documents bates stamped SBPP-03084 to SBPP-03385 designated as AEO. While documents SBPP-03248 to SBPP-03249 are AEO, they are identical to SBPP-03082 to SBPP-03083 previously released as non AEO designated.

The correspondence in documents bates stamped SBPP-03082 to SBPP-03083 (attached and incorporated hereto as **Exhibit 3**, which are documents that are not designated as Confidential or AEO) shows that Defendant's attorneys had asked Defendant to gather all of the contained documents in November 2017. However, Defendant released them over seven **(7) month later** as a response to Plaintiff's Motion to Compel Discovery Responses and Production From Defendant (Dkt. No. 39).

From the 302 pages of AEO designated documents (Attached and incorporated hereto as **Exhibit 4** is a list created by Plaintiff's attorney of these AEO documents that includes only the Bates number and number of pages per document), only **41 pages** relate to the initial Request Plaintiff made ("**Requested documents**") and there are a further **33 pages** of documents that were not requested but that relate to this case "**Related Documents**").

Defendant bundled the Requested and Related Document with **228 pages** of documents

6

Case 3:16-cv-00695-FDW-DCK   Document 61   Filed 09/11/18   Page 6 of 12

not requested and/or related to Plaintiff Request and purposively designated the whole batch of documents for AEO in order to put burden on Plaintiff's attorney and as such to increase Plaintiff's legal cost of this litigation.

On August 8, 2018 Plaintiff requested that Defendant redact any relevant confidential information in the documents and re-designates them as CONFIDENTIAL to which Defendant responded that:

> If there are certain, specific, documents that you need to show your client that you would like us to redact, my client is willing to consider such a request, however, it is not willing to incur the hours of time and the associated expense to redact such information from all 300 plus pages of documents without some further explanation as to why undergoing such an expense would be necessary.

Defendant should redact any privileged or confidential information and re-designate documents SBPP-03084 to SBPP-03385 as CONFIDENTIAL. If Defendant disagrees, then it should be compelled to produce SBPP-03084 to SBPP-03385 that it has designated as AEO to the Court under seal for its consideration. Otherwise, Defendant must de-designate these AEO documents on its own as requested by Plaintiff.

## VI. ARGUMENT

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

During discovery, relevance is broadly construed "to encompass any matter that bears on,

7

or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947*))*; *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F.3d 390, 402 (4th Cir. 2003) (stating that discovery under the Federal Rules "is broad in scope and freely permitted"). The party resisting discovery bears the burden of showing why it should not be granted. Specifically, the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc*., 334 F.3d at 402-03; *see also Jones v. Circle K Stores, Inc*., 185 F.R.D. 223, 224 (M.D.N.C. 1999).

Further, during discovery, Federal Rule of Civil Procedure 26(g) requires an attorney or party to sign and certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" every discovery response is—

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1). The Court, "on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both," when a certification violates Rule 26(g) (1) without substantial justification. Fed. R. Civ. P. 26(g)(3).

Rule 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 651 (C.D. Cal. 2007) (*quoting* Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment). Fulfilling the spirit and purposes of the discovery rules "requires cooperation rather than contrariety, communication rather than confrontation." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357 (D. Md. 2008). The advisory committee's note to the 1983 amendment states that Rule 26(g) "provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment. The duty to make a "reasonable inquiry" is "a matter for the court to decide on the totality of the circumstances" using an objective standard. *Id.*

Parties should note that "the AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious. *Motorola, Inc. v. Lemko Corp.,* 08 CV 5427, 2010 WL 2179170, at *5 (N.D.Ill. June 1, 2010).

In this case, Defendant stated to Plaintiff during its March 15, 2018 meet and confer conference call that it would not be supplementing any more of its responses to Plaintiff's discovery requests. (See Dkt. No. 47.5; Ex. 4 to Memorandum in Opposition). Plaintiff filed its pending Motion to Compel (Dkt. No. 39). Only after Plaintiff filed its pending Motion to Compel (Dkt. No. 39), Defendant then produced the aforementioned AEO documents on June 26, 2016 (Dkt. No. 47.3; Ex. 2 to the Memorandum in Opposition). Upon information and

belief, it is clear from Defendant's conduct that it deliberately withheld documents Plaintiff requested and only released them when Plaintiff filed a Motion to Compel. Further, Defendant has classified such documents at the highest level of protection, *i.e.*, AEO, when such documents could be produced as confidential if Defendant redacts what it justifiably under the law identifies as attorneys eyes only content.

Upon information and belief, many of these documents that Defendant unjustifiably and improperly designated AEO designation was done so in order to put further burden on Plaintiff in litigating this case and to increase Plaintiff's legal cost of this litigation.

Defendant must be compelled to be very selective in its AEO designation, and most, if not all, of its AEO documents can be de-designated to Confidential if Defendant redacts what it justifiably under the law identifies as attorneys eyes only content.

Further, if the Court seeks to examine theses highly protected AEO documents designated by Defendant, then Plaintiff asks the Court to compel Defendant to deliver its AEO designated documents to it, as it is Defendant's designation that has placed these AEO documents as so highly sensitive. If Defendant does not seek to expose its AEO documents, then it can certainly voluntarily de-designate them on its own as requested by Plaintiff.

Otherwise, discovery and trial preparation will be significantly more difficult and expensive when the parties' attorneys cannot make a complete disclosure of relevant facts to their client and Court, and it leaves Plaintiff in a difficult position to assess whether Defendant's arguments put forward on its behalf are meritorious. *See id*.

## VII. CONCLUSION

Plaintiff seeks an order under Federal Rule of Civil Procedure 26(g) or Rule 37 requiring Defendant to remedy what it asserts is an improper document designation, in bad faith and to pay

10

Case 3:16-cv-00695-FDW-DCK   Document 61   Filed 09/11/18   Page 10 of 12

the costs incurred by Plaintiff as a result of this motion and the costs associated with reviewing and analysing Defendant's improperly designated AEO documents.

Respectfully submitted this the 11th day of September, 2018.

Attorneys for Plaintiff

/s/ Mark W. Ishman
Mark W. Ishman
N.C. State Bar No. 27908
ISHMAN LAW FIRM, P.C.
9660 Falls of Neuse Road, Box 138-350
Raleigh, North Carolina 27615
Telephone: (919) 468-3266
Email: mishman@ishmanlaw.com

Kristin G. Garris
N.C. State Bar No.38767
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Tel: (212) 508-6783
Email: garris@thsh.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney do hereby certify that I have served all parties in this action with a copy of the **PLAINTIFF'S MOTION TO COMPEL** by electronically filing the same *via Pacer* to the address listed below:

    Jonathan E. Buchan, Jr, Esq.
    jbuchan@essexrichards.com
    Essex Richards, P.A.
    1701 South Blvd.
    Charlotte, NC 28203

    Natalie Dawn Potter, Esq.
    npotter@essexrichards.com, hbadger@essexrichards.com
    Essex Richards, P.A.
    1701 South Blvd.
    Charlotte, NC 28203

This the 11th day of September, 2018.

                                    Attorneys for Plaintiff

                                    /s/ Mark W. Ishman
                                    Mark W. Ishman
                                    N.C. State Bar No. 27908
                                    ISHMAN LAW FIRM, P.C.
                                    9660 Falls of Neuse Road, Box 138-350
                                    Raleigh, North Carolina 27615
                                    Telephone: (919) 468-3266
                                    Email: mishman@ishmanlaw.com

                                    Kristin G. Garris
                                    N.C. State Bar No.38767
                                    TANNENBAUM HELPERN SYRACUSE &
                                    HIRSCHTRITT LLP
                                    900 Third Avenue
                                    New York, New York 10022
                                    Tel: (212) 508-6783
                                    Email: garris@thsh.com

12

Case 3:16-cv-00695-FDW-DCK   Document 61   Filed 09/11/18   Page 12 of 12