# ISHMAN LAW FIRM, P.C.

9660 FALLS OF NEUSE ROAD, SUITE 138-350
RALEIGH, NORTH CAROLINA 27615
*mailing address*

FORUM I BUILDING
8601 SIX FORKS RD., ST. 400
RALEIGH, NC 27615

TEL: (919) 468-3266
FACSIMILE: (919) 882-1466
www.IshmanLaw.com | www.IshmanLegal.com

9104 FALLS OF NEUSE ROAD
SUITE 200
RALEIGH, NC 27615

August 8, 2018

**Sent via Email**

Natalie Potter <NPotter@essexrichards.com>
Jonathan Buchan <Jbuchan@essexrichards.com>
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203

Re:   *Baronius Press, Ltd. v. Saint Benedict Press, LLC*
      United States District Court, Western District of North Carolina
      Case No. 3:16-cv-00695-GCM

Dear Ms. Potter and Mr. Buchan,

We are sending you this correspondence to inform you of your deficiencies in your Privilege Log and incorrect designation of Attorney's Eyes Only (AEO) documents in your Disclosures. Below are examples of your deficiencies.

**Privilege Log – June 26, 2018**

**1.**

| Document Date | Type of Document | Person in Possession of the Document | Author of the Document | Reason for Not Producing |
|---|---|---|---|---|
| January 8, 2013 | Emails regarding researching Plaintiff's claims | Natalie D. Potter, Jonathan Buchan, Defendant | Employee of Defendant and Sharon O'Donovan | Created in anticipation of litigation or for trial. |

You are claiming that there are privileged emails between Defendant and Sharon O'Donovan of Mercier Press on January 8, 2013 alleging they were 'created in anticipation of litigation or for trial.' We do not understand how these emails could possibly have been 'created in anticipation of litigation or for trial' as Defendant had not yet committed acts that caused Plaintiff to file a lawsuit against it. These documents should therefore be disclosed to Plaintiff.

(the remaining portion of this page is intentionally left blank.)

Saint Benedict Press, LLC aka TAN
c/o Essex Richards, P.A.
August 8, 2018
Page 2

**2.**

| Document Date | Type of Document | Person in Possession of the Document | Author of the Document | Reason for Not Producing |
|---|---|---|---|---|
| January 7, 2014 to January 21, 2014 | Emails between Defendant's employee and Francesca Bressan regarding researching Plaintiff's claims | Natalie D. Potter, Defendant | Employee of Defendant & Francesca Bressan | Created in anticipation of litigation or trial. |

Again you are claiming that these emails were "created in anticipation of litigation or for trial." We do not understand how these emails could possibly have been 'created in anticipation of litigation or for trial' as Defendant had not yet committed acts that caused Plaintiff to file a lawsuit against it. These documents should therefore be disclosed to Plaintiff.

**3.**

| Document Date | Type of Document | Person in Possession of the Document | Author of the Document | Reason for Not Producing |
|---|---|---|---|---|
| ? | Possible emails, and notes regarding a conversation between Conor Gallagher and Marshall Leaffer, Esq. regarding Plaintiff's claims | Conor Gallagher, Marshall Leaffer, Esq. | Conor Gallagher, Marshall Leaffer, Esq. | Marshall Leaffer, Esq. Attorney client privilege/ Attorney work product, created in anticipation of litigation of for trial. To date Mr. Gallagher has been unable to locate correspondence with attorney Leaffer and is unsure if such correspondence exists at this time as the consultation may have taken place only over the phone. |

Defendant has also listed as privileged, documents that its counsel has not seen and these documents existence are noted as *"possible"*. Moreover, how can Defendant claim 'Attorney client privilege/ Attorney work product, created in anticipation of litigation or for trial' on documents that may not even exist? Defendant should either locate the documents and update the privilege log or remove this log entry.

**Attorney's Eyes Only (AEO) Documents**

1. There is no reason to mark documents Bates No. SBPP-02318 to SBPP-03047 as AEO. These documents are not even confidential. All protection needs to be removed from these documents.

2. The released AEO documents Bates No. SBPP-03386 to SBPP-03392 do not relate to the current case. While *Fundamentals* is mentioned in one of the emails, it is on a completely unrelated matter. Also,

any confidential information in the documents has already been redacted, therefore these documents should only be designated as Confidential.

3. Additionally, documents Bates No. SBPP-03084 to SBPP-03385 have been marked AEO. In fact, if the client's names, emails and other confidential information etc. were redacted in these documents, then such documents would only be Confidential. The other information such as the dates of purchase, location where infringing works were distributed to, the number of infringing works sold and the purchase price of the infringing works, etc. are not AEO designation. We therefore request that you redact where you claim privileges and then produce both the redacted responsive documents and the updated privilege log.

We would like to schedule a meet and confer with you to discuss Defendant's privilege log and attorneys eyes only designations. Can you please confirm if you are available on Tuesday, August 14 or Wednesday, August 15 and at what time?

With best regards,

/s/ *Mark W. Ishman*

Mark W. Ishman, Esq.