

Norris A. Adams, II
Robert S. Blair, Jr. †
Jonathan E. Buchan, Jr.
Edward G. Connette
Heather W. Culp
John T. Daniel

* Also admitted in MD
† NC Board Certified Specialist in Family Law

Richard A. Elkins
Lauren V. Lewis †
Stephen H. Morris
Natalie D. Potter*
Caitlin H. Walton

Retired
Kenneth F. Essex
Channing O. Richards

npotter@essexrichards.com
Direct dial: 704-285-1111

August 29, 2018

Mark W. Ishman
Ishman Law Firm, P.C.
9660 Falls of Neuse Road
Suite 138-350
Raleigh, NC  27615

Via U.S. Regular Mail and
Email to: mishman@ishmanlaw.com

> **Re:** **Baronius Press, Ltd. V. Saint Benedict Press, LLC**
> **3:16 cv-00695-GCM (USDC – WDNC)**

Dear Mark:

This letter is in response to your August 8, 2018 letter regarding Saint Benedict Press' privilege log and documents that it has designated Confidential – Attorney Eyes Only.

We have addressed each item listed in your August 8, 2018 letter below:

<u>Privilege Log – June 26, 2018</u>

<u>Items 1 & 2</u>:  In your August 8, 2018 letter you claim the documents that are the subject of the following two entries could not be subject to the "created in anticipation of litigation or trial" protection.  One entry is dated January 8, 2013 and another entry is dated January 7, 2014 to January 21, 2014.  Of course, we disagree with your statement that these items could not have been created in anticipation of litigation as Baronius Press started accusing Saint Benedict of infringing on its rights in early 2013.  Regardless, our client is producing these documents contemporaneously with this letter.  See documents bates stamped SBPP-03395 to SBPP-04000.  We have also enclosed an updated Privilege Log noting the changes in the status of these documents.

<u>Item 3</u>.  In your August 8, 2018 letter you claim that the reference in the privilege log to the "Possible emails, and notes regarding a conversation between Conor Gallagher and Marshall Leaffer, Esq. regarding Plaintiff's claims" is not subject to the attorney client privilege protection.  Of course, we disagree.  Although our client recalls communicating with Mr. Leaffer, it has not been able to locate any documents in its possession received from, or sent to, Mr. Leaffer.  Our client does not know what, if any, documents or emails Mr. Leaffer may have on the subject.  Regardless, our client consulted Mr. Leaffer as an attorney regarding Plaintiff's claims.  Therefore, if such material exists,

Attorneys at Law | 1701 South Boulevard, Charlotte, North Carolina 28203
www.essexrichards.com | 704.377.4300 phone | 704.372.1357 fax

Case 3:16-cv-00695-FDW-DCK   Document 61-3   Filed 09/11/18   Page 1 of 2

it would and is protected by the attorney client privilege or the attorney work product doctrine. Our client will update its privilege log with the specifics of any emails or documents it locates; however, it sees no need to "remove" it from the list as you demand.

<u>Attorney's Eyes Only (AEO) Documents</u>

In your August 8, 2018 letter you also demand that certain documents that Saint Benedict marked as Attorney Eyes' Only be undesignated as such. Each set of documents referenced in your August 8, 2018 letter are addressed below:

<u>SBPP-02318 to SBPP-03047</u>: You contend that "[t]here is no reason to mark [these documents]" as they are "not even confidential." As SBPP-02318 to SBPP-03047 is a DRAFT of the re-typesetting completed by Saint Benedict but never published, they are confidential. Given that Saint Benedict and Baronius Press are competitors, Saint Benedict does not want Baronius Press to have access to its unpublished work. Therefore, we will not remove the "Attorneys Eyes Only" designation assigned to these documents.

<u>SBPP-03386 to SBPP-03392</u>: You contend that these documents "do not relate to the current case," and, any confidential information has been redacted and therefore the designation should be removed. Clearly, the method and substance of our client's negotiations with someone it was working on a project with would be a trade secret. As you are well aware, our clients are direct competitors with great distrust of one another. Saint Benedict is not comfortable with your client having access to information regarding its negotiations with one of its consultants. Therefore, we will not remove the designations.

<u>SBPP-03084 to SBPP-03385</u>: You contend that "if the client's names, emails, and other confidential information etc. were redacted in these documents, then such documents would only be Confidential." As you can see from reviewing the documents, confidential information, such as the client's name, isn't contained in one section that can be easily redacted, but instead is contained throughout various parts of the emails. To redact over 300 pages of information would be unduly burdensome. If there are certain, specific, documents that you need to show your client that you would like us to redact, my client is willing to consider such a request, however, it is not willing to incur the hours of time and the associated expense to redact such information from all 300 plus pages of documents without some further explanation as to why undergoing such an expense would be necessary.

    I am available to "meet and confer" between 9:00 AM to 11:00 AM Thursday, August 30, 2018 and 9:00 AM to 5:00 PM on Friday, August 31, 2018.

Sincerely,

Natalie D. Potter

NDP/hmb
Enclosure

cc:    Kristin G. Garris (via email only to: garris@thsh.com)