IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-cv-00695-GCM

| | |
|---|---|
| BARONIUS PRESS, LTD., | ) |
| Plaintiff, | ) ) **DEFENDANT'S MEMORANDUM IN** |
| | ) **SUPPORT OF ITS MOTION** |
| v. | ) **TO COMPEL DISCOVERY** |
| | ) |
| SAINT BENEDICT PRESS LLC, | ) |
| | ) |
| Defendant. | ) |

Defendant Saint Benedict Press, LLC ("Saint Benedict"), by and through its undersigned counsel, submits this Memorandum in Support of its Motion to Compel Plaintiff to fully respond to Defendant's Second Set of Interrogatories and Requests for Production of Documents.

## I. INTRODUCTION

This is a copyright infringement case involving a single work, a book titled *Fundamentals of Catholic Dogma* ("Work"). Plaintiff has alleged that it has suffered damages, including actual damages, because of Defendant's alleged infringement. (Doc. No. 16, p. 11). By serving Plaintiff with Defendant's Second Set of Interrogatories and Request for Production of Documents ("Defendant's Second Set of Discovery"), Defendant has sought discovery regarding the amount of Plaintiff's alleged damages and Plaintiff's method of calculating its alleged damages.

Plaintiff initially refused to respond in any meaningful way to Defendant's discovery requests regarding Plaintiff's damages. After Defendant notified Plaintiff and the Court by letter on September 18, 2018 that Defendant intended to file a motion to compel in order to obtain the information, Defendant supplemented its responses by providing some information regarding its alleged damages which Defendant received on October 1, 2018. However, both Plaintiff's initial

1

responses and its supplemental responses have not fully responded to the discovery request or provided Defendant information sufficient to allow Defendant to understand Plaintiff's alleged damages theory. Plaintiff's sustained refusal to fully respond to discovery requests has substantially hindered Defendant's ability to prepare for the trial of this case and to fully evaluate the case.

Plaintiff has also refused to provide an unredacted copy of an important email between Plaintiff and a third-party whereby it appears that Plaintiff was attempting to obtain the publication rights to the Work, which is the basis for Plaintiff's claims against Defendant. Plaintiff maintains that the email is a "trade secret," although the visible parts of the email do not support that argument. In addition, there is a Consent Protective Order in place to deal with such contentions of confidentiality. (Doc. No. 26).

Finally, Plaintiff notified Defendant on July 31, 2018 in its first[1] Supplemental Responses to Defendant's Second Set of Discovery Requests that Plaintiff has documents responsive to request for production No. 12 of Defendant's First Set of Interrogatories and Request for Production of Documents that Plaintiff is refusing to produce. Plaintiff made this revelation in its supplemental response to Request for Production of Documents number 3 of Defendant's Second Set of Discovery. In its response, Plaintiff states that Plaintiff is willing to disclose the documents sought only "after Defendant has disclosed the correspondence with Verlag Herder that it holds." Defendant has produced all correspondence between Defendant and Verlag Herder that it has been able to locate. Plaintiff's allegations regarding Defendant's failure to produce Verlag Herder

---

[1] Plaintiff has supplemented its responses to Defendant's Second Set of Discovery on two separate occasions, once on July 31, 2018 and then again on September 28, 2018 (which Defendant received on October 1, 2018); however, Plaintiff titled both documents "Baronius Press, LTD's Supplemental Responses to Defendant Saint Benedict Press, LLC's Second Set of Interrogatories and Requests for Production of Documents without differentiating between the first supplemental response and the second supplemental response. Plaintiff only supplemented its response to Interrogatory No. 1 in its second supplemental response.

documents were addressed at the October 3, 2018 Motion to Compel hearing, at which the Court denied Plaintiff's Motion to Compel.

Defendant's Motion to Compel should be granted for the reasons set for below.

## II. TIMELINE

1. On April 23, 2018, Defendant served Plaintiff with Defendant's Second Set of Discovery.

2. On April 26, 2018, Defendant produced document bates stamped BP 00931. BP 00931 is an email between Plaintiff and a third-party regarding Plaintiff's efforts to secure rights relating to the Work. Plaintiff redacted a portion of BP 00931. The redacted portion appears to concern Plaintiff's efforts to obtain rights relating to the Work. Plaintiff is refusing to produce an unredacted version of BP 00931 on the basis that it is a "trade secret."

3. Plaintiff responded to Defendant's Second Set of Discovery on May 24, 2018.

4. Plaintiff supplemented its responses to Defendant's Second Set of Discovery on July 31, 2018 ("First Supplemental Responses").

5. Plaintiff again supplemented its responses to Defendant Second Set of Discovery on September 28, 2018 after receiving Defendant's September 18, 2018 letter to the Court notifying the Court that Defendant was going to file a Motion to Compel to compel the responses.

6. Plaintiff has failed to respond fully to Defendant's Second Set of Discovery in that Plaintiff has failed and refused to fully respond to Interrogatory number 1 and Request for Production of Documents numbers 4, 8, and 9 of Defendant's Second Set of Discovery, all of which deal with Plaintiff's alleged damages.

### III. PLAINTIFF HAS FAILED TO FULLY RESPOND TO DEFENDANT'S SECOND SET OF WRITTEN DISCOVERY

Defendant's Second Set of Discovery seeks information and documents regarding Plaintiff's alleged damages including its actual damages and any computation it has used or is using to compute its damages. Plaintiff has failed and refused to fully respond to Interrogatory no. 1, and Request for Production of Documents nos. 4, 8, and 9. Each interrogatory and request that Plaintiff has failed to respond to is addressed below. Plaintiff's responses and supplemental responses, to each are also included.

### A. Defendant's Interrogatory No. 1 asked that Plaintiff:

1. State all damages that You contend You suffered as a result of Saint Benedict's selling of the Work, include in Your response the total dollar figure of all damages You contend You have suffered and any formula You used to come up with such figure. For example, if You contend that Your damages are $30.00, You would state $30.00 and then break down the amount such as: $10.00 for lost sales of the Work, $10.00 for lost sales of other Works, $10.00 for attorney fees.

### Plaintiff's May 24, 2018 Response to Interrogatory No. 1:

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. The Discovery is still ongoing. Subject to and without waiving all of the foregoing objections, Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all [sic] requested Interrogatories and Documents are received from Defendant, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

Exhibit 1, Pl.'s Resps. to Def.'s Second Set of Interrogs. and Req. for Produc. of Docs.

### Plaintiff's July 31, 2018 Supplemental Response to Interrogatory No. 1:

At this time, Plaintiff does not have anything to add to the above.

4

> Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc., as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchasers of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives [sic] these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery requests.**

Exhibit 2, Pl.'s Suppl. Resps. to Def.'s Second Set of Interrogs and Req. for Produc. of Docs.

### **Plaintiff's September 28, 2018 Supplemental Response to Interrogatory No. 1:**

> Plaintiff claims various losses (i) lost sales of the Work (ii) lost sales of other works (iii) profits made by Defendant as a result of advertising of Defendant's various products, brands and imprints that caused or contributed to the profits Defendant made from the sale of the infringing Work and (iv) attorney's fees and associated costs of litigation.
> At this moment, plaintiff is only able to provide the calculation for (i) lost sales of the Work and (ii) lost sales of other works. Such calculations have been made using Plaintiff data of sales made in the USA from the launch of *Fundamentals* to September 28, 2018. Plaintiff will supplement the remaining damages it claims when Defendant responds to Plaintiff Second Set of Written Discovery Requests. As with the Defendant's First, Second and Third Written Discovery Requests, Plaintiff reserves its right to supplement its responses to Defendant's Second Set of Written Interrogatory requests.



Exhibit 3, Pl.'s Suppl. Resps. to Def.'s Second Set of Interrogs and Req. for Produc. of Docs.

Defendant has redacted the figures provided as Plaintiff designated the information as Attorney's Eyes Only in documents produced to Defendant.

Although Plaintiff provided a response to Interrogatory No. 1 on September 28, 2018, Plaintiff's response does not fully answer the Interrogatory. For example, Plaintiff currently offers the Work for sale in the United States at the price of $59.95; however, Plaintiff contends that it has lost profits in an amount in <u>excess</u> of $59.95 per copy of the Work sold. In Plaintiff's response to Interrogatory number 1, Plaintiff includes a line item for "Average Add on Sales" but does not state what the "Add on Sales" are, where the figures came from, or provide any information regarding what titles the "Add on Sales" represent.

Although Plaintiff stated in its deficient Disclosure of Expert Witnesses that Plaintiff was "currently in the process of retaining a damage [sic] expert that will provide expert report(s)…." Plaintiff never designated or otherwise identified a damages expert despite being given 10

additional months to do so. (Doc. No. 36-2, p. 3) (Doc. Nos. 31 and 33). In fact, after moving the Court for additional time in which to identify expert witnesses and produce its expert witness reports and stating to the Court that "Plaintiff's copyright expert is nearing completion with her analysis and expert report," Plaintiff never produced any expert report and "de-designated" the only two experts (both copyright experts) that Plaintiff had earlier attempted to identify. (Doc No. 31, p. 5; Doc. No. 72-2, p. 1).

During Plaintiff's 30(b)(6) deposition, Defendant asked Plaintiff's 30(b)(6) witness, Pavel "Paul" Kejik, about Plaintiff's alleged damages, specifically asking Plaintiff: "Has Baronius Press suffered a quantifiable monetary loss as a result of Saint Benedict Press's [sic] publication of *Fundamentals of Catholic Dogma*?" (Exhibit 4 Baronius Press, Ltd. Dep. 183:16-18, March 22, 2018) Plaintiff's representative responded: "I believe it has, but I am not competent to quantify it. It would have to be a professional who is familiar with how to quantify this amount." (Exhibit 4 Baronius Press, Ltd. Dep. 183:19-21, March 22, 2018) After additional questioning, Mr. Kejik further testified that no one at Baronius Press is qualified to provide numbers regarding Plaintiff's damages. (Exhibit 4 Baronius Press, Ltd. Dep. 184:13-24, March 22, 2018) Mr. Kejik also testified that Baronius Press has no employees. (Exhibit 5 Baronius Press, Ltd. Dep. 21:2-5, March 21, 2018).

**B. Defendant's Request for Production of Documents no. 4 sought:**

> 4. All Documents that You contend support Your position that Plaintiff suffered a loss in sales of works other than *Fundamentals of Catholic Dogma* because of Defendant's sale of *Fundamentals of Catholic Dogma* including, but not exclusive to, any financial information You contend supports Your position.

**Plaintiff's May 24, 2018 Response to Request for Production of Documents no. 4:**

> This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Subject to and without waiving the

7

Case 3:16-cv-00695-FDW-DCK   Document 79   Filed 10/23/18   Page 7 of 17

foregoing objections, Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create [sic] any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all [sic] requested Interrogatories and Documents are received, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

Exhibit 1, Pl.'s Resps. to Def.'s Second Set of Interrogs. and Req. for Produc. of Docs.

**Plaintiff's July 31, 2018 Supplemental Response to Request for Production no. 4:**

At this time, Plaintiff does not have anything to add to the above.

Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc., as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchasers of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives [sic] these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery requests.**

Exhibit 2, Pl.'s Suppl. Resps. to Def.'s Second Set of Interrogs and Req. for Produc. of Docs.

Although Plaintiff produced a spreadsheet on October 1, 2018 purporting to show some ambiguous sales figures, Plaintiff has otherwise failed to respond to this Request for Production of Documents.

### C. Defendant's Request for Production of Documents no. 8 sought:

8. All Documents that You contend support Your claim for damages including but not exclusive to any financial information supporting Your claim for damages.

8

### Plaintiff's May 24, 2018 Response to Request for Production of Documents no. 8:

> This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create [sic] any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all [sic] requested Interrogatories and Documents are received, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

Exhibit 1, Pl.'s Resps. to Def.'s Second Set of Interrogs. and Req. for Produc. of Docs.

### Plaintiff's July 31, 2018 Supplemental Response to Request for Production of Document no. 8:

> At this time, Plaintiff does not have anything to add to the above.
>
> Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc. as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchasers of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives [sic] these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery.**

Exhibit 2, Pl.'s Suppl. Resps. to Def.'s Second Set of Interrogs and Req. for Produc. of Docs.

Although Plaintiff produced a spreadsheet on October 1, 2018 purporting to show some ambiguous sales figures, Plaintiff has otherwise failed to respond to this Request for Production of Documents.

**D. Defendant's Request for Production of Documents no. 9 sought:**

> 8. All Documents that You used to come up with any figure contained in Your response to Interrogatory No. 1 of Defendant's Second Set of Interrogatories.

**Plaintiff's May 24, 2018 Response to Request for Production of Documents no. 9:**

> This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create [sic] any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all [sic] requested Interrogatories and Documents are received, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

Exhibit 1, Pl.'s Resps. to Def.'s Second Set of Interrogs. and Req. for Produc. of Docs.

**Plaintiff's July 31, 2018 Supplemental Response to Request for Production of Documents no 9:**

> At this time, Plaintiff does not have anything to add to the above.
>
> Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc. as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchases of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives [sic] these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery.**

Exhibit 2, Pl.'s Suppl. Resps. to Def.'s Second Set of Interrogs and Req. for Produc. of Docs.

Although Plaintiff produced a spreadsheet on October 1, 2018 purporting to show some ambiguous sales figures, Plaintiff has otherwise failed to respond to this Request for Production of Documents.

The parties held a meet and confer telephone conference on July 24, 2018 regarding Plaintiff's failure to provide any damages information. *See,* Exhibit 6, Emails between Natalie Potter, Att'y for Def., to Mark W. Ishman, Att'y for Pl. (July 24-25, 2018). During the meet and confer telephone conference, Defendant again asked that Plaintiff provide the responses to Interrogatory no. 1 and Requests for Production of Documents nos. 4, 8 and 9. During the teleconference, Plaintiff's counsel, Mark Ishman, stated that for his client to respond, his client wanted to see sales figures "broken out by month and format i.e. paperback, hardback or eBook sold" before responding. Defense counsel stated that she wasn't sure if Defendant could provide the sales figures broken down by month and format, but that she would ask her client. Mr. Ishman agreed in that conversation to at least provide Defendant with a formula for computing damages regardless of whether or not Defendant could provide the sales figures in the format that Plaintiff wanted.

After the meet and confer teleconference on July 24, 2018, Ms. Potter sent Mr. Ishman an email summarizing her understanding of the call. Exhibit 6. Mr. Ishman responded by email on July 25, 2018, to which Ms. Potter also responded. Exhibit 6. Item No. 3 of Exhibit 6 addresses Interrogatory no. 1 and Requests for Production of Documents nos. 4, 8 and 9. As reflected in Exhibit 6, Ms. Potter agreed to ask her client about breaking down the sales figures by month and formatting the information as requested by Plaintiff, and Mr. Ishman agreed to <u>at the very least</u> provide Defendant with a formula for how his client calculates damages. Exhibit 6.

11
Case 3:16-cv-00695-FDW-DCK   Document 79   Filed 10/23/18   Page 11 of 17

Defendant produced on August 10, 2018 to Plaintiff, Defendant's sales figures broken down by month and in the format requested by Plaintiff. Exhibit 7, Letter from Natalie Potter, Att'y for Def., to Mark W. Ishman, Att'y for Pl. (August 10, 2018).[2] In addition to the sales figures produced on August 10, 2018, Defendant previously produced Defendant's sales figures and information to Plaintiff on June 19, 2017, July 25, 2017, November 24, 2017, March 8, 2018, and on June 26, 2018 including document bates stamped SBPP-00296. Exhibit 8, Def.'s Profits for Books Shipped 04/01/2014 – 07/17/2017 for *Fundamentals of Catholic Dogma*, bates stamped SBPP-00296 (July 20, 2017).[3] Despite having ample information regarding Defendant's sales of the Work, Plaintiff has still refused to meaningfully respond to Interrogatory no. 1 and Requests for Production of Documents nos. 4, 8 and 9.

## IV. VERLAG HERDER DOCUMENTS

On July 31, 2018 in its first[4] Supplemental Responses to Defendant's Second Set of Discovery Requests Plaintiff stated the following:

> Plaintiff is in possession of correspondence between Defendant and Verlag Herder, Germany. Despite Plaintiff's request, Defendant has not released any correspondence with Verlag herder and noted the correspondence in its privilege log.[5] While Plaintiff is willing to disclose the correspondence it holds, it will only disclose it after Defendant has disclosed the correspondence with Verlag Herder that it holds.

Exhibit 2, Pl.'s Suppl. Resps. to Def.'s Second Set of Interrogs and Req. for Produc. of Docs.

---

[2] The sales figures have been redacted from this exhibit so that the exhibit could be filed with the court without the need to file it under seal; however, Defendant produced an unredacted version to Plaintiff, which was marked "Confidential."

[3] The actual numbers have been redacted from this exhibit so that the exhibit could be filed with the court without the need to file it under seal; however, Defendant produced an unredacted version to Plaintiff which was marked "Confidential."

[4] Plaintiff has supplemented its responses to Defendant's Second Set of Interrogatories and Requests for Production of Documents on two separate occasions, once on July 31, 2018 and then again on September 28, 2018; however, Plaintiff titled both documents "Baronius Press, LTD's Supplemental Responses to Defendant Saint Benedict Press, LLC's Second Set of Interrogatories and Requests for Production of Documents" without differentiating between the first supplemental response and the second supplemental response. Plaintiff only supplemented its response to Interrogatory No. 1 in its second supplemental response.

[5] Defendant denies has produced its correspondence between Verlag Herder and Defendant.

Although Plaintiff made this statement in response to Request for Production of Document number 3 of Defendant's Second Set of Written Discovery, it is actually responsive to request for production No. 12 of Defendant's First Set of Interrogatories and Request for Production of Documents, which specifically sought:

> " [A]ll Documents sent to, or received from, Verlag Herder or any representive of Verlag herder, Releating to the English Work, the German Work, or Defendant."

Exhibit 9 Def.'s First Set of Interrogs and Req. for Produc. of Docs.

Plaintiff's allegations regarding Defendant's failure to produce Verlag Herder documents were addressed during the hearing on Plaintiff's Motion to Compel which took place on October 3, 2018 and which the Court denied. Defendant is now seeking the documents that Plaintiff concedes it is holding hostage.

Plaintiff cannot, in any event, refuse to respond to discovery simply because it contends that Defendant hasn't provided it with adequate responses to its discovery requests. *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 657 (D. Md. 1997) ("It is clear under the text and spirit of the discovery rules that the existence of a discovery dispute as to one matter is not a ground to delay or withhold the taking of other discovery."). *Id.* at 657  Defendant has repeatedly provided Plaintiff with the information it alleges it needs to fully respond to the discovery requests. Defendant has provided Plaintiff with sales figures and related information (including updated sales figures) six different times: June 19, 2017, July 25, 2017, November 24, 2017, March 8, 2018, June 26, 2018 and most recently on August 10, 2018.

Despite the fact that Plaintiff has had information sufficient to respond to the discovery requests at issue Plaintiff has throughout discovery in this case refused to do so, instead stating each time that it can't respond because Defendant hasn't adequately responded to Plaintiff's discovery requests, or that it needs additional information, or needs the information presented in a

different format before Plaintiff can or will respond. For example, during the July 24, 2018 meet and confer telephone conference Plaintiff stated that it needed to see the sales figures broken down by month and format. Exhibit 6. After Defendant produced the sales figures by month and in the format requested, Plaintiff stated that it needed even more information regarding Defendant's sales. Exhibit 10 Correspondence from Mark M. Ishman, counsel for Plaintiff, to Natalie D. Potter, counsel for Defendant (August 14, 2018) Plaintiff's refusal to even explain its method for calculating its alleged damages put Defendant at a substantial disadvantage in meeting its own October 15, 2018 deadline to disclose its damages expert witness and produce a full expert witness report.

## V. ALL PORTIONS OF BP 00931 ARE DISCOVERABLE

On April 26, 2018, Defendant produced document bates stamped BP 00931 which is an email with a third-party, Nova et Vetera,[6] regarding Plaintiff's efforts to secure rights relating to the Work. Plaintiff redacted a portion of the email. The redacted portion appears to address Plaintiff's concerns about what entity owns the rights to the Work. Exhibit 11, Email from Tom Healy, Pl.'s Manager to Benedikt Trost, Employee of Nova et Vetera, bates stamped BP 00931 (November 19, 2013). The redacted sentence states:

"One aspect that I am keen to tie up is the succession in the rights to the work-…."

The remainder of that sentence, as well as the entire following sentence, are redacted. When Defendant requested that Plaintiff produce an unredacted version of BP 00931, Plaintiff refused to do so stating that "[i]t is a trade secret." Exhibit 12, Letter from Mark W. Ishman, Att'y for Pl., to Natalie Potter, Att'y for Def. (Sept. 12, 2018). Trade secrets are generally:

---

[6] Plaintiff contends in its First Amended Verified Complaint that it received rights to the Work from Nova et Vetera. (Doc. No. 16).

"business or technical information, including but not limited to a formula, pattern, program, device, compilation of information, method, technique, or process that:
   a. Derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use; and
   b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

N.C. Gen. Stat. § 66-152(2018).

Nothing about this email appears to be a "trade secret." Regardless, on March 21, 2017, the Court entered a protective order in this case that allowed the parties to mark documents, such as those containing trade secrets, as "Confidential – Attorney's Eyes Only." Plaintiff has no basis for withholding this document as this document does not contain any "trade secrets" and addresses an issue which goes to the heart of this case. (Doc. No. 26).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to respond. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). The trial court has broad discretion in determining whether to grant or deny a motion to compel. *Ikon Office Sols., Inc. v. Konica Minolta Bus. Sols., U.S.A., Inc.,* No. 3:08-CV-539-RLV-DCK, 2009 U.S. Dist. LEXIS 116372, at *4-5 (W.D.N.C. Nov. 25, 2009). The burden is on the party resisting discovery to establish that the information and documents sought should not be produced. *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys.,* No. 1:05CV955, 2011 U.S. Dist. LEXIS 65422, at 20 (M.D.N.C. June 20, 2011) ("the Court adopts the view consistently taken by district judges and magistrate judges throughout the Fourth Circuit (including members of this Court) over five decades, i.e., that the party resisting discovery (including on relevance grounds), not the party moving to compel discovery, bears the burden of persuasion."). Defendant now asks the Court to exercise its discretion and require the Plaintiff to

15

produce the information sought by Defendant's Motion to Compel Discovery and Defendant's Memorandum in Support of its Motion to Compel Discovery.

## VI. CONCLUSION

For the foregoing reasons Defendant, Saint Benedict Press, LLC, requests that: (1) its Motion to Compel Discovery be GRANTED; (2) Plaintiff be required to fully respond to Defendant's Second Set of Interrogatories and Requests for Production of Documents by fully responding to Interrogatory no. 1 and Requests for Production of Documents nos. 4, 8 and 9; (3) Plaintiff be compelled to produce to Defendant an unredacted copy of BP 00931; (4) Plaintiff be required to produce to Defendant all non-privileged documents that reflect correspondence with Verlag Herder; and (5) it be awarded its costs and fees incurred in connection with this motion in accordance with Rule 37(a)(5).

Respectfully submitted this 23rd day of October, 2018.

/s/ Natalie D. Potter
Natalie D. Potter, N.C. State Bar No. 34574
Jonathan E. Buchan, N.C. State Bar No. 8205
Attorneys for Defendant
Essex Richards, PA
1701 South Blvd.
Charlotte, NC 28203
Telephone: (704) 377-4300
Fax: (704) 372-1357
Email: npotter@essexrichard.com
Email: jbuchan@essexrichards.com

# CERTIFICATE OF SERVICE

I hereby certify I electronically filed this document through the CM/ECF system, which will send a notice of electronic filing to:

        Mark W. Ishman
        Ishman Law Firm, P.C.
        mishman@ishmanlaw.com
        *Attorney for Plaintiff*

        Kristin G. Garris
        Tannenbaum Helpern Syracuse & Hirschtritt, LLP
        garris@thsh.com
        *Attorney for Plaintiff*

        Luke J. Farley, Sr.
        Conner Gwyn Schenck, PLLC
        lfarley@cgspllc.com
        *Attorney for Brent Klaske, a non-party witness*

This the 23rd of October, 2018.

        /s/ Natalie D. Potter
        Natalie D. Potter, N.C. State Bar No. 34574
        Jonathan E. Buchan, N.C. State Bar No. 8205
        Attorneys for Defendant
        Essex Richards, P.A.
        1701 South Blvd.
        Charlotte, NC 28203
        Telephone: (704) 377-4300
        Fax: (704) 372-1357
        Email: npotter@essexrichards.com
        Email: jbuchan@essexrichards.com