IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-cv-00695-GCM

| | |
|---|---|
| BARONIUS PRESS, LTD., ) | ) |
| ) | **BARONIUS PRESS, LTD.'S RESPONSES TO** |
| Plaintiff, ) | **DEFENDANT SAINT BENEDICT PRESS, LLC'S** |
| ) | **SECOND SET OF INTERROGATORIES** |
| v. ) | **AND REQUESTS FOR PRODUCTION OF** |
| ) | **DOCUMENTS** |
| SAINT BENEDICT PRESS LLC, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Baronius Press, Ltd. (hereinafter "Baronius Press"), by and through undersigned counsel hereby respond and object to Defendant, Saint Benedict Press, LLC (hereinafter "Saint Benedict") Second Set of Interrogatories and Requests for Production of Documents (hereinafter "Requests or Discovery Requests") as follows:

## PRELIMINARY STATEMENT

Plaintiff Baronius Press has made a reasonable and good faith effort to respond to those discovery requests that are intelligible in the context of this matter and not otherwise objectionable. Plaintiff Baronius Press has not yet completed their investigation of the facts relating to this protest, received all documents relating to this protest, interviewed witnesses in connection with this protest, or completed their discovery or preparation of the factual and legal issues in this protest. Each of the following responses, therefore, is based upon information known to Plaintiff Baronius Press at this time and on documents presently available and specifically known to it after a reasonable, diligent search. These answers and objections are made without prejudice to, and are not a waiver of, Plaintiff Baronius Press's right to rely on other facts or documents at trial.
Case 3:16-cv-00695-FDW-DCK   Document 79-2   Filed 10/23/18   Page 1 of 7

1

13. The foregoing General Objections are incorporated by reference into each of the following specific responses and objections to Defendant Saint Benedict's Requests, and all such specific responses are made subject to and without waiver of the foregoing general objections, whether or not specifically reiterated in the specific responses themselves.

**INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff hereby responds to Defendant's' First Set of Interrogatories subject to the General Objections and specific objections set forth below.

l. State all damages that You contend You suffered as a result of Saint Benedict's selling of the Work, include in Your response the total dollar figure of all damages You contend You have suffered and any formula You used to come up with such figure. For example, if You contend that Your damages are $30.00, You would state $30.00 and then break down the amount such as: $10.00 for lost sales of the Work, $10.00 for lost sales of other Works, $10.00 for attorney fees.

**RESPONSE:**

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. The Discovery is still ongoing. Subject to and without waiving all of the foregoing objections, Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received from Defendant, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

RESPONSE: Subject to and without waiving the foregoing objections, Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing and Plaintiff will supplement its response to this Request once it has sufficient evidence to prepare an expert report.

3. All Documents sent to, or received from, the Defendant or any affiliate or predecessor of Defendant.

RESPONSE:

Subject to and without waiving the foregoing objections, Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Subject to and without waiving the foregoing objections, Plaintiff identifies correspondence to/from the Defendant or any affiliate or predecessor of Defendant, which requested documents are all in Defendant's possession and control.

4. All Documents that You contend support Your position that Plaintiff suffered a loss in sales of works other than *Fundamentals of Catholic Dogma* because of Defendant's

sale of *Fundamentals of Catholic Dogma* including, but not exclusive to, any financial information You contend supports Your position.

RESPONSE:

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Subject to and without waiving the foregoing objections, Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

5. All Documents that Paul Kejik agreed to provide during the depositions which took place on March 21, 2018 and March 22, 2018.

RESPONSE:

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Subject to and without waiving the foregoing objections, the requested documents were provided in our letter to Defendant dated April 26, 2018 and in documents bates stamped BP00874-BP01068.

8. All Documents that You contend support Your claim for damages including but not exclusive to any financial information supporting Your claim for damages.

RESPONSE:

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

9. All Documents that You used to come up with any figure contained in Your response to Interrogatory No. 1 of Defendant's Second Set of Interrogatories.

RESPONSE:

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or

preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

Plaintiff's discovery is still ongoing, and expressly reserves the right to supplement, clarify, revise, or correct any or all of the answers and objections herein this Response to Defendant's Second Set of Interrogatories and Requests for Production of Documents, and to assert additional objections or privileges, in one or more subsequent supplemental answer(s).

Respectfully submitted this the 24th day of May, 2018.

/s/ Mark W. Ishman
Mark W. Ishman
NC Bar No. 27908
Attorney for Plaintiff
Ishman Law Firm, P.C.
9660 Falls of Neuse Road, Box 138-350
Raleigh, NC 27615
Telephone: (919) 468-3266
Email: mishman@ishmanlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **RESPONSES TO DEFENDANT's SECOND SET OF WRITTEN DISCOVERY REQUESTS** was served on the parties hereto by email to the following recipients:

    Jonathan E. Buchan
    Natalie D. Potter
    Essex Richards, PA
    1701 South Blvd.
    Charlotte, NC 28203

    Telephone: (704) 377-4300
    Fax: (704) 372-1357
    Email: jbuchan@essexrichards.com
    Email: npotter@essexrichard.com

This the 24th day of May, 2018.

                                /s/ Mark W. Ishman
                                Mark W. Ishman
                                NC Bar No. 27908
                                Attorney for Plaintiff
                                Ishman Law Firm, P.C.
                                9660 Falls of Neuse Road, Box 138-350
                                Raleigh, NC 27615
                                Telephone: (919) 468-3266
                                Email: mishman@ishmanlaw.com