IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-cv-00695-GCM

| | |
|---|---|
| BARONIUS PRESS, LTD., ) | |
| ) | **BARONIUS PRESS, LTD.'S SUPPLEMENTAL** |
| Plaintiff, ) | **RESPONSES TO DEFENDANT SAINT BENEDICT** |
| ) | **PRESS, LLC'S SECOND SET OF** |
| v. ) | **INTERROGATORIES AND REQUESTS** |
| ) | **FOR PRODUCTION OF DOCUMENTS** |
| SAINT BENEDICT PRESS LLC, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Baronius Press, Ltd. (hereinafter "Baronius Press"), by and through undersigned counsel hereby supplemental responses and objections to Defendant, Saint Benedict Press, LLC (hereinafter "Saint Benedict") Second Set of Interrogatories and Requests for Production of Documents (hereinafter "Requests or Discovery Requests") as follows:

## PRELIMINARY STATEMENT

Plaintiff Baronius Press has made a reasonable and good faith effort to respond to those discovery requests that are intelligible in the context of this matter and not otherwise objectionable. Plaintiff Baronius Press has not yet completed their investigation of the facts relating to this protest, received all documents relating to this protest, interviewed witnesses in connection with this protest, or completed their discovery or preparation of the factual and legal issues in this protest. Each of the following responses, therefore, is based upon information known to Plaintiff Baronius Press at this time and on documents presently available and specifically known to it after a reasonable, diligent search. These answers and objections are made without prejudice to, and are not a waiver of, Plaintiff Baronius Press's right to rely on other facts or documents at trial.

1

responses and objections, as may become necessary, in accordance with applicable provisions of the Federal Rules of Civil Procedure and relevant case law.

13. The foregoing General Objections are incorporated by reference into each of the following specific responses and objections to Defendant Saint Benedict's Requests, and all such specific responses are made subject to and without waiver of the foregoing general objections, whether or not specifically reiterated in the specific responses themselves.

## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff hereby provides its supplemental responses to Defendant's' Second Set of Interrogatories subject to the General Objections and specific objections set forth below.

1. State all damages that You contend You suffered as a result of Saint Benedict's selling of the Work, include in Your response the total dollar figure of all damages You contend You have suffered and any formula You used to come up with such figure. For example, if You contend that Your damages are $30.00, You would state $30.00 and then break down the amount such as: $10.00 for lost sales of the Work, $10.00 for lost sales of other Works, $10.00 for attorney fees.

**RESPONSE:**

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. The Discovery is still ongoing. Subject to and without waiving all of the foregoing objections, Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received from Defendant, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

4

**SUPPLEMENTARY RESPONSE:**

At this time, Plaintiff does not have anything to add to the above.

Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc., as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchasers of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery requests.**

5

seeks information beyond the scope of discovery. Subject to and without waiving the foregoing objections, Plaintiff identifies correspondence to/from the Defendant or any affiliate or predecessor of Defendant, which requested documents are all in Defendant's possession and control.

**SUPPLEMENTARY RESPONSE:**

Plaintiff is in possession of correspondence between Defendant and Verlag Herder, Germany. Despite Plaintiff's request, Defendant has not released any correspondence with Verlag Herder and noted the correspondence in its privilege log.

While Plaintiff is willing to disclose the correspondence it holds, it will only disclose it after Defendant has disclosed the correspondence with Verlag Herder that it holds.

4. All Documents that You contend support Your position that Plaintiff suffered a loss in sales of works other than *Fundamentals of Catholic Dogma* because of Defendant's sale of *Fundamentals of Catholic Dogma* including, but not exclusive to, any financial information You contend supports Your position.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received, the

depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

**SUPPLEMENTARY RESPONSE:**

At this time, Plaintiff does not have anything to add to the above.

Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc., as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchasers of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery requests.**

5. All Documents that Paul Kejik agreed to provide during the depositions which took place on March 21, 2018 and March 22, 2018.

**RESPONSE:**

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Subject to and without waiving the foregoing objections, the requested documents were provided in our letter to Defendant dated April 26, 2018 and in documents bates stamped BP00874-BP01068.

**SUPPLEMENTARY RESPONSE:**

At this time, Plaintiff does not have anything to add to the above.

**SUPPLEMENTARY RESPONSE:**

Plaintiff disclosed the document relevant to this case as BP01144 in their letter to Defendant dated July 19, 2018.

As previously stated, St. Paul's of London is an independent third party and a customer of Plaintiff. Defendant request for any other documents between Plaintiff and St. Paul's of London relating to the English Work, is unwarranted and not permitted.

8. All Documents that You contend support Your claim for damages including but not exclusive to any financial information supporting Your claim for damages.

**RESPONSE:**

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received, the depositions have taken place and the Defendant confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

**SUPPLEMENTARY RESPONSE:**

At this time, Plaintiff does not have anything to add to the above.

<span style="color:red">Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc., as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchasers of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery requests.**</span>

9. All Documents that You used to come up with any figure contained in Your response to Interrogatory No. 1 of Defendant's Second Set of Interrogatories.

**RESPONSE:**

This request is overly broad, vague and potentially seeks information beyond the scope of discovery. Plaintiff has not yet completed its investigation of the facts relating to its allegations in the Complaint, received all documents relating to its allegations from Defendant and third parties, interviewed witnesses in connection with its allegations, or completed its discovery or preparation of the factual and legal issues related to its allegations in the Complaint. Subject to and without waiving the foregoing objections, discovery is still ongoing. The Defendant continues to sell the infringing work and therefore it is not possible create any formulas to state the damages. Also, the Defendant has not supplied all requested Interrogatories and Documents and the depositions of the Defendant have not taken place yet. Once the all requested Interrogatories and Documents are received, the depositions have taken place and the Defendant

12

Case 3:16-cv-00695-FDW-DCK   Document 79-3   Filed 10/23/18   Page 7 of 10

confirms that it stopped selling the infringing work, then the Plaintiff should be able to formulate the damages.

**SUPPLEMENTARY RESPONSE:**

At this time, Plaintiff does not have anything to add to the above.

Plaintiff has asked Defendant to explain all of its deficiencies/contradictions in its produced sales figures. Plaintiff has asked Defendant to update its current sales figures during all material times to include all sales figures for: (1) hardback; (2) paperback; and (3) ebook, audio book, etc., as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. Additionally, Plaintiff also requires Defendant to produce all up sales (i.e., subsequent purchases by purchasers of *Fundamentals*), which it will seek via a subsequent request for production of documents. **After Plaintiff has receives these verified sales figures and supplemental production, it will be able to supplement its current response to Defendant's damage-related discovery requests.**

Plaintiff's discovery is still ongoing, and expressly reserves the right to supplement, clarify, revise, or correct any or all of the answers and objections herein this Response to Defendant's Second Set of Interrogatories and Requests for Production of Documents, and to assert additional objections or privileges, in one or more subsequent supplemental answer(s).

Respectfully submitted this the ~~24th~~ 31st day of ~~May~~ July, 2018.

/s/ Mark W. Ishman
Mark W. Ishman
NC Bar No. 27908
Attorney for Plaintiff
Ishman Law Firm, P.C.
9660 Falls of Neuse Road, Box 138-350
Raleigh, NC 27615
Telephone: (919) 468-3266
Email: mishman@ishmanlaw.com



Kristin G. Garris
N.C. State Bar No.38767
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Tel: (212) 508-6783
Email: garris@thsh.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **SUPPLEMENTAL RESPONSES TO DEFENDANT's SECOND SET OF WRITTEN DISCOVERY REQUESTS** was served on the parties hereto by email and U.S. mail to the following recipients:

>Jonathan E. Buchan
>Natalie D. Potter
>Essex Richards, PA
>1701 South Blvd.
>Charlotte, NC 28203
>
>Telephone: (704) 377-4300
>Fax: (704) 372-1357
>Email: jbuchan@essexrichards.com
>Email: npotter@essexrichard.com

This the 31st day of July, 2018.

>/s/ Mark W. Ishman
>Mark W. Ishman
>NC Bar No. 27908
>Attorney for Plaintiff
>Ishman Law Firm, P.C.
>9660 Falls of Neuse Road, Box 138-350
>Raleigh, NC 27615
>Telephone: (919) 468-3266
>Email: mishman@ishmanlaw.com