# Natalie Potter

| | |
|---|---|
| **From:** | Natalie Potter |
| **Sent:** | Wednesday, July 25, 2018 7:10 PM |
| **To:** | 'Mark W. Ishman' |
| **Cc:** | Jonathan Buchan; Heather Badger; Garris, Kristin G. |
| **Subject:** | RE: Meet & Confer Summary & Outstanding Issues |

Mark – I am surprised by both the tone and substance of your response in red below (which includes many misrepresentations and inaccurate statements), given our cordial conversation just yesterday. Although your comments regarding Defendant's responses to Plaintiff's discovery requests are inappropriate and should not have been a part of this email chain as it implies that we discussed Defendant's responses to Plaintiff's discovery requests during our meet and confer telephone conference yesterday when we did not have such a discussion, I cannot allow your statements to go unanswered. See my responses in blue and **bold** below.

Kristin – Welcome to the case. I look forward to getting to know you and working with you on this one.

Natalie

**Natalie D. Potter**
Attorney at Law
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203
Main: 704-377-4300
Direct: 704-285-7111
Fax: 704-372-1357

---

**From:** Mark W. Ishman [mailto:mishman@ishmanlaw.com]
**Sent:** Wednesday, July 25, 2018 12:09 PM
**To:** Natalie Potter
**Cc:** Jonathan Buchan; Heather Badger; Garris, Kristin G.
**Subject:** Re: Meet & Confer Summary & Outstanding Issues

Dear Natalie:

Please find my red font comments to your summary of our meet and confer below.

If you have any questions, please let me know.

Last, thank you for asking about Kristin in your email below. Yes, we are happy to announce that she is joining Plaintiff's legal team, so please add her to all communications. Please note that she had an emergency medical issue that brought her to the ER on Sunday and she has just been released. That is why she has not yet filed her notice of appearance in this case.

With best regards,

Mark

Mark W. Ishman, Esq.

Ishman Law Firm, P.C.

1

Mailing Address:
9660 Falls of Neuse Road
Suite 138-350
Raleigh, NC 27615
Tele: (919) 468-3266
Cell: (919) 539-7626
Fax: (919) 882-1466

**From:** Natalie Potter <NPotter@essexrichards.com>
**Date:** Tuesday, July 24, 2018 at 6:36 PM
**To:** Mark Ishman <mishman@ishmanlaw.com>
**Cc:** Jonathan Buchan <JBuchan@essexrichards.com>, Heather Badger <HBadger@essexrichards.com>
**Subject:** Meet & Confer Summary & Outstanding Issues

Mark,

To summarize our meet and confer teleconference today and to address a few outstanding issues:

1) You are going to check with your client regarding Saint Benedict deposing Tom Healy, including whether or not he is still unwilling to travel to the United States to be deposed and whether or not your client is willing to produce him for his deposition at all. We do not agree with serving Mr. Healy written interrogatories in lieu of a deposition, or conducting the deposition via teleconference.

- Please note that it is Dr. Healy, not Mr. Healy. We have made this correction repeatedly to you in written discovery responses and in Plaintiff's 30(b)(6) deposition.
- We do not represent Dr. Healy and do not have any influence on whether he would be willing to participate in a deposition of any kind. **You have not "corrected" me "repeatedly" in regards to Dr. Healy and his involvement in this case had nothing to do with his "doctor" status. Certainly you do not believe that we are attempting to disrespect Dr. Healy by failing to use his designation as you so imply. We will do our best to utilize "Dr." in referring to him; however, as he was not introduced to us as "doctor" and his doctor status isn't relevant to this case, it is likely that we will unintentionally continue to refer to him as Mr. Healy on occasion. Given your prior representations to us and to the Court regarding Dr. Healy and Dr. Healy's involvement in this case, we will be moving to compel his deposition.**

2) In regards to our Motion for an Extension of Time, you generally do not object to the motion, but would prefer that we request an extension of seven days or less. I have spoken to Jon and given the length of the Motion and Proposed Amended Complaint (almost 200 pages) and Jon's schedule, we will be seeking a 14 day extension. Please let us know as soon as possible if you will consent.

- During our call, you stated that the reason for an extension of time was for Jon Buchan's one week of vacation on the week Defendant's response to our motion was due. We suggested that we would agree to a one week extension like Plaintiff asked for when I had a one week vacation on the week Plaintiff's reply was due. It was your position that you insisted that you needed 10-14 days due to Mr. Buchan's one week vacation.
- Now you are asking for the first time that you desire a 14 day extension due solely from the "length of the Motion and Proposed Amended Complaint (almost 200 pages) and Jon's schedule" (not one week vacation).
- Nevertheless, we will consent to a 14 day extension due to the length of the motion and proposed Second Amended Verified Complaint and Supplemental Pleading. **Please re-read no. 2 above, which states "given the length of the Motion and Proposed Amended Complaint (almost 200 pages) and Jon's schedule, we will be seeking a 14 day extension." To now state that we "desire a 14 day extension due solely from the 'length of the Motion'" is blatantly false. We noted your consent in our motion.**

3) In regards to Interrogatory No. 1 and Request for Production of Documents Nos 4,8 & 9, which all deal with your client's alleged damages and supporting documentation of damages, we are going to speak with our client regarding providing updated profit and sales figures and whether or not our client can provide a breakdown of hardback/paperback/ Ebook sales (if there are any Ebook sales). You will be providing us a formula for how your client calculates its damages regardless of whether or not our client is able to provide updated figures.

2

- Please note that Plaintiff seeks Defendant's sales figures. As I pointed out to you yesterday, we have provided you with sales figures on numerous occasions both before and after the start of discovery in this case. We will provide you with updated figures as indicated below, but as I also stated yesterday, there is no reason why your client could not have responded to this interrogatory using the figures that we have previously provided. We will expect a complete response to this Interrogatory within one week of providing you with updated figures, which I expect we will be able to provide this week or early next week.

- Defendant's ebook sales were recorded and as disclosed in SBPP-02306. Based on Defendant's responses to discovery, ebook sales have occurred. These sales figures are discoverable. Our client has not located any additional documents regarding Ebooks sales and does not believe that any additional documents exist. Our client does not believe that any Ebook sales were made. You are welcome to question our client regarding SBPP-02306 during its deposition.

- During our call, we requested that Defendant explain all of its deficiencies/contradictions in its sales figures. We expect a response with supplemental production from Defendant as to its up to date and current sales figures during all material times. This supplemental response and production by Defendant must include all sales figures (1) hardback; (2) paperback; and (3) ebooks, as well as which version of Fundamentals was sold in association with the hardback, paperback and ebook version of Fundamentals. **After Plaintiff has receives these verified sales figures and supplemental production (as it was in our Motion to Compel), it will supplement its current response to Defendant's damage-related discovery requests.**
  At no point during our call yesterday did you "request" that "Defendant explain all of its deficiencies/contradictions in its sales figures." Although you stated that your client had an issue with the numbers that our client produced and that your client believed the numbers to be contradictory, at no point did you "request that Defendant explain all of its deficiencies…" To now say that you made such a statement is completely false. In regards to your request for supplementation of our client's sales figures, as stated above, we will provide you with updated numbers. Also as I stated yesterday, I do not know if our client can break down the sales by paperback and hardback, but I will see if they can and if they can breakdown the figures without incurring too much expense in doing so, then our client will breakdown the numbers based on hardback and paperback sales. I am not sure what you mean by "which version of Fundamentals was sold in association with the hardback…" regardless, Defendant objects to this email request to the extent it seeks to discover anything above and beyond what your client has previously sought in a formal discovery request, or what we have already agreed to produce. You are welcome to ask our client about the sales figures that have been produced at its deposition, but our client will not be providing any written response regarding your client's allegations of "deficiencies/contradictions."

- In Plaintiff's request for production No. 40, served upon Defendant back in October 2017, it asked for TAN's monthly sales figures for Fundamentals. Now that this request has not been answered, it is now 2018 (over eight months later), and Plaintiff demands that Defendant produce its sales figures for Fundamentals from 2008 to the date it supplements its response to this Request. In this supplement, Plaintiff requires that TAN state the number of copies of Fundamentals sold since April 26, 2013 to the date in the same format as it did and disclosed in SBPP-3048, SBPP-3049, i.e., Net Unites/Copies Sold per calendar month. Additionally, provide the statement for each version of Fundamentals TAN sold, i.e., hardback (HB 2350, paperback (PB 0155), pub/ebook, audio book, etc. Again, I emphasize the fact that at NO point during our call yesterday did we discuss Defendant's discovery responses to Plaintiff's discovery requests and to imply otherwise is completely inappropriate. It is likewise completely inappropriate and completely false to state that Plaintiff's Request for Production No. 40 "has not been answered." Defendant provided your client with sales figures on: 1) June 19, 2017 (prior to receiving a formal discovery request); 2) November 24, 2017 (as part of our client's response to the formal discovery requests); 3) March 8, 2018; 4) verbally after the conclusion of depositions on March 22, 2018; and 5) June 26, 2018. To say that our client has not responded to Plaintiff's Request for Product No. 40, which seeks sales figures, could not be further from the truth. I do not see how you can ethically make such a statement. We will produce updated sales figures as I have indicated above.

3

4) As to Request for Production of Docs. Nos. 1, 3 & 7, you are going to speak with your client regarding whether or not they have any responsive documents that have not been produced and let us know if your client has any additional responsive documents and whether or not they are willing to produce them.
- During our call, we did discuss the relationship between the named parties prior to the lawsuit where it had a business relationship. We agreed to discuss this with our client and let you know if we have any additional supplemental responses. If so, we would produce them to you.
- After reviewing my notes, I do not believe that we discussed Plaintiff's business with St. Paul. Nevertheless, we do not know how Plaintiff's business with St. Paul is discoverable, as this request is likely a fishing expedition by Defendant as Plaintiff's relationship with St. Paul in not part of this lawsuit. **In regards to the Request for Production No. 7, regarding St. Paul's of London, we did specifically discuss St. Paul's during our telephone conference. In fact, you asked me if your client had previously requested the same information from our client to which I responded "no." Regardless, in your client's deposition Paul Kejik stated that he had both ordered Fundamentals of Catholic Dogma from St. Paul's and sent correspondence telling St. Paul's to cease and desist publishing Fundamentals. Your accusation that Request No. 7 is a "fishing expedition" is unwarranted. Please produce the documents by close of business Friday July 27, 2018, or state that your client is refusing to produce them.**

5) As to Request for Production of Docs. No 6, it is your client's position that it has produced all documents in its possession responsive to Request for Production no. 6.
- As we discussed, Plaintiff has produced what it has currently. Please note that Plaintiff still has not received the 2009 edition, and Defendant has not supplied the information as to which edition (printing) is in the disclosed documents SBPP-03051-03056. Like with damages, Plaintiff requires Defendant's complete production in order for it to respond to its like request. Again, this was included in our motion to compel. **I again emphasis that at no point during our telephone conference yesterday did we discuss Defendant's responses to Plaintiff's discovery requests and to imply otherwise is completely inappropriate and misleading. In terms of Request for Production of Doc. No 6, the justification you give as to why your client can withhold such information has no merit. Should your client come into possession of responsive documents, we expect your client to either promptly produce them or immediately notify us that your client has them and is refusing to produce them. Otherwise, we will assume that no such documents exist and that your client has produced all responsive documents and will move to exclude any non-produced documents at trial.**

6) As to Request for Production of Doc. No. 2, your client is going to supplement its response to this Request no later than close of business, July 31, 2018.

7) In terms of your desire to take depositions in September, as I stated during the call I am unavailable from September 22nd – September 29 and also unavailable October 5th. I have not gotten Jon's schedule yet; however, it would probably be more efficient if we knew exactly who you intended to depose in September as I believe you have named eight different people and have named different people at different times. Of course our availability will not matter if the deponent is unavailable.

One thing that I forgot to ask you, we noticed that that a new attorney was added to the Motion for Leave and the proposed Second Amended Complaint, Kristin Garris, however Ms. Garris has not filed a notice of appearance in this case. Please let us know if we should be copying Ms. Garris on correspondence regarding this case.

Please let me know if you disagree with any of the above and please let me know by **noon** tomorrow if we have your client's consent to a 14 day extension in which to respond to your client's Motion for Leave to file a Second Amended Verified Complaint.

4

Thanks and have a good evening.

Natalie

* Please visit our website *



**Natalie D. Potter**

Attorney at Law

Essex Richards, P.A.

1701 South Blvd.

Charlotte, NC 28203

Main: 704-377-4300

Direct: 704-285-7111

Fax: 704-372-1357

General Notice

This e-mail (or any attachment) is sent by or on behalf of a lawyer, may contain privileged and confidential information or other information that is protected under applicable law, and is intended solely for the addressee. If you are not the intended recipient, any reading, distribution, copying, or other use is prohibited. If received in error, please notify the sender immediately by calling (704) 377-4300 and delete all copies of this message. Unless expressly indicated herein, this communication is not intended to be, nor shall it be deemed, an agreement or electronic signature. Thank you.

Spam

Phish/Fraud
Not spam
Forget previous vote