# ISHMAN LAW FIRM, P.C.

9660 FALLS OF NEUSE ROAD, SUITE 138-350
RALEIGH, NORTH CAROLINA 27615
*mailing address*

FORUM I BUILDING
8601 SIX FORKS RD., ST. 400
RALEIGH, NC 27615

———
TEL: (919) 468-3266
FACSIMILE: (919) 882-1466
www.IshmanLaw.com | www.IshmanLegal.com

9104 FALLS OF NEUSE ROAD
SUITE 200
RALEIGH, NC 27615

August 14, 2018

**Sent via Email**

Natalie Potter <NPotter@essexrichards.com>
Jonathan Buchan <Jbuchan@essexrichards.com>
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203

Re:   *Baronius Press, Ltd. v. Saint Benedict Press, LLC*
      United States District Court, Western District of North Carolina
      Case No. 3:16-cv-00695-GCM

Dear Ms. Potter and Mr. Buchan,

We are in receipt of your letter dated August 10, 2018 and documents bates stamped SBPP-03393 to SBPP-03394, in which Defendant disclosed sales figures for *Fundamentals*, paperbound and hardbound editions. We would like to point out that Defendant is still deficient on Plaintiff's First Set of Written Discovery Requests served back in October 20, 2017 and the deficiencies explained to Defendant in our letter of July 31, 2018. The undisclosed documents are necessary for Plaintiff to ascertain actual damages attributable to the infringement.

Although Defendant is still deficient on responses first requested more than 10 months ago, you repeatedly claim deficiencies in Plaintiff's responses which are in direct relation to the documents Defendant has still not provided. Additionally, the figures in the newly disclosed documents raise more questions which will need to be addressed first. While you proffer that your client can explain the numbers during their depositions (earliest possible schedule in mid-September), at the same time you expect Plaintiff's response by close of business Wednesday, August 15, 2018?!

Defendant's claim that Plaintiff is deficient on Defendant's requests is unwarranted. Plaintiff has supplemented its initial responses to Defendant's Second Set of Interrogatories and Requests and has nothing to add. Plaintiff is <u>not deficient</u> on any of their responses and if Defendant feels otherwise, it should file Motion to Compel in which it can explain the merits of the deficiencies, it believes exist.

In your last letter of August 10, 2018 you stated "*The "net sales" figures do not take into account any of the expenses that our client is allowed to deduct by law.*" Defendant is well aware of the law governing copyright infringement damages and has full knowledge of what acts it has committed, the magnitude of these acts and to what degree it has profited from these acts, both directly and indirectly. To demand this information from Plaintiff is unwarranted since Defendant possesses this information and knows it has still not provided much of it to Plaintiff. As a result, in the Second Set of Interrogatories and Requests, Plaintiff has asked for more figures related to the *Fundamentals* infringement that caused or contributed to the profits Defendant made from the sale of the infringing work and related products in order to ascertain actual damages attributable to the infringement.

ISHMAN LAW FIRM, P.C.

MARK W. ISHMAN
DIRECT LINE: (919) 539-7626
MISHMAN@ISHMANLAW.COM

Saint Benedict Press, LLC aka TAN
c/o Essex Richards, P.A.
August 14, 2018
Page 2

Collectively, Defendant's request at this time is impossible to ascertain (*i.e.*, a binding assessment of its actual damages) given that new facts are being discovered, the discovery period has not ended, Defendant continues its infringing activity by selling and advertising *Fundamentals* and is selling other works and products to these customers who purchased *Fundamentals* or responded to Defendant's advertisements apart of *Fundamentals* or for *Fundamentals*.

With regards to our request to meet and confer, you suggested that "*It would be more efficient to wait to have the conference until after we have received Plaintiff's complete responses to Defendant's Second Set of Discovery Requests so that any remaining deficiencies in your client's responses can be addressed at the same time.*" Given the facts stated above, there is no reason to wait, however, we agree with your suggestion to make this meet and confer more efficient. We are willing to address Defendant's remaining deficiencies in their responses despite those being clearly stated in our letter of July 31, 2018.

Therefore, please confirm your availability on Wednesday, August 15 or an alternative date(s) for a meet and confer to discuss Defendant's privilege log and attorney's eyes only designations as requested in our letter dated August 8, 2018. If you are not willing to meet and confer on the matter please state so.

With best regards,

/s/ *Mark W. Ishman*

Mark W. Ishman, Esq.