| | |
|---|---|
| Baronius Press Ltd.,<br>　　　　Plaintiff<br><br>v.<br><br>Saint Benedict Press LLC,<br>　　　　Defendant. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

Plaintiff Baronius Press, Ltd. ("**Plaintiff**") respectfully submits this Response in Opposition ("**Response**") to Defendant's Motion to Compel Discovery (Doc. No. 78, "Motion") filed on October 23, 2018. In support of its Response, Plaintiff shows the Court the following:

## INTRODUCTION

Plaintiff has commenced a copyright infringement lawsuit for willful copyright infringement by Defendant, in violation of the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* concerning its restored literally work *Fundamentals of Catholic Dogma* (*"Fundamentals"*). In its Motion, Defendant alleges that Plaintiff: a) refused to provide an unredacted copy of an email bates No. BP 00931; b) did not produce correspondence documents between Defendant and Verlag Herder; and c) had not answered Interrogatory Request No. 1 and Request for Production of Documents Nos. 4, 8 and 9 from Defendant's Second Set of Interrogatories and Requests for Production of Documents.

## **RESPONSE**

1

Plaintiff partially redacted BP 00931 to protect legitimate trade secrets. Both Plaintiff and Defendant are competing publishers in the niche market for traditional Roman Catholic works. Competitively acquiring or licensing rights to such works is the core of this business. Key to the competition is the race to locate the holder of rights of works that may have been long out of print for which publishers anticipate or hope to generate demand. The redaction in BP 00931 protects the identity of a resource on which Plaintiff relies to locate such works and copyright holders. Such information constitutes a trade secret. Its disclosure would place Plaintiff at a competitive disadvantage in relation to Defendant. The redacted matter, moreover, has no nexus with any defense asserted in this action.

Second, Plaintiff disclosed all the correspondence documents between Defendant and Verlag Herder in its possession on September 27, 2018. These documents contain correspondence between Defendant and Verlag Herder that Defendant purports to seek through its Motion. Plaintiff has no further documents in its possession that it can produce that would be responsive to this request. Plaintiff is not required to create documents to satisfy Defendant's interests but only to turn over what Plaintiff possesses. This, Plaintiff has done.

Last, Defendant has not complied with Plaintiff's October 20, 2017 First Set of Written Discovery Request for Production of Documents, including but not limited to, Defendant's accounting related to *Fundamentals* until September 13, 2018. For Defendant to state that "Plaintiff initially refused to respond in any meaningful way to Defendant's discovery requests regarding damages" is an inaccurate statement especially as the parties counsel agreed at their meet and confer that once Defendant responds to Plaintiff's discovery requests regarding its accounting related to *Fundamentals* then Plaintiff will supplement its responses to Defendant's discovery requests regarding Plaintiff's damages, and release its formula to Defendant which

Plaintiff did on September 27, 2018. Moreover, it is improper to seek speculation or legal analysis through discovery requests. Defendant is ably represented in this litigation and well able to anticipate, without Plaintiff's assistance, how damages are computed in such actions.

Defendant's Motion to Compel Discovery from Plaintiff should be denied for the reasons set forth below.

## I. ALL PORTIONS OF BP 00931 ARE NOT DISCOVERABLE

1. "During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Mainstreet Collection, Inc. v. Kirkland's, Inc*. 270 F.R.D.238, 240 (E.D.N.C. 2010). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cress*, 974 F.2d 482, 489 (4th Cir. 1992). Discovery requests for items outside the scope of discovery should be dismissed. *Id*.

2. On April 26, 2018, Plaintiff produced document bates stamped BP 00931, an email correspondence dated November 19, 2013 between Plaintiff and nova et vetera, the copyright holder to the underlying German work *Grundriss der katholischen Dogmatik* ("*Grundiss*"). In this email, the parties discussed how to gather all the documents for line of ownership of *Grundiss* for potential future use. On April 26, 2018, Plaintiff produced a Privilege Log (*see* Exhibit 1) in which it listed document BP 00931 and the reason for redacting certain information, see below.

| Bates Stamped Number | Document Date | Type of Document | Person in Possession of the Document | Author of the Document | Reason for Not Producing |
|---|---|---|---|---|---|
| BP 00931 | | Correspondence | Mark Ishman, and Client | Client | Redacted text about research resource (Trade secret) |

3. On September 11, 2018, Defendant sent a letter to Plaintiff stating "… I cannot imagine under what basis your client can withhold the redacted information", (*see* Exhibit 2, emphasis added) and *demanded* that Plaintiff *produce an unredacted copy* of the document on the *same day*. Plaintiff responded to Defendant on September 12, 2018 (Doc. 79-13) explaining the redaction and pointing out the entry in the Privilege Log Defendant had since April 26, 2018.

4. Despite the explanation, Defendant filed a Motion to Compel Discovery (Doc. 78) to obtain an unreacted version of document bates No. BP 00931 in which it stated

> On April 26, 2018, Defendant produced document bates stamped BP 00931 which is an email with a third-party, Nova et Vetera, **regarding Plaintiff's efforts to secure rights relating to the Work**." (Doc. 79, p. 14)

5. First, Defendant could not imagine under what basis BP 00931 was redacted and in the Motion it claims that the email conversation in BP 00931 from November 2013 was regarding "Plaintiff's efforts to secure rights relating to the Work" (Doc. 79, p. 14). This assertion is incorrect as Plaintiff had already disclosed to Defendant in November 2017 (*see* Exhibit 3) that it secured rights to *Fundamentals* from nova et vetera in February, 2009, and provided the relevant contracts to Defendant.

6. Plaintiff's business model is based on publishing titles that it either owns or to which it has exclusive rights. Plaintiff has been very successful in researching and tracking down copyrights to valuable Catholic titles, identifying copyright holders and securing such rights. The way Plaintiff does its research and the sources it uses for its research is information that is extremely valuable to Plaintiff's business, as it is both highly confidential and commercially valuable.

7. Plaintiff has re-examined document BP 00931, and has un-redacted a part of the redacted text in a bid to satisfy Defendant which is designated as BP 00931-1 (Exhibit 4). Exhibit 4 clearly shows that the portion still redacted protects a legitimate trade secret unrelated

to any element of any claim or defense; and therefore outside the scope of discovery.

8. Therefore, Defendant's motion to compel disclosure of the redacted content in Exhibit 4 (BP 00931-1) should be denied.

## II. VERLAG HERDER DOCUMENTS

### A. Requested documents have been disclosed such that Plaintiff has nothing in its possession to further disclose

9. Plaintiff disclosed all correspondence documents between Defendant and Verlag Herder in its possession on September 27, 2018. (*see* Exhibit 5) Nevertheless, Defendant still decided to file its Motion to Compel on October 23, 2018 despite having these documents.

### B. Plaintiff requested the relevant documents from Defendant

10. The documents in question contain email correspondence between Defendant and Verlag Herder of Germany, including attachments.

11. Plaintiff pointed out outstanding issues relating to the discovery responses from Defendant in its letter of May 10, 2018 and received a response from Defendant on June 26, 2018 (*see* Exhibit 6, p. 5) in which Defendant stated that:

> Defendant disagrees as Defendant previously produced such documents on November 24, 2017, see bates stamped documents SBPP-02172 -SBPP-02182. Defendant is producing an updated privilege log contemporaneously with this correspondence.

12.  Defendant's disclosed document bates No SBPP-02172 -SBPP-02182 contained only one email between Defendant and Verlag Herder, document bates No. SBPP-02180.[1] Defendant's attorney listed as privileged emails dated January 7, 2014 to January 21, 2014 between Defendant and Francesca Bressan without indicating who Francesca Bressan was. Plaintiff understood that Defendant was referring to Francesca Bressan, the rights manager for Verlag Herder in Germany, the first publisher of *Grundiss*. (*see* Exhibit 7):

| Document Date | Type of Document | Person in Possession of the Document | Author of the Document | Reason for Not Producing |
|---|---|---|---|---|
| January 7, 2014 to January 21, 2014 | Emails between Defendant's employee and Francesca Bressan regarding researching Plaintiff's claims | Natalie D. Potter, Defendant | Rick Rotondi & Francesca Bressan | Created in anticipation of litigation or trial. |

13.  Defendant's attorney stated the reason for not producing the documents as "created in anticipation of litigation or for trial". The trigger event of litigation, *i.e.* the infringement of Plaintiff's copyrights, only occurred in March 2014, *i.e.* 2 months later than the dates of the privilege emails listed in this entry. Therefore the emails could not have been "created in anticipation of litigation or for trial" as Defendant had not yet committed acts that caused Plaintiff to file a lawsuit against it in 2016.

14.  Plaintiff sent a letter to Defendant informing it of its deficiencies in its Privilege Log on August 8, 2018 (*see* Exhibit 8). In its response on August 29, 2018, Defendant stated "Regardless, our client is producing these documents contemporaneously with this letter. See documents bates stamped SBPP-03395 to SBPP-04000 [2]" (*see* Exhibit 9).

---

[1] Document Bates No SBPP-02180 and SBPP-02182 are identical.
[2] The correct document bates number released were SBPP-03995 to SBPP-04000. This was due to a scrivener's error by Defendant.

### B. Defendant never disclosed all of the relevant documents

15. Defendant's failure to produce its correspondence with Verlag Herder was a part of Plaintiff's Motion to Compel which was addressed during a hearing on October 3, 2018, and was denied without any explanation given. It does not, however, change the fact that Defendant failed to disclose certain correspondence between Defendant and Verlag Herder as listed in the following table:

|  | | Disclosed by Plaintiff | | Disclosed by Defendant | |
|---|---|---|---|---|---|
|  | | TAN to Verlag Herder | Verlag Herder to TAN | TAN to Verlag Herder | Verlag Herder to TAN |
| Email Date | | | 07-Jan-2014 | | 07-Jan-2014 |
| Bates No. | | | BP 03671 | | SBPP-03999 to 04000 |
| Email Date | | 07-Jan-2014 | 08-Jan-2014 | 07-Jan-2014 | 08-Jan-2014 |
| Bates No. | | BP 03671-03672 | BP 03672 | SBPP-03998 to 03999 | SBPP-03998 |
| Email Date | | 08-Jan-2014 | 09-Jan-2014 | 08-Jan-2014 | 09-Jan-2014 |
| Bates No. | | BP 03673 | BP 03673 | SBPP-03997 to 03998 | SBPP-03997 |
| Email Date | | 09-Jan-2014 | | 09-Jan-2014 | |
| Bates No. | | BP 03673 | | SBPP-03997 | |
| Email Date | | 10-Jan-2014 | 10-Jan-2014 | not disclosed | not disclosed |
| Bates No. | | BP 03674 | BP 03674 | | |
| Email Date | | 14-Jan-2014 | | not disclosed | |
| Bates No. | | BP 03674 | | | |
| Email Date | | 20-Jan-2014 | | 20-Jan-2014 | |
| Bates No. | | BP 03675 | | SBPP-02180 | |
| Attachment | | BP 03676 | | not disclosed | |
| Attachment | | BP 03677 | | not disclosed | |
| Attachment | | BP 03678 | | not disclosed | |

16. Defendant initially did not disclose its correspondence with Verlag Herder generated in the ordinary course of business and thus not subject to the work-product doctrine by deliberately withholding it and incorrectly placing it in its Privilege Log. Subsequently, Defendant failed to disclose all of the correspondence and on October 23, 2018 filed this Motion to Compel Plaintiff to produce correspondence it should have in its possession, despite the fact that Plaintiff had disclosed the relevant documents on September 27, 2018.

17. For the aforementioned reasons, as well as Defendant's lack of compliance with Federal Rules of Civil Procedure in withholding the undisclosed documents identified in Paragraph 15 above, Defendant's motion to compel the Verlag Herder documents should be denied.

### III. PLAINTIFF HAS NOT FAILED TO FULLY RESPOND TO DEFENDANT'S SECOND SET OF WRITTEN DISCOVERY

#### A. Sales figures to be provided by Defendant

18. On October 10, 2017, Plaintiff requested monthly sales figures for *Fundamentals* in its First Set of Written Discovery Requests to Defendant. In response to Plaintiff's request, Defendant has been drip-feeding figures in various documents, such as reports that contained various figures without any description or identification (Untitled reports) and Royalty Statements to Bankruptcy Trustees.

| Date Produced | Type of report | Bates Nos | Report Range | Type of report |
|---|---|---|---|---|
| 24-Nov-2017 | Untitled report | SBPP-02246 to 02247 | Apr 2016 - Mar 2017 | Monthly sales figures |
| 24-Nov-2017 | Untitled report | SBPP-02248 to 02249 | Apr 2014 - Oct 2017 | Total Figure for the period |
| 24-Nov-2017 | Untitled report | SBPP-02253 | Apr 2015 - Nov 2016 | Monthly sales figures |
| 08-Mar-2017 | Royalty statement | SBPP-02312 | Nov 2015 - Oct 2016 | Total Figure for the period |
| 26-Jun-2018 | Sales report | SBPP-03048 | Apr 2016 - Mar 2017 | Monthly sales figures |
| 26-Jun-2018 | Sales report | SBPP-03049 | Apr 2017 - Mar 2018 | Monthly sales figures |
| 10-Aug-2018 | Sales report | SBPP-03393 to 03394 | Jan 2008 - July 2018 | Monthly sales figures |
| 18-Sep-2018 | Sales report | SBPP-04048 to 04049 | Jan 2008 - July 2018 | Monthly sales figures |

19. On June 26, 2018, for the first time Defendant produced a properly identified report of monthly sales for financial years 2017 and 2018. After Plaintiff pointed out to Defendant that it is capable to produce reports as initially requested by Plaintiff in its First Set of Written Discovery Requests, Defendant finally produced a monthly sales report for the requested period on August 10, 2018, and its corrected (final) version on September 18, 2018.

20. Throughout discovery and in its Motion to Compel, Defendant has been claiming:

> "Defendant previously produced Defendant's sales figures and information to Plaintiff on June 19, 2017, July 25, 2017, November 24, 2017, March 8, 2018, and on June 26, 2018 including document bates stamped SBPP-00296[3]. … Despite having **ample information** regarding Defendant's sales of the Work, Plaintiff has still refused to meaningfully respond to Interrogatory no. 1 and Requests for Production of Documents nos. 4, 8 and 9." (Doc. 79, p.12)

21. Defendant's way of drip-feeding the sale figures in various unmarked and unclear reports forced Plaintiff to spend a significant amount of time and resources to analyze and cross-check the supplied documents. Moreover, the figures produced in the various documents were contradicting each other as indicated in red in Exhibit 10, which is a summary that Plaintiff prepared of Defendant's sales figures supplied by Defendant throughout discovery (*see* Exhibit 10). Therefore Defendant's claim that Plaintiff had "… ample information regarding Defendant's sales of the Work" is false.

**Answer to Interrogatory 1**

22. Plaintiff received Defendant's final sales figures[4] only on September 18, 2018, and produced its damage formula on October 1, 2018 as an answer to Defendant's Interrogatory 1 from Defendant's Second Set of Interrogatories and Requests for Production of Documents.

---

[3] Document bates stamped SBPP-00296 does not contain number of copies sold but a total revenue.
[4] In Defendant's Responses to Plaintiff's Third Set of Written Discovery Requests dated Defendant did not disclose Royalty Statements for Bankruptcy Trustee and the released figures cannot be verified.

23. After meet and confer between the parties' counsel, and their subsequent exhausting correspondence, the following was agreed:

> "As reflected in [Doc. 76-7], Ms. Potter agreed to ask her client about breaking down the sales figures by month and formatting the information as requested by Plaintiff, and Mr. Ishman agreed to at the very least provide Defendant with a formula for how his client calculates damages. [Doc. 76-7]." (Doc. 79, p.11)

24. Plaintiff has complied with the agreement made by council, and provided the damage formula to Defendant. Defendant has not contacted Plaintiff with any queries regarding its damage formula, and instead, filed this Motion to Compel in which it questions the method Plaintiff has worked out its formula.

25. Plaintiff has been willing to work with Defendant to explain and/or correct and/or supplement its damage formula should Defendant raise any issues or questions with it.

**Answers to Requests 4, 8**

**Request No. 4.** All Documents that You contend support Your position that Plaintiff suffered a loss in sales of works other than *Fundamentals of Catholic Dogma* because of Defendant's sale of *Fundamentals of Catholic Dogma* including, but not exclusive to, any financial information You contend supports Your position.

**Request No. 8.** All Documents that You contend support Your claim for damages including but not exclusive to any financial information supporting Your claim for damages.

(Exhibit 11, Defendant's Second Set of Discovery Requests, April 23, 2018)

26. Plaintiff made specific Requests No. 4 to 8 (*see* Exhibit 12, Pages 8-10) for production of documents in its Second Set of Written Discovery Requests served on Defendant on August 8, 2018 that would help Plaintiff to ascertain damage attributable to the infringement of *Fundamentals,* and would enable Plaintiff to produce documents requested by Defendant.

27. Defendant did not produce any documents, instead it responded with the same boiler plate response to all four (4) request by Plaintiff. Plaintiff pointed out that Defendant's responses were incomplete and/or failed to assert any applicable privilege or legitimate objections, and specified a summary to each request that required further supplementation. (*see* Exhibit 13, p. 2-3)

28. To date, Defendant has not provided any documents requested by Plaintiff and therefore Plaintiff is unable to produce any reliable documents (charts, sales analyses etc.) to answer Defendant's Request.

**Answers to Requests 9**
> **Request No. 9.** All Documents that You used to come up with any figure contained in Your response to Interrogatory No. 1 of Defendant's Second Set of Interrogatories.
>
> (Exhibit 11, Defendant's Second Set of Discovery Requests, April 23, 2018)

29. Plaintiff's damage calculations are based on total of 346 orders: 269 orders from its website customers, 57 Amazon orders and 20 wholesale orders. In its calculations, Plaintiff produced list of website order orders with corresponding Order Nos., list of Amazon orders with corresponding Amazon Order ID and list of Invoices for wholesale order with corresponding Invoice Nos., information that is true, accurate and verifiable.

30. Defendant in its Motion requests that all 346 Invoices and or Order Confirmations are produced. Such production would require gathering all those documents from and heavy redaction of the confidential and trade secret information on all of the 346 documents. Such request is unduly burdensome and it would put a huge hardship on Plaintiff.

31. Given that discovery has been extend by the Court, Plaintiff reasonably anticipates that Defendant will produce to it all outstanding requested discovery information. Upon receipt of said requested information, Plaintiff intends to use such information with its damage expert to quantify Plaintiff's sustained damages from Defendant's conduct, as alleged in the complaint.

32. Therefore, Defendant's motion to compel should be denied.

## CONCLUSION

For the foregoing reasons, (1) Defendant's requests that its motion to compel discovery (Dkt. No. 78) should be DENIED; and (2) Plaintiff be awarded its costs and fees incurred in connection with this motion in accordance with Rule 37(a)(5).

Respectfully submitted this 6th day of November, 2018.

*Attorneys for Plaintiff*

/s/ Mark W. Ishman
Mark W. Ishman
N.C. State Bar No. 27908
ISHMAN LAW FIRM, P.C.
9660 Falls of Neuse Road, Box 138-350
Raleigh, North Carolina 27615
Telephone: (919) 468-3266
Email: mishman@ishmanlaw.com

Kristin G. Garris
N.C. State Bar No. 38767
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Tel: (212) 508-6783
Email: garris@thsh.com

# CERTIFICATE OF SERVICE

I hereby certify that I have served or caused to be served a copy of the foregoing pleading or paper by electronically filing the same through the Court's CM/ECF System which has notified or will notify all parties or counsel of record, including but not limited to, defendant's counsel of record:

>Jonathan E. Buchan
>Natalie D. Potter
>Attorneys for Defendant
>Essex Richards, PA
>1701 South Blvd.
>Charlotte, NC 28203
>Telephone: (704) 377-4300
>Fax: (704) 372-1357
>Email: jbuchan@essexrichards.com
>Email: npotter@essexrichard.com

This the 6th day of November, 2018.

*Attorneys for Plaintiff*

/s/ Mark W. Ishman
Mark W. Ishman
N.C. State Bar No. 27908
ISHMAN LAW FIRM, P.C.
9660 Falls of Neuse Road, Box 138-350
Raleigh, North Carolina 27615
Telephone: (919) 468-3266
Email: mishman@ishmanlaw.com

Kristin G. Garris
N.C. State Bar No.38767
TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Tel: (212) 508-6783
Email: garris@thsh.com