Norris A. Adams, II
Robert S. Blair, Jr. †
Jonathan E. Buchan, Jr.
Edward G. Connette
Heather W. Culp
John T. Daniel

* Also admitted in MD
† NC Board Certified Specialist in Family Law

Richard A. Elkins
Lauren V. Lewis †
Stephen H. Morris
Natalie D. Potter*
Caitlin H. Walton

Retired
Kenneth F. Essex
Channing O. Richards

npotter@essexrichards.com
Direct dial: 704-285-1111



# ESSEX RICHARDS

June 26, 2018

Mark W. Ishman
Ishman Law Firm, P.C.
9660 Falls of Neuse Road
Suite 138-350
Raleigh, NC 27615

Via U.S. Regular Mail and
Email to: mishman@ishmanlaw.com

Re: Baronius Press, Ltd. V. Saint Benedict Press, LLC
3:16 cv-00695-GCM (USDC – WDNC)

Dear Mark:

We are in receipt of your two (2) letters both dated May 10, 2018 and both regarding supplemental discovery requests. This correspondence is in response to both letters. For clarification purposes, we have included each request and the text from your letters above the corresponding response. Any red text was red in your original letters.

## I. RESPONSE TO FIRST MAY 10, 2018 LETTER

The following supplements Defendant's discovery responses and responds to the May 10, 2018 letter that referenced your April 26, 2018 letter regarding alleged deficiencies in Defendant's discovery responses. Please note that Defendant is not waiving any of the objections asserted in Defendant's Responses to Plaintiff Baronius Press, Ltd.'s First Set of Written Discovery to Saint Benedict Press, LLC, and those objections are reasserted and incorporated into this correspondence by reference. Defendant responds to your requests as follows:

### A. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

1. Plaintiff has not been able to obtain the 2005 and 2009 printed editions of *Fundamentals of Catholic Dogma* of TAN Books. In order to produce a comprehensive response to (i) TAN's Request at Plaintiff's Deposition and (ii) Request No. 6 to TAN's Second Set of Interrogatories and Requests for Production of Documents, Plaintiff requires copies of these printed editions. Plaintiff believes that TAN is in possession of these editions. Produce a copy of the 2005 and 2009 printed editions, including but not limited to, copies of the following for each edition:

Attorneys at Law | 1701 South Boulevard, Charlotte, North Carolina 28203
www.essexrichards.com | 704.377.4300 phone | 704.372.1357 fax

Case 3:16-cv-00695-FDW-DCK   Document 89-7   Filed 11/06/18   Page 1 of 19

**(1) Front Cover**
**(2) Title page (page iii)**
**(3) Copyright Page (page iv)**
**(4) Page 313**
**(5) Page 475**
**(6) Back Cover**

**DEFENDANT'S RESPONSE:** **Defendant has been publishing the same version of *Fundamentals of Catholic Dogma* (the "Work") since it acquired TAN. The current version is the same version of the work published by TAN prior to its acquisition by Saint Benedict Press. Although TAN and Saint Benedict Press have completed various print runs of the Work over the forty plus years TAN/Saint Benedict Press has been publishing the Work, the date of each print run was not included in the Work when the Work was printed; therefore, Defendant is not certain which printing was completed in what year. Contemporaneously with this correspondence, Defendant is producing the requested information for each print run that Defendant has in its possession, bates stamped SBPP-03050 to SBPP-03081. TAN, prior to Saint Benedict's acquisition of TAN, may have performed additional print runs that are not in Defendant's possession. Defendant will make each printing it has in its possession available for inspection and copying at Essex Richards, P.A. at a mutually agreeable time.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## B. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

2. In our email to you on April 19, 2018, we asked if we could obtain a better copy of SBPP02187-SBPP02188 as there are handwritten notes on those pages that are not legible. To date we have not received it.

**Provide a better quality copy of SBPP03187- SBPP02188. There are some handwritten notes on those pages that are not legible and we request that you provide high quality copies that would clearly show the notes.**

**DEFENDANT'S RESPONSE:** **Produced contemporaneously with this letter are documents bates stamped SBPP-02187A and SBPP-02188A. These are the best quality copies available to Defendant. As to SBPP-02187A, Defendant has typed in red what appears to be handwritten on the note for clarification purposes.**

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \*

## C. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

3. **SBPP-00297 to SBPP-00649 and SBPP-1948 to SBPP-2167 are documents produced by TAN.** In these identified documents produced by TAN, Good Will Publishers, Inc. and Saint Benedict Press LLC are both recorded as buyers of assets from Chapter 11 Trustee of Tan Books & Publishers Inc.

   Please produce all documents that identify which company (Good Will Publishers Inc. and/or Saint Benedict Press LLC) owned exactly what assets since the purchase date to date.

**DEFENDANT'S RESPONSE:** Defendant objects to this request on the basis that Plaintiff has not previously requested this information and therefore Defendant does not believe that this is the proper avenue in which to seek such information. Defendant also objects to this request on the basis it is overly broad, vague, ambiguous and seeks documents and things not relevant to any claim or defense asserted in this case. Subject to and without waiving the objections, see documents bates stamped SBPP-01974 and SBPP-02109-02111 which were previously produced on November 24, 2017.

## II. RESPONSE TO SECOND MAY 10, 2018 LETTER, REQUEST FOR SUPPLEMENTATION

The following supplements Defendant's discovery responses and responds to the fourteen (14) page May 10, 2018 letter regarding alleged deficiencies in Defendant's discovery responses. Please note that Defendant is not waiving any of the objections asserted in Defendant's Responses to Plaintiff Baronius Press, Ltd.'s First Set of Written Discovery to Saint Benedict Press, LLC, and those objections are reasserted and incorporated into this correspondence by reference. Defendant responds to your requests as follows:

### "SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS"

### A. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

**REQUEST No. 8**

In TAN's Response to First Set of Written Discovery Request, Production Request No. 8, TAN responded to this request as follows:

Provide all email correspondence of any sales prospect or customer (i.e., an inquirer) enquiring about *Fundamentals* and asking/seeking when *Fundamentals* will be back in

stock/for sale. This Request also seeks TAN's responses to those inquirers for the period March 2011 - March 2014.

**RESPONSE November 24, 2017:** All customer service emails from prior to 2014 were lost during an exchange server migration. Defendant is in the process of gathering and reviewing customer service emails from January 1, 2014 to March 31, 2014. It is unknown whether or not any of the customer service emails are responsive to this Request. Defendant will supplement its response to this Request at a later time if responsive emails are located. See also documents bates stamped SBPP-00292 to 00295, which were previously produced.

<span style="color:red">This is notifying TAN of its deficiency in supplementing its response to Request No. 8. TAN has not provided any supporting documentation of TAN's issues with its exchange and lost emails.</span>

<span style="color:red">**Please produce all documents, including but not limited to, reports, maintenance records, purchase orders, service logs, tickets, emails, etc., from TAN's internal IT employee and/or outside IT contractor regarding such issue(s).**</span>

**DEFENDANT'S RESPONSE:** **Defendant objects to Plaintiff's request for supplementation as the request for supplementation is overly broad, unduly burdensome and seeks information not relevant to any claim or defense asserted in this case. Subject to and without waiving the objections, see documents bates stamped SBPP-03082 to SBPP-03083 and SBPP-03084 to SBPP-03385 produced contemporaneously with this correspondence. Plaintiff is welcome to question Defendant at Defendant's deposition concerning what steps it took to locate the information initially requested by Request for Production No. 8 and the reasons why Defendant is unable to produce customer service inquiries from a particular timeframe.**

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \*

## B. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### REQUEST NO. 11

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 11, TAN responded to this request as follows:**

Produce all documents, including but not limited to, correspondence files and publication history, that support Your quoted statement below that Conor Gallagher, Vice President of Publishing at TAN made on TAN's behalf in his November 11, 2013 letter to BP, which letter can be found in Exhibit 2 to the Complaint:

In response to your letter, and your earlier ones of August 9, 2013 and March 22, 2013, TAN has conducted an **extensive audit of our correspondence files and publication history** for *Fundamentals of Catholic Dogma.*

**RESPONSE November 24, 2017:** Defendant objects to this Request to the extent it seeks to discover documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. Defendant also objects to this Request to the extent it seeks to discover documents and things not relevant to any claim or defense asserted in this case and not likely to lead to the discovery of admissible evidence. Defendant also objects on the basis that this Request it is overly broad, vague, ambiguous, and the burden and expense of responding to the Request outweighs its likely benefit. Defendant reviewed several hundred, perhaps thousands, of documents in investigating Plaintiffs claim, most of which are not relevant to this case.

**RESPONSE February 2, 2018:** In investigating Plaintiffs claims, Saint Benedict reviewed every file it had related to TAN and its acquisition of TAN. This amounted to thousands of documents, most of which were not relevant in any way to this case, and that would not lead to the discovery of admissible evidence. Relevant, non-privileged documents responsive to this request have been produced. As we stated in our client's original responses, to produce every document reviewed during this process would be unduly burdensome on our client and the burden and expense of responding would far outweigh its likely benefit. Saint Benedict has already produced the documents uncovered in its investigation relevant to this request.

This is notifying TAN of its deficiency in supplementing its response to Request No. 11. Based on TAN's responses above, it has not provided any supporting documentation of third parties that TAN contacted regarding the rights for *Fundamentals*.

**Produce all documents reviewed, created or received from this extensive audit, including but not limited to all of correspondence in its possession or control with parties TAN contacted regarding the rights for *Fundamentals*, namely, Mercier Press, Verlag Herder, nova et vetera and any other party(ies), including but not limited to, updating its privilege log to identify, per the categories of TAN's current privilege log, the documents and things that TAN is claiming is protected by attorney client privilege, the attorney work product doctrine, and to the extent it seeks to documents and things prepared in anticipation of litigation or trial. If no such document exist, respond to this Request that no such document exist.**

<u>**DEFENDANT'S RESPONSE**</u>: **Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. To the extent that Plaintiff is contending that Defendant didn't produce any correspondence with nova et vetera and similar third parties, Defendant disagrees as Defendant previously produced such documents on November 24, 2017, see bates stamped documents SBPP-02172 –SBPP-02182. Defendant is producing an updated privilege log contemporaneously with this correspondence.**

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \*

## C. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### REQUEST NO. 12

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 12, TAN responded to this request as follows:**

Produce all documents generated from TAN's consultation with two independent copyright attorneys that support Your quoted statement below that Conor Gallagher, Vice President of Publishing at TAN made on TAN's behalf in his November 11, 2013 letter to BP, which letter can be found in **Exhibit 2** to the Complaint:

We have devoted significant time and resources to this process and consulted two independent copyright attorneys.

**RESPONSE November 24, 2017:** Defendant objects to this Request on the basis of attorney client privilege, the attorney work product doctrine, and to the extent it seeks to documents and things prepared in anticipation of litigation or trial.

**RESPONSE February 2, 2018:** We will provide an updated privilege log in the very near future

<span style="color:red">This is notifying TAN of its deficiency in supplementing your response to Request No. 12. Based on TAN's responses above, it has not provided any supporting documentation to its responses above. Despite citing the attorney client privilege and the attorney work product doctrine over three months ago, TAN has not updated TAN's privilege log since.</span>

<span style="color:red">**Produce all documents supporting TAN's statement that it devoted significant time and resources to identify its rights in *Fundamentals*, including but not limited to, updating its privilege log to identify, per the categories of TAN's current privilege log, the documents and things prepared by the two identified independent copyright attorneys that TAN is claiming is protected by attorney client privilege, the attorney work product doctrine, and to the extent it seeks to documents and things prepared in anticipation of litigation or trial. If no such document exist, respond to this Request that no such document exist.**</span>

**DEFENDANT'S RESPONSE:** Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. Defendant is producing an updated privilege log contemporaneously with this correspondence.

\* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \*

# D. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

## REQUEST NO. 15

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 15, TAN responded to this request as follows:**

Produce all documents that support the quoted Statement **in BOLD** below that Conor Gallagher, Vice President of Publishing at TAN made on TAN's behalf in his November 11, 2013 letter to BP, which letter can be found in **Exhibit 2** to the Complaint:

**TAN, however, maintains rights in *Fundamentals*, as the successor-in-interest to B. Herder of St. Louis,** to whom Mercier Press granted exclusive US copublication rights.

**RESPONSE November 24, 2017:** Defendant objects to this Request to the extent it seeks to discover documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. Subject to and without waiving the objections, see all documents previously produced, and all documents produced with these responses.

**RESPONSE February 2, 2018:** With the exception of documents that Saint Benedict has agreed to provide in this correspondence, Saint Benedict has provided all non-privileged relevant responsive documents in its possession, custody or control. As you are aware, the initial documents regarding the title were created decades ago. Whether or not Saint Benedict has produced documents sufficient to defeat your client's claim and support Saint Benedict's defenses, is something for a judge or jury to decide. Aside from the documents to be produced pursuant to this correspondence, Saint Benedict does not have any additional non-privileged documents to produce at this time.

This is notifying TAN of its deficiency in supplementing its response to Request No. 15. Based on TAN's responses above, it has not provided any supporting documentation to its responses above. Since citing the attorney client privilege and the attorney work product doctrine, TAN has not updated its privilege log despite three month passing. Further, if no documents exist, TAN must state whether documents exist or not.

**Produce all documents supporting TAN's statement that it maintains publication rights in *Fundamentals*, as the successor-in-interest to B. Herder of St. Louis, to whom Mercier Press granted exclusive US copublication rights, including but not limited to, updating its privilege log to identify per the categories of TAN's current privilege log the documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. If no such document exist, respond to this Request that no such document exist.**

**DEFENDANT'S RESPONSE:** Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. Defendant is producing an updated privilege log contemporaneously with this correspondence.

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \*

### E. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### REQUEST NO. 18

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 18, TAN responded to this request as follows:**

Produce all documents that support the quoted Statement below that Conor Gallagher, Vice President of Publishing at TAN made on TAN's behalf in his November 11, 2013 letter to BP, which letter can be found in **Exhibit 2** to the Complaint:

Our **publication rights** to *Fundamentals* have been **recognized** by the U.S. Bankruptcy Court for the Northern District of Illinois, Western Division.

**RESPONSE November 24, 2017:** Defendant objects to this Request to the extent it seeks to discover documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. Subject to and without waiving the objections, see documents SBPP-00297 to 00649 produced contemporaneously with these responses. Additional relevant, responsive documents maybe in the custody of the U.S. Bankruptcy Court, Northern District of Illinois, file nos. 96-53329 and 05-70657. Such documents may be obtained through PACER.

**RESPONSE November 24, 2017[1]:** Saint Benedict has no other documents to produce at this time.

This is notifying TAN of its deficiency in supplementing its response to Request No. 18. Plaintiff has exhausted extensive hours reviewing the documents provided by TAN, namely SBPP-00297 to 00648 and other documents from the U.S. Bankruptcy Court, Northern District of Illinois, file nos. 96-53329 and 05-70657. After completing its extensive review of such documents, Plaintiff could not locate any such document claimed by TAN. Consequently, you have failed to supplement your response to include documents that support the above statement or identify the exact document No. in the U.S. Bankruptcy

---

[1] This supplementation was made on February 2, 2018 not November 24, 2017 as Plaintiff indicated.

Court, Northern District of Illinois, file nos. 96-53329 and 05-70657 or state that they do not exist.

**Produce all documents that the US Bankruptcy Court for the Northern District of Illinois, Western Division has recognized as supporting evidence that TAN has publication rights to *Fundamentals*, including but not limited to, updating its privilege log to identify, per the categories of TAN's current privilege log, the documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. If no such document exist, respond to this Request that no such document exist.**

**DEFENDANT'S RESPONSE:** Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. Defendant is producing an updated privilege log contemporaneously with this correspondence.

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \*

## F. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### REQUEST NO. 21

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 21, TAN responded to this request as follows:**

Produce all documents that support the quoted Statement **in BOLD** below that Conor Gallagher, Vice President of Publishing at TAN made on TAN's behalf in his November 11, 2013 letter to BP, which letter can be found in **Exhibit 2** to the Complaint:

After extensive expert review and public notice, **the Court certified TAN's publication rights to *Fundamentals* by name when Saint Benedict LLC acquired Tan in 2008.**

**RESPONSE November 24, 2017:** Defendant objects to this Request to the extent it seeks to discover documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. Subject to and without waiving the objections, see documents SBPP-00297 to 00649 produced contemporaneously with these responses. Additional relevant, responsive documents maybe in the custody of the U.S. Bankruptcy Court, Northern District of Illinois, file nos. 96-53329 and 05-70657. Such documents may be obtained through PACER.

**RESPONSE November 24, 2017[2]:** Our client has provided you with documents, and the bates stamp numbers of those documents, it believes supports its position. Given the broad nature of the original requests, Saint Benedict does not withdraw its objections.

This notice of deficiency is a follow-up to TAN's responses provided above that US Bankruptcy Court for the Northern District of Illinois, Western Division certified TAN's publication rights to Fundamentals by name when Saint Benedict Press LLC acquired TAN in 2008.

None of TAN's produced documents SBPP-00297 to 00648 provide a Court certification of TAN's publication rights too Fundamentals by name when Saint Benedict Press LLC acquired TAN in 2008.

TAN has failed to produce documents that support its statement cited above or identify the exact document No. in the U.S. Bankruptcy Court, Northern District of Illinois, file nos. 96-53329 and 05-70657 or state that they do not exist.

**Produce all documents where the US Bankruptcy Court for the Northern District of Illinois, Western Division certified TAN's publication rights to Fundamentals by name when Saint Benedict Press LLC acquired TAN in 2008, including but not limited to, updating its privilege log to identify, per the categories of TAN's current privilege log, the documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. If no such document exist, respond to this Request that no such document exist.**

**DEFENDANT'S RESPONSE:** Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. Defendant is producing an updated privilege log contemporaneously with this correspondence.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### G. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

**REQUEST No. 22**

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 22, TAN responded to this request as follows:**

---

[2] This supplementation was made on February 2, 2018 not November 24, 2017 as Plaintiff indicated.

> From the quote in Request No. 21 above, produce all documents that support TAN's statement that the Court conducted extensive expert review and public notice of TAN's publication rights to *Fundamentals*.
>
> **RESPONSE November 24, 2017:** Defendant objects to this Request to the extent it seeks to discover documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. Subject to and without waiving the objections, see documents SBPP-00297 to 00649 produced contemporaneously with these responses. Additional relevant, responsive documents may be in the custody of the U.S. Bankruptcy Court, Northern District of Illinois, file nos. 96-53329 and 05-70657. Such documents may be obtained through PACER.
>
> **RESPONSE November 24, 2017[3]:** Our client has provided you with documents, and the bates stamp numbers of those documents, it believes supports its position. Given the broad nature of the original requests, Saint Benedict does not withdraw its objections.
>
> This notice of deficiency is to TAN's responses provided above that the Court conducted an extensive expert review and public notice of TAN's publication rights to *Fundamentals*.
>
> Plaintiff has exhausted extensive hours reviewing the documents provided by TAN, namely SBPP-00297 to 00648 and other documents from the U.S. Bankruptcy Court, Northern District of Illinois, file nos. 96-53329 and 05-70657, and could not locate any such document claimed by TAN. TAN must either produce documents supporting the above statement or identify the exact document No. in the U.S. Bankruptcy Court, Northern District of Illinois, file nos. 96-53329 and 05-70657 or state that they do not exist.
>
> **Produce all documents where the US Bankruptcy Court for the Northern District of Illinois, Western Division conducted an extensive expert review and public notice of TAN's publication rights to *Fundamentals*, including but not limited to, updating its privilege log to identify, per the categories of TAN's current privilege log, the documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. If no such document exist, respond to this Request that no such document exist.**

**DEFENDANT'S RESPONSE:** Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. Defendant is producing an updated privilege log contemporaneously with this correspondence.

---

[3] This supplementation was made on February 2, 2018 not November 24, 2017 as Plaintiff indicated.

\* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \*

## H. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### REQUEST No. 32

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 32, TAN responded to this request as follows:**

Produce all documents (e.g., request letters from prisoners, TAN cover letters, postage receipts, booking keeping records, etc.) related to each gift or donation of *Fundamentals* from 2000 to the date TAN answers this Request.

**RESPONSE November 24, 2017:** Defendant objects to this Request to the extent it seeks to discover documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. Subject to and without waiving the objections, see documents SBPP-00288 to 00291 previously produced.

**RESPONSE February 2, 2018:** With the exception of documents that Saint Benedict has agreed to provide in this correspondence, Saint Benedict has provided all non-privileged relevant responsive documents in its possession, custody or control. As you are aware, the initial documents regarding the title were created decades ago. **Whether or not Saint Benedict has produced documents sufficient to defeat your client's claim and support Saint Benedict's defenses, is something for a judge or jury to decide.**[4] Aside from the documents to be produced pursuant to this correspondence, Saint Benedict does not have any additional non-privileged documents to produce **at this time.**[5]

This notice of deficiency is a follow-up to TAN's responses provided above that SBPP-00288 to 002911 are the only responsive documents to Request No. 32.

Plaintiff does not believe that such documents cited in TAN's responses provided above are protected by the attorney client privilege or the attorney work product doctrine. If so, TANmust revoke such privileges or update its privilege log. Additionally, TAN must produce the documents or state that they do not exist.

**Produce all documents (e.g., request letters from prisoners, TAN cover letters, postage receipts, booking keeping records, etc.) related to each gift or donation of Fundamentals from 2000 to the date TAN answers this Request, including but not limited to, updating its privilege log to identify, per the categories of TAN's current privilege log, the documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation**

---

[4] Emphasis added by Plaintiff, not in Defendant's original response.

[5] Emphasis added by Plaintiff, not in Defendant's original response.

of litigation or for trial. If no such document exist, respond to this Request that no such document exist.

**DEFENDANT'S RESPONSE:** Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. Defendant has not located any additional non-privileged, responsive documents. Defendant is producing an updated privilege log contemporaneously with this correspondence.

* * * * * * * * ** * * * * * * * * * * * * * * * * * * * * * ** * * * * * * *

## I. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### REQUEST NO. 42

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 42, TAN responded to this request as follows:**

Produce any revised edition(s) of *Fundamentals* that You directed, authored or participated in some small or substantial way.

**RESPONSE November 24, 2017:** See documents SBPP-00650 to 01947 produced contemporaneously with these responses.

**RESPONSE November 24, 2017[6]:** Saint Benedict has already produced to Plaintiff the only edition that it has sold. Although it was working on a second updated version/new edition, that edition was never sold. We are in the process of obtaining a copy of the updated, unpublished edition and will produce it once we receive it, subject to the "attorney's eyes only" designation contained in the protective order entered in this case.

This notice of deficiency is a follow-up to TAN's responses provided above that documents SBPP-00650 to 01947 are responsive to Request No. 42.

After our review, we note that TAN initially disclosed a draft edition of the new updated edition of *Fundamentals* as documents SBPP-00650 - SBPP-1379. Thereafter, TAN then produced documents SBPP-02318 - SBPP-3047 under "attorney's eyes only." After our review, it appears that SBPP-02318 - SBPP-3047 are identical to SBPP-00650 - SBPP-1379.

This edition in these bates numbered documents noted above appear to be an unfinished draft of the newly retypeset edition and not the latest version. However, TAN has failed to

---

[6] This supplementation was made on February 2, 2018 not November 24, 2017 as Plaintiff indicated.

<span style="color:red">provide the latest copy of the new hard cover revised edition including Patrick Madrid's introduction or confirm this is the final file.</span>

**<span style="color:red">Produce the latest copy of TAN's new hard cover revised edition of Fundamentals, including Patrick Madrid's introduction, or confirm Documents SBPP-00650 - SBPP-1379 is the final file by responding to this Request that no other documents exists.</span>**

**DEFENDANT'S RESPONSE:** Defendant incorporates its prior responses to Plaintiff's request for supplementation and adds that Defendant has produced both the draft version of Defendant's typesetting (see SBPP-00650 to SBPP-01379 and SBPP-02318 to SBPP-03047 (SBPP-00650 to SBPP-01379 should have been produced with the "Attorney Eyes Only – Confidential" designation and hereby designates it as such)) and the version that Defendant is currently selling. Defendant is currently printing and selling the same edition of the Work that TAN sold prior to Defendant's acquisition of TAN, changing only the cover and the copyright page. A copy of the version Defendant is currently selling was previously produced bearing bates stamp numbers SBPP-01382 to SBPP-01947 on November 24, 2017. Defendant did not print a version of the work with an introduction from Patrick Madrid.

\* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \*

## J. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### REQUEST No. 43

**In TAN's Response to First Set of Written Discovery Request, Production Request No. 43, TAN responded to this request as follows:**

Provide all documents that support or verify each of the transactions that are identified in the documents that You have identified/bates marked: (i) SBPP-00289 - April, May, June 2011; and (ii) SBPP-00290-June 2012.

**RESPONSE November 24, 2017:** Defendant objects to this Request to the extent it seeks to discover documents and things protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial. Defendant also objects to this Request on the basis that it is overly broad. Subject to and without waiving the objections, see documents SBPP-00292 to 0029S already produced and documents SBPP-02240 to 02253 and SBPP-02291 to 02297 produced contemporaneously with these responses.

> **RESPONSE November 24, 2017[7]:** Saint Benedict has produced all documents that it has been able to locate to date supporting those transactions. Bates stamped numbers corresponding with those documents were provided in Saint Benedict's previous responses. The information contained in those documents were obtained from an old server and old program no longer in use by Saint Benedict. To date, Saint Benedict has not been able to access any additional information relating to those transactions, but will supplement its response to this request if it is able to do so. In regard to your request that Saint Benedict provide the bates stamped numbers of all documents in response to certain requests, Saint Benedict did provide specific bates stamp ranges in response to requests that were drafted in such a manner as to allow Saint Benedict to identify specific responsive documents. The requests you reference in your January 10, 2018 letter are so broad that it is conceivable that every document that Saint Benedict has produced is responsive to those requests. Therefore, Saint Benedict supplements its responses to those requests by stating that documents bates stamped SBPP-00001 through SBPP-02297 support our client's responses to those requests
>
> This notice of deficiency is a follow-up to TAN's responses provided above that there are responsive documents protected by the attorney client privilege, the attorney work product doctrine, or that constitute material prepared in anticipation of litigation or for trial.
>
> We do not believe that such documents are protected by the attorney client privilege or the attorney work product doctrine. If so, TAN must revoke such privileges or update its privilege log.
>
> Also Plaintiff requested documents on **SIX** copies noted in the documents SBPP-00289 to SBPP-00290 and therefore TAN's objection to this Request on the basis that it is overly broad is not relevant. TAN must withdrawal this objection.
>
> **Produce all documents on SIX copies noted in documents SBPP-00289 to SBPP-00290. If no such document exist, respond to this Request that no such document exist. If no such document or privilege exists, respond to this Request that no such document and/or privilege exist.**

**DEFENDANT'S RESPONSE:** Defendant incorporates and restates the objections it asserted in its initial response to this Request and its prior responses to Plaintiff's request for supplementation. Defendant is producing an updated privilege log contemporaneously with this correspondence. Defendant has not located any additional non-privileged, responsive documents.

---

[7] This supplementation was made on February 2, 2018 not November 24, 2017 as Plaintiff indicated.

### "INCOMPLETE PRODUCTION"

Most of the documents produced by TAN are not referenced in TAN's responses/answers to Plaintiff's written discovery requests, as noted in greater detail below.

When reviewing these documents produced by TAN, many such documents reference other documents that TAN has failed to produce. We assume that TAN has these referenced documents in its possession or control. In this regard, Plaintiff is asking that TAN supplement its production and produce the referenced documents, provided as follows:

### A. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

1. **SBPP-00222** appears to be a letter from Thomas A. Nelson of TAN books states: "Herder-Bleile Inc. sold us the rights to the B. Herder Book company books when they decided no longer to publish Catholic books .... I can send you a copy of our *contract of sale* if you would require it."

**Since TAN has been asked to produce it, please produce a copy of the "contract of sale" and any related correspondence to this contract or state that you do not have such contract and related documents.**

**DEFENDANT'S RESPONSE:** In regards to SBPP-00222, Defendant does not have the contract, or any additional non-privileged documents responsive to this request.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### B. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

2. **SBPP-0241** appears to be correspondence with Patrick Madrid.

**Since TAN has been asked to produce it, please produce all correspondence with Patrick Madrid related to the *Fundamentals of Catholic Dogma* and also provide the copy of the Preface itself.**

**DEFENDANT'S RESPONSE:** In regards to SBPP-00241, Defendant disagrees that Plaintiff has previously asked Defendant to produce all correspondence with Patrick Madrid related to the work. Regardless, Defendant decided not to use Mr. Madrid to write the preface. Defendant has not located any additional relevant, responsive, non-privileged documents regarding Mr. Madrid, but should Defendant locate any additional non-privileged, relevant, responsive documents regarding Mr. Madrid, Defendant will produce them.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## C. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

3. **SBPP-00267** shows the OCR file of the paperbound dated January 14, 2011. The note in this document states that *"OCR is the first step in the new typesetting for the hard cover."*

**Since Tan has been asked to produce it, please produce all documents that discuss TAN's decision to create a new edition of *Fundamentals of Catholic Dogma*.**

**DEFENDANT'S RESPONSE:** In regards to SBPP-00267, Defendant disagrees that Plaintiff has previously asked that Defendant "produce all document that discuss TAN's decision to create a new edition of *Fundamentals of Catholic Dogma.*" Regardless, Defendant objects to this Request on the basis that it is overly broad, unduly burdensome and the expense and burden of responding would outweigh any benefit received from doing so.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## D. PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

4. **SBPP-02200** appears to be an email to Rick Rotondi, where Brent Klaske states: "At acquisition, all licence holders were notified of SBP's takeover, but we never heard from Mercier."

**Produce all documents that provide the relevant notice that had been sent to Mercier Press or other license holders.**

**DEFENDANT'S RESPONSE:** In regards to SBPP-02200, Defendant is uncertain as to exactly what document or documents Mr. Klaske is referring to.

---

### "INCOMPLETE INTERROGATORY REQUEST"

### PLAINTIFF'S REQUEST FOR SUPPLEMENTATION:

### Interrogatory No. 1.

In TAN's Response to First Set of Written Discovery Request, Interrogatory Request No. 1, Tan responded to this request as follows:

For each document that you produce in response to a BP's discovery request to TAN served simultaneously hereto, identify the specific request or requests to which each document pertains.

**ANSWER:** See Defendant's responses to the Requests which are hereby incorporated by reference.

<span style="color:red">This notice of deficiency is a follow-up to TAN's answer provided above. Plaintiff has used one of its interrogatory requests to require TAN is clearly identify what request(s) its produced documents are in response to. Further, TAN has produced more than 3,000 bates labeled pages, most of which are not referenced to a specific request number.

TAN's answer above does not answer the interrogatory request completely. It has been our experience that when this question is asked in the form of a interrogatory request, then answering it in a table format is the best approach, which also is easy to supplement. Below is a sample table and inserts.</span>

| First Request or Second Request | Production/Interrogatory Req. No. | Bates Nos. | Privilege Claimed (Yes/No) |
|---|---|---|---|
| First Request | Production Req. No. 100 | SBPP-00 | No |
| First Request | Interrogatory Req. No. 22 | SBPP-00 | Yes Work Product |

<span style="color:red">**Answer Interrogatory Request No. 1 by completing the table provided below for all documents TAN has produced to Plaintiff, which obligation continues as TAN supplements its document production and answers to Plaintiff's written discovery requests.**</span>

| First Request or Second Request | Production/Interrogatory Req. No. | Bates Nos. | Privilege Claimed (Yes/No) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**<u>DEFENDANT'S RESPONSE</u>:** Defendant objects to completing the chart that Plaintiff has demanded it complete on the basis that it exceeds the requirements of Rules 26, 33 and 34 of the Federal Rules of Civil Procedure. When practical, Defendant referenced specific bates stamped documents in its responses to each individual discovery request, identified specific bates stamped documents in its privilege log, and added slip sheets identifying specific categories of documents produced. Although Defendant's production conforms to the requirements of the Federal Rules of Civil Procedure, Defendant has provided a further break down of the categories of some of the documents in its production below:

**SBPP-00247-00265:** Excerpts from editions of the work in Defendant's possession.
**SBPP-00289-00290:** Sales Information
**SBPP-00296:** Profit and Sales Information
**SBPP-00297-00649:** Documents from the Bankruptcy Proceeding
**SBPP-00650-01381:** Draft of the new typesetting of the work undertaken by Defendant but never published.
**SBPP-01382-01947:** The version of the work that Defendant is currently selling.

SBPP-01948-02167: Documents regarding Saint Benedict's acquisition of TAN, produced as they are kept in their usual course of business.
SBPP-02168-02235: Documents from the publishing file including documents regarding TAN's acquisition of the rights to the work and its research into who owns the rights.
SBPP-02236-02239: Advertisements for the work.
SBPP-02240-02253: Sales Information
SBPP-02254-002289: Documents relating to Saint Benedict Press' acquisition of TAN
SBPP-02290: Website views
SBPP-02291-02297: Sales Information
SBPP-02298-02317: Sales Information and Royalty Statements
SBPP-02318-03047: Draft of the new typesetting of the work undertaken by Defendant but never published.
SBPP-03048-03049: Sales Information
SBPP-03050-03081: Excerpts of printings of the work in Defendant's possession
SBPP-03082-03083: Internal email regarding pre-2014 customer service emails.
SBPP-02084-03385: Trade and wholesale customer service emails –CONFIDENTIAL AND ATTORNEY'S EYES ONLY

The preceding supplements Defendant's discovery responses and responds to the two (2) May 10, 2018 letters regarding alleged deficiencies in Defendant's discovery responses.

On a related note, we have yet to receive adequate responses to Defendant's Second Set of Interrogatories and Requests for Production of Documents. Please let us know when you are available this week to meet and confer regarding your client's responses to Defendant's Second Set of Interrogatories and Requests for Production of Documents.

Sincerely,

*[signature]*

Jonathan E. Buchan
Natalie D. Potter

NDP/hmb
Enclosure