IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:16-cv-00695-GCM

| | |
|---|---|
| BARONIUS PRESS, LTD., | **DEFENDANT SAINT BENEDICT PRESS, LLC'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BARONIUS PRESS, LTD.** |
| Plaintiff, | |
| v. | |
| SAINT BENEDICT PRESS LLC, | |
| Defendant. | |

Defendant, Saint Benedict Press, LLC (hereinafter "Saint Benedict"), hereby submits the following Second Set of Interrogatories and Requests for Production of Documents to be answered by Plaintiff Baronius Press, Ltd. (hereinafter "Baronius Press") in accordance with Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

If any one or more of these Interrogatories or Requests for Production of Documents is/are objected to on the grounds of overbreadth, vagueness or similar ground, Plaintiff is instructed for each such Interrogatory or Request for Production of Documents to answer or respond to the Interrogatory or Request for Production of Document within the 30-day period as narrowed to conform with the objection. Where Plaintiff lacks knowledge of exact information responsive to an Interrogatory or Request for Production of Documents, Plaintiff is instructed to say so and to answer or respond to the Interrogatory or Request for Production of Documents to the best of its present knowledge, to supply the best available estimate of the requested information, and to explain the basis of the estimate. If any one or more of these Interrogatories or Requests for Production of Documents is/are objected to on the grounds of privilege or confidentiality, Plaintiff

1

shall provide a list which identifies the subject matter for which a privilege or confidentiality is claimed, including at least the following information:

1. Nature and date of the subject matter;

2. Author;

3. The person or persons to whom the subject matter was conveyed, either orally or in writing, together with their job title or position;

4. The basis upon which the privilege is claimed; and

5. The Interrogatories to which each claim of privilege responds.

## DEFINITIONS

The following definitions are applicable to terms employed in these Interrogatories and Requests for Production of Documents, in the Instructions accompanying these Interrogatories and Requests for Production of Documents, and in these Definitions.

1. "Defendant" shall mean and refer to Saint Benedict Press, LLC and includes any and all affiliates, parents, subsidiaries, employees, licenses, agents and representatives of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing.

2. The "English Work" shall mean and refer to the English translation of *Grundriß der katholischen Dogmatik*, (*Fundamentals of Catholic Dogma*) translated by Patrick Lynch.

3. The "German Work" shall mean and refer to the book titled *Grundriß der katholischen Dogmatik* by Ludwig Ott.

4. "Plaintiff," "You," and "Your" shall mean and refer to Baronius Press, Ltd., and includes any and all of its affiliates, parent companies, subsidiaries, predecessors in interest, divisions, related companies, officers, directors, employees, licensees, agents and representatives of the foregoing, and any other person acting, or purporting to act, on behalf of the foregoing.

2

5. The term "Person" or "Persons" refers to natural persons, organizations, associations, partnerships, joint ventures, corporations and other legal entities (including Plaintiff), and the actions taken by a person include the actions of directors, officers, owners, members, partners, joint venturers, employees or agents acting on the person's behalf.

6. The singular includes the plural and *vice versa*; the words "and' and "or" shall be construed in both conjunctive and disjunctive; the word "all" means "any and all;" the word "any" means "any and all."

7. The terms "Relate(s)" "Relating" and "Refer(s)" "Referring" mean directly or indirectly mentioning, discussing, describing, pertaining to or connected with, a stated and subject matter.

8. The term "Document" is used in its customary broad sense and encompasses, without limitation, all handwritten, typed, printed or otherwise visually or aurally reproduced materials, whether copies, drafts or originals, emails, electronically stored, created or transmitted documents within the possession, custody or control of Plaintiff or its directors, officers, employees, agents, attorneys, consultants or representatives, including but not limited to: letters, correspondence, cables, wires, telegrams, notes, memoranda, diaries, notes or records of telephone conversations, notes or records of personal conversations or interviews, interoffice and intraoffice communications of all types, drawings, plans, sketches, charts, notebooks, data, operating and maintenance manuals, operating and product specifications, photographs, movies and records, books, catalogs, labels, packaging, containers, tags, advertisements, promotional materials, storyboards, press releases, reports, studies, questionnaires, assignments, agreements and other official papers and legal instruments, annual reports, management reports, project reports, reports to shareholders and minutes and reports of meetings (including meetings of directors, officers, executive boards and committees), lists of persons attending meetings, bills, invoices, orders,

books, records, files, published material of any kind, and microfilms of documents that may have been destroyed. Any original or copy of a document containing or having attached to it any alterations, notes, comments or other material not included in the first document shall be deemed a separate document.

9. Unless otherwise instructed, when a Document is requested Plaintiff shall produce the original and any copies that differ from the original and provide the English translation for any Document produced that is written in German or any other language.

10. As used herein, the term "Identify" means:

(a) As to Documents, give their dates, a detailed description of the Document, the author thereof, the signee thereof, and specify the person having custody or control thereof;

(b) As to natural persons, give their full name, business address (or, if not available, home address) and telephone number, employer, job title and, if employed by Plaintiff, their dates and regular places of employment and general duties.

(c) As to corporations, give the full name and present or last known address of the principal place of business of the corporation, Identify the officers and directors of the corporation, and the state of the incorporation of the corporation;

(d) As to the partnerships, state whether the partnership is a general or limited partnership, Identify the limited and general partners of the partnership, and state the principal place of business of the partnership; and

(e) As to the joint ventures or other associations, Identify all joint ventures or members of the association and state the principal place of business of the joint venture or association.

4

11.     Anytime these Interrogatories and Request for Production of Documents request You to state the substance of a conversation that You have had, do not include any conversation that You have had with Your attorney that You contend is protected by the attorney client privilege.

12.     These Interrogatories and Request for Production of Documents seeks Documents and information in Your knowledge, custody or control or in the knowledge, custody or control of any agent, representative or employee of Yours.

13.     These Interrogatories and Request for Production of Documents seek Documents and information from January 1, 1950 to present.

## **INTERROGATORY**

1.     State <u>all</u> damages that You contend You suffered as a result of Saint Benedict's selling of the Work, include in Your response the total dollar figure of all damages You contend You have suffered and any formula You used to come up with such figure. For example, if You contend that Your damages are $30.00, You would state $30.00 and then break down the amount such as: $10.00 for lost sales of the Work, $10.00 for lost sales of other Works, $10.00 for attorney fees.

**ANSWER:**

5

# REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Provide all Documents regarding any prior business arrangement between You and Defendant, including but not exclusive to, all contracts, settlement agreements, or correspondence between You and Defendant regarding the same.

**RESPONSE:**


2. If You have retained any expert witness to provide testimony at any hearing or trial of this case, provide the following Documents:

    (a) All Documents relied upon by the expert witness in formulating his or her opinion;

    (b) All Documents sent to the expert witness for use by the expert witness in formulating his or her opinion;

    (c) All Documents that the expert witness maintains supports his or her position;

    (d) His or her curriculum vitae; and

    (e) A copy of any agreement between You and the expert regarding fees to be paid to the expert.

**RESPONSE:**


3. All Documents sent to, or received from, the Defendant or any affiliate or predecessor of Defendant.

**RESPONSE:**

4. All Documents that You contend support Your position that Plaintiff suffered a loss in sales of works other than *Fundamentals of a Catholic Dogma* because of Defendant's sale of *Fundamentals of a Catholic Dogma* including, but not exclusive to, any financial information You contend supports Your position.

**RESPONSE:**


5. All Documents that Paul Kejik agreed to provide during the depositions which took place on March 21, 2018 and March 22, 2018.

**RESPONSE:**


6. All Documents, including but not exclusive to, any photographs, showing any alleged changes made by Defendant to the English Work which Plaintiff contends resulted in the creation of a derivative of the English Work.

**RESPONSE:**


7. All Documents between Plaintiff and St. Paul's of London Relating to the English Work.

**RESPONSE:**


8. All Documents that You contend support Your claim for damages including but not exclusive to any financial information supporting Your claim for damages.

**RESPONSE:**

9. All Documents that You used to come up with any figure contained in Your response to Interrogatory No. 1 of Defendant's Second Set of Interrogatories.

**RESPONSE:**

This the 23rd day of April, 2018.

_____
Jonathan E. Buchan, N.C. State Bar No. 8205
Natalie D. Potter, N.C. State Bar No. 34574
Attorneys for Defendant
Essex Richards, PA
1701 South Blvd.
Charlotte, NC 28203
Telephone: (704) 377-4300
Fax: (704) 372-1357
Email: jbuchan@essexrichards.com
Email: npotter@essexrichard.com

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT SAINT BENEDICT PRESS, LLC'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BARONIUS PRESS, LTD.** on Plaintiff by serving Plaintiff's counsel of record a copy of the same by email and regular U.S. Mail as outlined below:

>  Mark W. Ishman
>  Ishman Law Firm, P.C.
>  9660 Falls of Neuse Road
>  Suite 138-350
>  Raleigh, NC 27615
>  mishman@ishmanlaw.com
>  *Attorney for Plaintiff*

This the 23rd day of April, 2018.

_____
Jonathan E. Buchan, N.C. State Bar No. 8205
Natalie D. Potter, N.C. State Bar No. 34574
Attorneys for Defendant
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203
Telephone: (704) 377-4300
Fax: (704) 372-1357
Email: jbuchan@essexrichards.com
Email: npotter@essexrichards.com

9