# ISHMAN LAW FIRM, P.C.

9660 FALLS OF NEUSE ROAD, SUITE 138-350
RALEIGH, NORTH CAROLINA 27615
*mailing address*

FORUM I BUILDING
8601 SIX FORKS RD., ST. 400
RALEIGH, NC 27615

_____
TEL: (919) 468-3266
FACSIMILE: (919) 882-1466
www.IshmanLaw.com | www.IshmanLegal.com

9104 FALLS OF NEUSE ROAD
SUITE 200
RALEIGH, NC 27615

September 14, 2018

**Sent via First Class Mail**

Natalie Potter <NPotter@essexrichards.com>
Jonathan Buchan <Jbuchan@essexrichards.com>
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203

Re:   *Baronius Press, Ltd. v. Saint Benedict Press, LLC*
      United States District Court, Western District of North Carolina
      Case No. 3:16-cv-00695-GCM

Dear Natalie and Jon,

We are sending you this correspondence in follow-up with you in regards to several outstanding issues relating to the discovery responses to Plaintiff's Second Set of Written Discovery Requests to Defendant.

Defendant's responses to Plaintiff's requests/interrogatories are incomplete and/or fail to assert any applicable privilege or legitimate objection. We have specified below a summary as to each request/interrogatory that requires further supplementation by Defendant and the means of completing such request.

**Requests No. 2**
Plaintiff acknowledges objections from Defendant and clarifies that the aim of this request was to obtain "the only insurance agreement that Defendant [can identify] under which an insurance business may be liable to satisfy all or part of a possible judgment against Defendant in this action or to indemnify or reimburse Defendant for payments made to satisfy any judgment in this action."

While an insurance policy has been provided by Defendant, it is for a period from June 6, 2012 to June 6, 2013, *i.e.* several years before this lawsuit was filed. We do not know how Defendant's identified 2012-13 policy is its only applicable policy.  Please provide the complete set of insurance policies triggered by this lawsuit.

**Requests No. 3**
Plaintiff's awaits the production of all statements/invoices for any sales of *Fundamentals to* countries outside of the U.S.

With regards to Defendant Response that "Because of a migration of records from its prior exchange server to its current server in 2014, records reflecting any such sales have been unavailable to Defendant since that migration, long before the commencement of this litigation." Plaintiff would like to point out that in defendant Privilege Log, on entries with documents dated January 8, 2013 and January 7 to January 21, 2014 Defendant stated Reason for not producing as "Created in anticipation of litigation or for trial." If, as claimed by Defendant, it had anticipated a litigation or trial back in 2013, it was Defendant's duty to preserve documents that Defendant knew or should have known were, or could be, relevant to the parties' dispute. This would imply that Defendant either provided a false reason in its Privilege Log or grossly neglected its duty to preserve documents for the anticipated litigation or trial. Unless we hear otherwise from you, we will need to address this with the Court on how Defendant has continuously claimed privileges in anticipation of litigation going back to 2013, yet Defendant has spoiled/destroyed evidence.

### Requests No. 4, 5, 6, 7, 8
Defendant objections on requests 4 to 8 are without merit for the following reasons:

> Defendant objects to this Request to the extent it states as fact that other "products, brands and imprints" have "caused or contributed to" any profits that Defendant has realized from the selling of Fundamentals. Defendant denies such assertion and no such fact has been established, or is even supported, by any aspect of the record in this case.

> A. Defendant's objection here is flawed as under 17 U.S.C §504(a)(1)(b) "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. …"

In order to ascertain such damages attributable to the infringement, produce these statements as Plaintiff is entitled to discover the sales and gross revenue of any products, brands and imprints that caused or contributed to the profits Defendant made from the sale of the infringing work.

> Defendant further objects to this Request because it seeks documents that are not relevant to the Plaintiffs claims or to Defendant's defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence as the record is entirely void of anything supporting or indicating that the sales of any other work had any bearing whatsoever on Defendant's sales of *Fundamentals.*

> B. Defendant's objection states that "… the sales of any other work had any bearing whatsoever on Defendant's sales of *Fundamentals.*" Plaintiff in its Request did not

    make any such argument and this objection is Defendant's attempt to confuse Plaintiff and increase the volume of its boiler-plate response.

```
Defendant further objects to this Request because it is
overly broad, vague and confusing as to the documents it
seeks.
```

    C.  Plaintiff Requests 4 to 7 clearly state what is required. Defendant received a similar request in a letter of July 31, 2018 regarding the sales of *Fundamentals* and was able to produce the requested figures. Plaintiff would like to clarify Request No. 8 with addition in bold.

    To ascertain such damages attributable to the infringement, produce statements of the combined gross revenue of sales of TAN, Neumann Press, ACS Books and the Confraternity of the Precious Blood, Saint Benedict Press, Catholic Courses and Catholic Scripture Study International from March 2014 to present **on annual basis**.

```
The Request appears to be seeking documents relating to the
advertisement of "various products, brands and imprints that
caused or contributed to profits the Defendant made from the
sale of' Fundamentals but seeks information regarding the sales
of a work of which Plaintiff has not alleged copyright
infringement in its First Amended Verified Complaint.
```

    D.  Same as point A. above

Defendant's responses to Requests No. 4, 5, 6, 7, 8 are inadequate for the above-mentioned reasons.

Please supply the requested information or clearly state that you refuse to do so.

**Requests No. 9**
Defendant is wrongly pointing Plaintiff to documents bates stamped SBPP-03084 to 03385 which have already been produced and are not relevant to this request.

As stated in Request No 3 above, if, as claimed by Defendant, it had anticipated litigation or trial back in 2013, it was Defendant's duty to preserve documents that Defendant knew or should have known were, or could be relevant to the parties' dispute.

**Requests No. 10, 11, 12**
Plaintiff claim is relevant as it seeks to confirm the statement of Mr. Conor Gallagher from his letter of November 11, 2013 that "[Defendant] had consulted two independent copyright attorneys."

Defendant objections on requests 10-12 are without merit as documents such as the existence of the attorney-client relationship or the length of the relationship, the general nature of the services performed by the attorney including the terms and conditions of the retention, the factual circumstances surrounding the communications between an attorney and a client, such as the date of the communication and the identity of persons copied on correspondence, are not covered by attorney-client privilege. As for the fee arrangement between an attorney and a client, these documents are typically discoverable, except where such discovery would produce confidential communications with the client.

For clarity purposes, as used in Plaintiff's discovery request, "pre-existing document" are already existing documents created in the normal course of business that are discoverable before and after they are transferred to an attorney. Document cannot be made privileged solely by being sent to the attorney. If there is a privilege being claimed, then the preexisting documents need to be identified and Defendant's privilege log updated.

No. 11. Defendant stated that "Mr. Nipp does have invoice(s) relating to his representation of Defendant in regards to this matter." If Mr. Nipp invoiced Defendant for his services, Defendant is also in possession of the Invoice(s).

Please provide those invoices, redacted as Defendant deems necessary, or clearly state that you refuse to do so.

**Interrogatory No. 2**
LSI Lightening Source Inc. by Ingram, does not provide any direct sales but facilitates a print on demand service to sales channels such as Amazon, Barnes & Noble etc. Please provide a correct answer to this interrogatory.

**Interrogatory No. 3**
It is important for Plaintiff to establish who had responsibility to make executive decisions on behalf of Defendant. Due to the structure of Defendant, its parent and associated companies, such interrogatory may appear broader than it would with a much smaller company. While this interrogatory is not relevant to the claim itself, it provides Plaintiff with a clear understanding of the company management and allows Plaintiff to identify the relevant individuals for deposition.

Defendant makes an objection that Plaintiff did not attach "Appendix 2" yet never pointed this to Plaintiff and instead "considers each request for information as to each individual to be a demand for information for separate and discrete interrogatory subparts". Defendant's assertion is incorrect as Plaintiff made an effort to ask clearly with as much detail as possible in order to avoid any claims by Defendant that such request/interrogatory is vague or not understood (see Requests No. 10 to 12 on "pre-existing documents") or that Defendant would not provide an incorrect answer (Interrogatory No. 2). Nevertheless, the answers Defendant provided for this interrogatory

Saint Benedict Press, LLC aka TAN
c/o Essex Richards, P.A.
September 14, 2018
Page 5

are incomplete and do not correspond to the information that has been gathered by Plaintiff from the disclosure documents and publicly available sources, see table below.

|  | **Robert Gallagher** | **Jame Hetzel** | **Connor Galagher** | **Rick Rotondi** | **Richard Hoefling** | **John Briody** | **Members of Saint Benedict Press LLC** |
|---|---|---|---|---|---|---|---|
| 2008 | Publisher | President | VP of Publishing |  |  |  | Good Will Publishers, Inc. James Hetzel |
| 2009 | Publisher |  | VP of Publishing |  |  |  | Good Will Publishers, Inc. James Hetzel |
| 2010 | Publisher |  | VP of Publishing |  |  |  | Good Will Publishers, Inc. James Hetzel |
| 2011 | Publisher |  | VP of Publishing |  |  |  | Good Will Publishers, Inc. James Hetzel |
| 2012 | Publisher |  | VP of Publishing |  |  |  | Good Will Publishers, Inc. James Hetzel |
| 2013 | Publisher |  | VP of Publishing | VP of New Business Development |  |  | Good Will Publishers, Inc. James Hetzel |
| 2014 | Publisher |  | VP of Publishing Associate General Counsel | VP of New Business Development |  |  | Good Will Publishers, Inc. James Hetzel |
| 2015 | Publisher |  | Publisher | VP of New Business Development |  |  | Good Will Publishers, Inc. James Hetzel |
| 2016 | Manager |  | VP of Publishing | VP of New Business Development | Manager | Manager | Good Will Publishers, Inc. |
| 2017 | Manager |  | CEO General Counsel Publisher | VP of New Business Development | Manager | Manager | Good Will Publishers, Inc. |
| 2018 |  |  |  |  |  |  |  |

Plaintiff therefore attaches the Appendix 2 that was omitted from its Second Set of Discovery Requests due to an unfortunate human error and asks Defendant to answer this interrogatory.

With best regards,

/s/ *Mark W. Ishman*

Mark W. Ishman, Esq.

ISHMAN LAW FIRM, P.C.                                         MARK W. ISHMAN
                                                        DIRECT LINE: (919) 539-7626
                                                        MISHMAN@ISHMANLAW.COM

Saint Benedict Press, LLC aka TAN
c/o Essex Richards, P.A.
September 14, 2018
Page 6

Enclosure: Appendix 2

cc:     Ms. Kristin Garris (Garris@thsh.com)