UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00695-FDW-DCK

| | |
|---|---|
| BARONIUS PRESS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SAINT BENEDICT PRESS, LLC, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Plaintiff's "Motion for Leave to File Second Amended Verified Complaint and Supplemental Pleading." (Doc. No. 51). For the reasons stated below, Plaintiff's Motion is GRANTED.

**I. Background**

Plaintiff brought this suit in September 2016 alleging that Defendant had committed a copyright violation by publishing a book titled "Fundamentals of Catholic Dogma." (Doc. No. 1, p. 2). On July 23, 2018, Plaintiff filed the present motion on July 23, 2018, seeking to add claims regarding several other works: "This Tremendous Lover," "The Curé d' Ars," "Holy Abandonment," "The Priest in Union with Christ," "Christian Perfection and Contemplation," "Our Savior and His Love for Us," "Providence," "Life Everlasting," "Mother of the Saviour," "The Three Ways of the Spiritual Life," and "Predestination." (Doc. No. 51-1, p. 6). Plaintiff states that these additional claims are based on facts that were learned through discovery in late 2017 and 2018. Since the deadline to file an amended pleading as a matter of course has passed, Plaintiff now asks this Court for leave to amend and supplement the pleadings in this case.

1

## II. Legal Standard

According to Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)). Thus, a motion for leave to amend should be granted unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id. (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). "Delay alone is an insufficient reason to deny leave to amend . . . . Rather, the delay must be accompanied by prejudice, bad faith, or futility." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Rule 15(d) allows a court to permit a party to serve a supplemental pleading instead of amending their existing complaint. Fed. R. Civ. P. 15(d). "A supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint." Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). However, "[t]his distinction is of little practical significance . . . because the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted . . . ." Id.

## III. Analysis

In this case, Plaintiff should be allowed to amend the complaint and serve supplemental pleadings. The Court accepts Plaintiff's explanation that they learned additional facts about potential infringement claims through discovery in late 2017 and 2018. (Doc. No. 60, p. 2). Furthermore, the interest of judicial efficiency is furthered by allowing these various copyright

claims to proceed in a single action. See <u>Ohio Valley Environ. Coalition v. U.S. Army Corps of Engineers</u>, 243 F.R.D. 253, 257 (S.D. W. Va. 2007) (allowing supplemental pleadings which brought new claims that were factually distinct but involved essentially identical legal issues). Finally, the delay in amending the pleadings does not prejudice Defendant because of this Court's previous order which substantially extended the deadlines for discovery and dispositive motions in this case. (Doc. No. 88); <u>see</u> <u>also</u> <u>Edwards,</u> 178 F.3d at 242 (holding that delay alone is not sufficient ground for denying a motion for leave to amend).

### IV. Conclusion

For the reasons stated above, Plaintiff's "Motion for Leave to File Second Amended Verified Complaint and Supplemental Pleading," (Doc. No. 51), is hereby GRANTED. Plaintiff is directed to file any amendments or supplemental pleadings **within seven days** of the entry of this order.

IT IS SO ORDERED.

Signed: November 8, 2018

Frank D. Whitney
Chief United States District Judge