# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO.  3:16-CV-695-FDW-DCK

| | | |
|---|---|---|
| **BARONIUS PRESS, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **SAINT BENEDICT PRESS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Defendant To Correct Designation Of Non-Sensitive, Non-Trade Secret Documents From Attorneys' Eyes Only To Confidential" (Document No. 61);  "Defendant Saint Benedict Press, LLC's First Motion For Protective Order" (Document No. 68);  and "Defendant's Motion To Compel Discovery (Document No. 78).  These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motions and the record, the undersigned will grant in part and deny in part the motions.

## BACKGROUND

Baronius Press, Ltd ("Plaintiff") initiated this action with the filing of its "Verified Complaint" (Document No. 1) on September 29, 2016.  Plaintiff "is a corporation organized and existing under and by virtue of the laws of the Isle of Man, British Isles." (Document No. 1, p. 1). The Complaint alleges that Saint Benedict Press, LLC ("Defendant"), "organized and existing under and by virtue of the laws of the State of North Carolina, doing business as TAN Books . . . with a principal place of business in Charlotte, North Carolina," has committed willful acts of

copyright infringement. (Document No. 1, pp. 1-2). Plaintiff contends that it has "exclusive licensing rights to publish an English translation of the German original work *Grundriß der katholischen Dogmatik*, and has purchased the copyright to the English translation entitled *Fundamentals of Catholic Dogma*. Id.

This matter was originally assigned to the Honorable Graham C. Mullen on September 29, 2016. On November 1, 2018, the case was reassigned to the Honorable Frank D. Whitney. (Document No. 87). Chief Judge Whitney issued an Order on November 5, 2018, re-setting case deadlines and denying a pending motion for summary judgment. (Document No. 88).

Plaintiff has amended the Complaint twice, most recently on November 14, 2018, when it added multiple new claims of Copyright Act violations, along with claims for unfair and deceptive trade practices. (Document No. 94); see also (Document No. 16).

The pending discovery-related motions were all filed before this case was reassigned, and before the filing of the "Second Amended Verified Complaint And Supplemental Pleading" (Document No. 94). See (Document Nos. 61, 68, and 78). The pending discovery motions are now ripe for review and disposition.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.  See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

### A.    "Plaintiff's Motion To Compel…"

As an initial matter, the undersigned notes that Plaintiff apparently failed to request a conference with the Court prior to filing its motion to compel as required by the "Pretrial Order And Case Management Plan."  (Document No. 69, pp. 13-14;  Document No. 77, p. 3);  see also (Document No. 29, p. 4;  Document No. 88, pp. 3-4).

By the instant motion, Plaintiff contends that Defendant has improperly designated certain documents as "ATTORNEYS EYES ONLY" ("AEO"), that should be designated as "CONFIDENTIAL."  (Document No. 61, p. 1).  Plaintiff now seeks to compel the production of a "draft of a typeset edition of *Fundamentals of Catholic Dogma* prepared by Defendant," as well as other documents, without the AEO designation.  (Document No. 61, pp. 2-7).  Plaintiff argues that since it "owns the complete copyright in the work (*Fundamentals*)," it must be allowed access to Defendant's unpublished draft of the work.  (Document No. 61, p. 4).

"Defendant's Response…" asserts that it has properly designated its unpublished re-typesetting of *Fundamentals of Catholic Dogma* because it is confidential and proprietary business

information that Plaintiff should not be allowed "to access and take advantage of." (Document No. 69, pp. 3-7). Defendant further asserts that it has properly produced customer emails with customer names, customer contact information, wholesale customer pricing and wholesale customer terms, under an AEO designation. (Document No. 69, p. 11).

Based on the foregoing, the undersigned finds that "Plaintiff's Motion To Compel…" should be denied. Considering all the circumstances of this case, including the recent extension of discovery deadlines and the Amended Complaint, the undersigned will deny the motion without prejudice. The parties are respectfully directed to work together in good faith to resolve any continuing or new discovery disputes. If those efforts fail, they may seek Court intervention as outlined in the "Amended Case Management Order." (Document No. 88).

## B.   Defendant's "…Motion For Protective Order"

Defendant's motion involves the same subject matter as Plaintiff's motion to compel discussed above. See (Document Nos. 61, 68, and 69). Specifically, Defendant seeks to re-designate prior production of its "unpublished draft of the book *Fundamentals of Catholic Dogma*" (SBPP-00650 – SBPP-01379) as AEO. (Document No. 68, p. 1). Plaintiff opposes Defendant's request, asserting that there should be no restrictions in presenting the re-typeset draft of *Fundamentals of Catholic Dogma* into evidence because it shows Defendant's willful infringement and intent to continue to infringe Plaintiff's copyrights. (Document No. 75).

At this time, the undersigned is persuaded that Defendant's motion should be granted, and that the disputed draft of *Fundamentals of Catholic Dogma* should be designated as AEO. The Court reserves the right to re-consider appropriateness of this designation at a later date.

## C.   "Defendant's Motion To Compel…"

"Defendant's Motion To Compel Discovery" seeks full responses to its "Second Set of Interrogatories and Requests for Production of Documents to Plaintiff Baronius Press, Ltd." (Document No. 78). Specifically, Defendant contends that Plaintiff has not fully responded to Interrogatory No. 1 and Request for Production of Documents Nos. 4, 8, and 9. (Document No. 78, p. 2). In addition, Defendant seeks an unredacted version of an email produced by Plaintiff on April 26, 2018. (Document No. 78, p. 2) (citing BP 00931).

"Plaintiff's Response…" suggests that it has provided the responsive documents it has, and/or that it needs to review documents it expects Defendant to produce to more fully respond to Defendant's requests. (Document No. 89). See also (Document No. 79-12 and Document No. 89-5). Plaintiff also notes that it has amended its redaction of the disputed email (BP 00931) in an effort to satisfy Defendant's request. (Document No. 89 p. 4).

At this point, it is not entirely clear to the undersigned how many of the pending discovery issues related to this motion have been resolved. The undersigned generally agrees with Defendant's argument that Plaintiff should supplement its responses to the requests in question, and that Plaintiff cannot refuse to respond to discovery because it contends Defendant has not provided adequate responses. See (Document No. 79, p. 13). If Defendant is still unsatisfied with Plaintiff's redaction of BP 00931, the parties should further confer. The parties might consider whether designating that email as "AEO" or "CONFIDENTIAL" will adequately address Plaintiff's concerns.

In short, the undersigned finds that the motion should be granted to the extent Plaintiff has additional information to supplement its previous responses. If Defendant still contends the Plaintiff's discovery responses are inadequate, the parties shall confer in good faith and in accordance with the "Amended Case Management Order" (Document No. 88).

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Defendant To Correct Designation Of Non-Sensitive, Non-Trade Secret Documents From Attorneys' Eyes Only To Confidential" (Document No. 61) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Defendant Saint Benedict Press, LLC's First Motion For Protective Order" (Document No. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Defendant's Motion To Compel Discovery (Document No. 78) is **GRANTED**, as described herein.

**SO ORDERED**.

Signed: December 20, 2018

David C. Keesler
United States Magistrate Judge

6