# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:16-CV-695-FDW-DCK

| | | |
|---|---|---|
| **BARONIUS PRESS, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **SAINT BENEDICT PRESS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER IS BEFORE THE COURT** regarding the parties' request on February 18, 2019 – four (4) days before the discovery deadline – for a telephone conference pursuant to the "Amended Case Management Order" (Document No. 88, pp. 3-4). The undersigned held a telephone conference discussing the status of the case and discovery disputes on February 25, 2019. After careful consideration of the record of the case, written submissions by each side, and the parties' arguments during the telephone conference, the undersigned makes findings and determinations below pursuant to the "Amended Case Management Order" (Document No. 88, p. 4) and the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

**DISCUSSION**

First, the undersigned observes that on January 18, 2019, the discovery deadline in this case was extended to February 22, 2019. (Document No. 102). On February 7, 2019, the parties filed a "Joint Stipulation…" (Document No. 103) agreeing to extend the discovery completion deadline to complete depositions and mediation.

As noted during the telephone conference, the undersigned is concerned in this case that the scope and expense of discovery is not proportional to the needs of the case. See Fed.R.Civ.P. 26(b)(1). In addition, the undersigned notes that some of the issues raised here are not actual "discovery disputes" that the process set forth in the "Amended Case Management Order" is designed to address, and/or the issues are not timely raised in accordance with the "Amended Case Management Order." See (Document No. 88, pp. 3-4). The parties are required to seek a telephone conference within fourteen (14) days of a discovery dispute arising. "This time limitation may only be extended with leave of Court for good cause shown, and failure to timely submit to this procedure will result in the objection being deemed waived." (Document No. 88, p. 4, n.2). Based on all the circumstances of this case, however, the undersigned provides the following guidance and determinations.

**1. Tom Healy**

Defendant requests that the Court require Plaintiff to make Tom Healy available for a deposition and to extend the discovery period for the limited purpose of such deposition. Although Defendant first initiated requests to depose Tom Healy ("Healy") over a year ago, Defendant again

re-raised this request on or about February 5, 2019, after receiving additional discovery responses in late January 2019. The relationship between Plaintiff and Healy remains unclear to the Court. It appears he has been reported to be a representative of Plaintiff, an employee/manager, and/or a volunteer. At best, Plaintiff has not been as precise and forthcoming about its relationship with Tom Healy, and his availability in this lawsuit, as the Court would have preferred.

The undersigned is persuaded that Healy's deposition testimony is relevant and proportional to the needs of this case and that he should appear for a deposition as soon as possible. Plaintiff is directed to provide Defendant with complete contact information for Healy and to provide all reasonable assistance to locate and arrange for Tom Healy to appear for a deposition in this matter. Discovery shall remain open for the purpose of this deposition, only, unless otherwise stipulated by the parties or ordered by the Court.

**2. Plaintiff's 2018-2019 Communication with Publishers and Internal Communications**

Defendant also seeks the production of 2018-2019 communications with other publishers, including a French publisher, from whom Plaintiff claims to have recently obtained rights to eight (8) books at issue in this case. Plaintiff suggests that it has provided all responsive and discoverable information in its possession.

The undersigned directs that Plaintiff's counsel confer with Plaintiff and ensure that all relevant, non-privileged information responsive to this request has been provided or make appropriate supplementations by **March 5, 2019**.

**3. "Wiped" ESI**

Plaintiff first contends that Defendant has refused to restore or produce certain electronically stored information ("ESI") that it "wiped" from its computer/servers in 2014, at least

3

two (2) years before this litigation began. Plaintiff seeks sanctions based on Defendant's alleged failure to preserve the ESI and/or to take reasonable steps to recover it.

The undersigned finds that Plaintiff's request for sanctions is beyond the scope of this discovery dispute resolution process and is likely untimely. As such, the Court will respectfully decline Plaintiff's request for relief at this time. This denial is without prejudice to Plaintiff filing a motion, if appropriate.

**4. Requests for Admission**

Next, Plaintiff presents an argument that Defendant is maintaining inconsistent defenses and presuming facts incompatible with its denial of Request for Admission ("RFA") No. 1. Plaintiff contends that Defendant should be estopped from maintaining any defense that is inconsistent with its first denial, and therefore, the Court should be deem RFA Nos. 2-5; 8-10 as admitted.

Again, the undersigned finds that Plaintiff's request is well beyond the scope of the discovery dispute resolution process identified in the "Amended Case Management Order." See (Document No. 88, pp. 3-4). It does not appear that this is even a discovery dispute. As such the undersigned will respectfully decline the requested relief, without prejudice to Plaintiff seeking such relief in an appropriate motion.

**5. Production of Documents**

Based on the undersigned's conversation with the parties during the telephone conference, it seems that what Plaintiff seeks in its next request is the production of information primarily related to advertising in one or more books at issue in this case. If correctly understood, Plaintiff is seeking document production addressing additional sales of books or other materials by Defendant that might have resulted from advertisements in the underlying disputed publications.

At this time, the undersigned is not persuaded that the information Plaintiff seeks is relevant and proportional, or that the request has been timely raised. The undersigned will also deny this request without prejudice. After the completion of imminent depositions and mediation, Plaintiff may file a motion more fully explaining the information it seeks and the legal basis for its request(s).

**6. Documents Withheld In Anticipation of Litigation**

Finally, Plaintiff seeks the production of all emails from J. Conor Gallagher, Defendant's publisher and associate general counsel. Plaintiff suggests that Mr. Gallagher has been inconsistent in explaining the withholding of certain documents.

The undersigned understands the confusion around this issue, but is not persuaded that there is non-privileged information that must be produced.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the parties shall proceed with completing discovery and mediation in good faith, and in accordance with the Local Rules, the "Amended Case Management Order," the Federal Rules of Civil Procedure, and the directions provided herein.

**SO ORDERED**.

Signed: February 26, 2019

David C. Keesler
United States Magistrate Judge